UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| AGUDAS CHASIDEI CHABAD OF UNITED STATES,<br><br>Plaintiff,<br><br>vs.<br><br>RUSSIAN FEDERATION; RUSSIAN MINISTRY OF CULTURE AND MASS COMMUNICATION; RUSSIAN STATE LIBRARY; and RUSSIAN STATE MILITARY ARCHIVE,<br><br>Defendants. | CASE NO. 1:05-CV-01548-RCL |

**STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b), OR, IN THE ALTERNATIVE, CERTIFYING AN IMMEDIATE APPEAL PURSUANT TO 28 U.S.C. SECTION 1292(b)**

**TABLE OF CONTENTS**

|  | | **Page** |

INTRODUCTION ........................................................................................................................... 1

STATEMENT OF FACTS ............................................................................................................. 2

ARGUMENT .................................................................................................................................. 4

I. THIS COURT SHOULD ENTER AN ORDER PURSUANT TO RULE 54(B) ............................................................................................................................ 4

    A. This Court Has the Authority and Obligation To Determine the Immediate Appealability of Its Dismissal of the Plaintiff's Claim for the Library ............................................................................................. 4

    B. Plaintiff's Demand for Return of the Library Is a Separate Claim ............... 5

    C. This Court's Dismissal of the Claim for the Library is a Final Judgment ......................................................................................................... 6

    D. There Is No Just Reason for Delay in Appellate Review ............................. 6

    E. The Equities Favor Immediate Appellate Review ........................................ 8

II. ALTERNATIVELY, THIS COURT SHOULD CERTIFY AN INTERLOCUTORY APPEAL ............................................................................... 9

    A. When the Library Was Taken Is a "Controlling Question of Law." ............ 9

    B. Whether the Library Could Have Been Taken Again Is a "Controlling Question of Law." .................................................................. 10

    C. Whether the Fifth Rebbe or Chabad Owned the Library in 1920 Is a "Controlling Question of Law." .............................................................. 11

    D. Immediate Appeal from the Dismissal of the Library Claims Will Materially Advance the Ultimate Termination of the Litigation ............... 12

CONCLUSION ............................................................................................................................. 13

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Abur v. Republic of Sudan*
   437 F. Supp. 2d 166 (D.D.C. 2006) .......................................................................................... 9

*Agudas Chasidei Chabad v. Gourary*
   650 F. Supp. 1463 (E.D.N.Y. 1986), *aff'd*, 833 F.2d 431 (2d Cir. 1987) .............................. 11

*APCC Servs, Inc. v. Sprint Commc'ns Co.*
   297 F. Supp. 2d 90 (D.D.C. 2003) ...................................................................................... 9, 11

*Bldg. Indus. Ass'n of Super. Calif. v. Babbitt*
   161 F.3d 740 (D.C. Cir. 1998) ..................................................................................... 4, 5, 6, 8

*Braswell Shipyards, Inc. v. Beazer East, Inc*
   2 F.3d 1331 (4th Cir. 1993) ..................................................................................................... 7

*Credit Francais Int'l, S.A. v. Bio-Vita, Ltd.*
   78 F.3d 698 (1st Cir. 1996) ...................................................................................................... 7

*Curtiss-Wright Corp. v. Gen. Elec. Corp.*
   446 U.S. 1 (1980) ............................................................................................................ 6, 7, 8

*Dayton v. Czechoslovak Socialist Republic*
   672 F. Supp. 7 (D.D.C. 1986), *aff'd*, 834 F.2d 203 (D.C. Cir. 1987) ................................... 10

*Gold Seal Co. v. Weeks*
   209 F.2d 802 (D.C. Cir. 1954) ................................................................................................. 6

*Gottesman v. General Motors Corp.*
   401 F.2d 510 (2d Cir. 1968) ..................................................................................................... 5

*Haynesworth v. Miller*
   820 F.2d 1245 (D.C. Cir. 1987) ............................................................................................... 5

*Hill v. Henderson*
   195 F.3d 671 (D.C. Cir. 1999) ............................................................................................. 4, 7

*Hudson River Sloop Clearwater, Inc. v. Dept. of the Navy*
   891 F.2d 414 (2d Cir. 1989) ................................................................................................ 5, 7

*Interstate Power Co. v. Kansas City Power & Light Co.*
   992 F.2d 804 (8th Cir. 1993) ................................................................................................... 8

*Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan*
   115 F.3d 1020 (D.C. Cir. 1997) ............................................................................................... 3

*McKesson Corp. v. Islamic Republic of Iran*
   No. Civ. A. 82-220 TAF, 1997 WL 361177, at *1 (D.D.C. June 23, 1997) .......................... 11

*Petties v. District of Columbia*
   227 F.3d 469 (D.C Cir. 2000) .................................................................................................. 4

*Rieser v. Baltimore & Ohio R.R. Co.*
   224 F.2d 198 (2d Cir. 1955), *cert. denied*, 350 U.S. 1006 (1956) .......................................... 6

*Sears, Roebuck & Co. v. Mackey*
   351 U.S. 427 (1956) ............................................................................................................ 4, 5

## TABLE OF AUTHORITIES
*(continued)*

**Page**

*Sokaogon Gaming Enter. Corp v. Tushie-Montgomery Assocs., Inc.*
   86 F. 3d 656 (7th Cir. 1996) ................................................................................. 10

*Taylor v. F.D.I.C.*
   132 F.3d 753 (D.C. Cir. 1997) .................................................................................4

*Tolson v. United States*
   732 F.2d 998 (D.C. Cir. 1984) .................................................................................6

*Tubos de Acero de Mexico, S.A. v. American Int'l Inv. Corp.*
   292 F.3d 471 (5th Cir. 2002) ...................................................................................5

*Walsh v. Ford Motor Co.*
   807 F.2d 1000 (D.C. Cir. 1986) ...............................................................................9

### FEDERAL STATUTES

22 U.S.C. § 2370(e)(2) ....................................................................................................9

28 U.S.C. § 1291 ..................................................................................................... 4, 12

28 U.S.C. § 1605(a)(3) ...................................................................................................2

28 U.S.C. §1292(b) ......................................................................................... 2, 4, 9, 13

Fed. R. Civ. P. 1..............................................................................................................1

Fed. R. Civ. P. 54(b) ................................................................... 1, 4, 5, 6, 8, 9, 12, 13

### OTHER AUTHORITIES

10 Wright, Miller & Kane, Federal Practice and Procedure § 2657 at p. 73
   (1998) .........................................................................................................................6

## INTRODUCTION

Plaintiff Agudas Chasidei Chabad of United States (hereinafter "Chabad") moves this Court for an order entering final judgment of dismissal pursuant to Rule 54(b) of the Federal Rules of Civil Procedure as to all of Chabad's claims regarding the "Library" that were dismissed in this Court's Order and Memorandum Opinion of December 4, 2006. *Agudas Chasidei Chabad of U.S. v. Russian Federation*, 2006 WL 3476236, at *20 (D.D.C. Dec. 4, 2006) (hereinafter "*Opinion*"). A Rule 54(b) Order will enable Chabad to appeal the Court's dismissal of the claims regarding the Library at the same time as the Defendants will, in all likelihood, be appealing the denial of their motion to dismiss the claims regarding the "Archive," thereby eliminating the prospect of piecemeal appeals at different junctures of this litigation and best serving the policy of securing a final resolution of all the claims raised by the complaint in the most just, speedy, and inexpensive manner possible. This Court has authority to enter final judgment as to its dismissal order under Rule 54(b), Fed. R. Civ. P., which states that "the court may direct the entry of a final judgment as to one or more but fewer than all of the claims of parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Chabad's demand for the return of the Library is, as this Court has recognized in its *Opinion,* a distinct "claim for relief." No just reason exists for delay in appellate review of this Court's dismissal of that claim for relief. To the contrary, an entry of final judgment as to the dismissed claims will best serve the overarching policy of the Federal Rules to secure "the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1.

Alternatively, if this Court has any doubt regarding the applicability of Rule 54(b)

to the dismissal of Chabad's demand for return of the Library, Chabad moves for an order certifying that an immediate interlocutory appeal of the dismissal of Chabad's claims concerning the Library is warranted pursuant to 28 U.S.C. § 1292(b). The Court's *Opinion* rested on several conclusions regarding a "controlling question of law as to which there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b). Immediate review of these conclusions would "materially advance the ultimate termination of the litigation." *Id.*

## STATEMENT OF FACTS

On November 9, 2004, Chabad commenced this action in the United States District Court for the Central District of California against the Russian Federation, Russian Ministry of Culture and Mass Communication, Russian State Library, and Russian State Military Archive. Chabad alleged that Defendants had violated international law by illegally confiscating and withholding a valued collection of Jewish religious books and manuscripts, a collection that Chabad claims to have rightfully owned at the time of confiscation and to rightfully own today. *See* 28 U.S.C. § 1605(a)(3). Chabad's lawsuit seeks declaratory and injunctive relief mandating the return of the collection and damages incurred because of Defendants' violation of international law.

Chabad's complaint alleges that the "Collection" consists of two parts: (1) A "Library" that was established, maintained and augmented by the first five Chabad Rebbes dating back to 1772, and that contains over 12,000 books and 381 manuscripts. *See* Compl. ¶ 11(a). (2) An "Archive" consisting of more than 25,000 handwritten pages that is the historical repository of, among other things, the handwritten teachings of a succession of Chabad Rebbes, including their correspondence and records. *See* Compl. ¶ 11(b).

On May 2, 2005, Defendants moved to transfer venue and dismiss all claims for lack of jurisdiction under the Foreign Sovereign Immunities Act ("FSIA"), under the Act of State doctrine and under the doctrine of *forum non conveniens*. Venue over the case was transferred to this Court on July 29, 2005. After requesting and obtaining supplemental briefs, this Court heard oral argument on August 30, 2006. On December 4, 2006, the Court entered an Order and Memorandum Opinion that granted in part and denied in part Defendants' motion to dismiss. The Court concluded that "two distinct sets of property" are at issue in this case. *Opinion*, 2006 WL 3476236, at *2. It further determined that because "the Library and the Archive came into the Defendants' possession at different times and by different means, the history of the Library and the Archive needed to be analyzed separately to determine whether the criteria for an unlawful confiscation are satisfied with regard to each." *Opinion* at *6.

With respect to the Library, the Court found that it had been seized in or around 1920, when the Soviet government took possession of it, sealed it, and moved it to a state facility. The Court fixed the date of the taking of the Library either by those events or by the closely following events occurring, at the latest, in 1921, when, in unclear circumstances, the Sixth Rebbe had the opportunity to retrieve the Library, but could not afford the payment demanded. *Opinion* at *8. With respect to the Archive, the Court concluded that "[e]ither Nazi Germany's taking of the Archive or its taking by the Soviet Army in Poland in 1945 constitutes a taking in violation of international law." *Opinion* at *9.

Based on these premises, the Court dismissed Chabad's claims regarding the Library but refused to dismiss claims regarding the Archive. *Opinion* at *20. An appeal from a *denial* of a motion to dismiss a complaint on the ground of sovereign immunity under the FSIA may be brought on an interlocutory basis as a collateral order. *See Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan*, 115 F.3d 1020, 1025 (D.C. Cir. 1997). Although dismissal of a claim under the FSIA on grounds of foreign sovereign immunity

3

or on grounds of Act of State is final in its own right because it terminates the litigation on the dismissed claims, such an order of dismissal may not be immediately appealable under 28 U.S.C. § 1291 if there are other claims for relief in the complaint that are not dismissed. Immediate appeal is available in such circumstances if the District Court enters an order under Rule 54(b) or if an interlocutory appeal is certified under 28 U.S.C. § 1292(b).

## ARGUMENT

### I.

### THIS COURT SHOULD ENTER AN ORDER PURSUANT TO RULE 54(B)

**A.   This Court Has the Authority and Obligation To Determine the Immediate Appealability of Its Dismissal of the Plaintiff's Claim for the Library.**

Federal Rule of Civil Procedure 54(b) empowers a District Court in a case with multiple claims to "direct the entry of a final judgment as to one or more but fewer than all of the claims . . . upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed. R. Civ. P. 54(b). The purpose of Rule 54(b) is to give a District Court discretion to "mediate[ ] between the sometimes antagonistic goals of avoiding piecemeal appeals and giving parties timely justice." *Taylor v. F.D.I.C.*, 132 F.3d 753, 760 (D.C. Cir. 1997).

Whether a dismissal qualifies for Rule 54(b) certification is a decision that is assigned to the discretion of the trial judge, who is "most likely to be familiar with the case and with any justifiable reasons for delay." *Bldg. Indus. Ass'n of Super. Calif. v. Babbitt*, 161 F.3d 740, 743 (D.C. Cir. 1998) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956)). Under the Rule, "the district court [functions] as a dispatcher, determining in its sound discretion when a claim should proceed on to appellate resolution and when it should await its fellows." *Petties v. District of Columbia*, 227 F.3d 469, 472 (D.C Cir. 2000) (internal quotations omitted); *see also Hill v. Henderson*, 195 F.3d 671, 672 (D.C. Cir. 1999) (describing Rule 54(b) as an "escape hatch" permitting a

4

partial disposition to become a final judgment).

The District Court must explicitly state certain determinations on the record before the appellate court can acquire jurisdiction. *Bldg. Indus. Ass'n, supra,* 161 F.3d at 743; *see also Haynesworth v. Miller,* 820 F.2d 1245, 1253 (D.C. Cir. 1987) (noting that a District Court's "[f]ailure to take the steps specified in Rule 54(b) is more than a mere technicality; without compliance, a federal court of appeals lacks jurisdiction to entertain challenges to the order").

**B.    Plaintiff's Demand for Return of the Library Is a Separate Claim.**

In its decision of December 4, 2006, this Court held that the Library and the Archive are "two distinct sets of property" that "came into defendants' possession at different times and by different means." *Opinion* at *2, *6. Consequently, regardless of whether the "two sets of property" were specified in separate claims of the complaint or whether the request for their return was combined, dismissal of the claim regarding the Library satisfies the standard of Rule 54(b). *Gottesman v. General Motors Corp.,* 401 F.2d 510, 512 (2d Cir. 1968) ("Different exhibits, proof and witnesses will be necessary; different sets of operative facts will determine the result. Therefore, Rule 54(b) is applicable; the judgment is final and appealable."); *Hudson River Sloop Clearwater, Inc. v. Dept. of the Navy,* 891 F.2d 414, 418 (2d Cir. 1989) ("When the certified claims are based upon factual and legal questions that are distinct from those questions remaining before the trial court the certified claims may be considered separate claims under Rule 54(b)."); *Tubos de Acero de Mexico, S.A. v. American Int'l Inv. Corp.,* 292 F.3d 471, 485-486 (5th Cir. 2002).

The standard approved by a leading treatise on Federal Civil Procedure after the Supreme Court's decision in *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427 (1956), was stated as follows: "The ultimate determination of multiplicity of claims must rest in every case on whether the underlying factual bases for recovery state a number of different claims which could have been separately enforced." 10 Wright, Miller & Kane, Federal

Practice and Procedure § 2657 at p. 73 (1998) (quoting from *Rieser v. Baltimore & Ohio R.R. Co.*, 224 F.2d 198, 199 (2d Cir. 1955), *cert. denied*, 350 U.S. 1006 (1956)). In other words, claims are separate for purposes of Rule 54(b) if a decision on one would not foreclose a claim on the other on grounds of *res judicata*. That is the rule explicitly approved by the District of Columbia Circuit. *See Tolson v. United States*, 732 F.2d 998, 1002 (D.C. Cir. 1984); *Gold Seal Co. v. Weeks*, 209 F.2d 802, 809-810 (D.C. Cir. 1954).

In this case there can be no doubt that Chabad would not have improperly split a single claim had it initiated separate lawsuits for return of the Library and recovery of the Archive. Each taking by one or more of the Defendants (or their predecessors in interest) involved different facts and varying legal theories. Although combination of claims by Chabad for both "sets of property" is plainly permissible under the Federal Rules of Civil Procedure, each is a "separate claim" for purposes of Rule 54(b).

C.  **This Court's Dismissal of the Claim for the Library is a Final Judgment.**

Rule 54(b) requires that a certified judgment be "final" in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action," and "a 'judgment' in the sense that it determines a claim for relief." *Bldg. Indus. Ass'n*, *supra*, 161 F.3d at 744 (quoting *Curtiss-Wright Corp. v. Gen. Elec. Corp.* 446 U.S. 1, 7 (1980). As this Court concluded, the Library and the Archive are "two distinct sets of property" that "came into defendants' possession at different times and by different means." *Opinion*, at *2, *6. Dismissal of the claims relating to the Library (but not those relating to the Archive) amounts to an "ultimate disposition" of the Library claims that unquestionably is a final adjudication of Chabad's desired relief (i.e., return of the Library and damages due to its unlawful confiscation and retention). *Bldg. Indus Ass'n*, *supra*, 161 F.3d at 744.

D.  **There Is No Just Reason for Delay in Appellate Review.**

Rule 54(b) requires a District Court to state explicitly (and explain) whether there is any just reason for delay, keeping in mind that "[n]ot all final judgments on individual

6

claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Id.* (quoting *Curtiss-Wright Corp., supra*, 446 U.S. at 8). Under this criterion, the Court "must take into account judicial administrative interests," including, in addition to the separability of the claims dismissed and those remaining to be adjudicated, "whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.* (quoting *Curtiss-Wright Corp., supra*, 446 U.S. at 8); *see also Hill, supra*, 195 F.3d at 672 (noting that when review is deferred, "it is less likely that the appellate court will face overlapping issues and circumstances on two occasions").

Permitting an appeal of Chabad's Library claims presents no risk of overlap with respect to future adjudication of the Archive claims, either as to the issues raised or as to the facts in question. *See, e.g., Hudson River Sloop Clearwater, Inc., supra*, 891 F.2d at 418; *Braswell Shipyards, Inc. v. Beazer East, Inc.*, 2 F.3d 1331, 1337 (4th Cir. 1993). Indeed, if, as expected, Defendants notice an FSIA interlocutory appeal from this Court's Archive Order, permitting the Library Order to be resolved contemporaneously by the Court of Appeals serves judicial economy and removes the specter of possible inconsistent views in that Court regarding two distinct parts of the Collection.

Moreover, granting Chabad's instant motion will permit the Court of Appeals to determine whether all claims or only one claim raised in Chabad's complaint should be tried in this Court. This promises to save the Court and the parties the prospect of additional expense, time and inconvenience due to piecemeal litigation and avoid the need for renewed litigation at some later date if the Court of Appeals were, after a final judgment on the Archive claim, to reverse this Court's decision regarding the Library. Nor would appellate review now of the Court's Library ruling in any respect moot the Court's separate ruling as to the Archive. *See Credit Francais Int'l, S.A. v. Bio-Vita, Ltd.*, 78 F.3d 698, 706-708 (1st Cir. 1996); *Interstate Power Co. v. Kansas City Power &*

7

*Light Co.*, 992 F.2d 804, 807 (8th Cir. 1993) (Court of Appeals would not review separate judgment that might be mooted by decision on remaining issues because it might be rendering nothing but advisory opinion). There is, therefore, no just reason for delaying entry of a finality order under Rule 54(b) as to the Library claims so as to permit Chabad to take an appeal now from the dismissal of those claims.

E.    **The Equities Favor Immediate Appellate Review.**

This conclusion is further reinforced upon a factoring of the equities. It is well recognized that, in weighing a motion for a Rule 54(b) finality order, the District Court has a responsibility to consider the equities involved. *Bldg. Indus. Ass'n, supra*, 161 F.3d at 744 (citing *Curtiss-Wright Corp., supra*, 466 U.S. at 8). In this connection, the Supreme Court emphasized in *Curtiss-Wright Corp.* that "because the number of possible situations is large, we are reluctant either to fix or sanction narrow guidelines for the district court to follow." 446 U.S. at 10-11.

In this case, the balance of equities weighs heavily in favor of permitting Chabad to pursue an early appeal of its Library claims. Defendants can make no reasonable claim of prejudice, particularly if, as expected, they choose to notice an interlocutory appeal of the Archive claims. Any possible delay and expense that might attend an immediate appeal of the Library claim pales in comparison to the extended delay and expense confronting Chabad should it later be faced with a delayed appeal following adjudication of the Archive claims and perhaps yet another round of litigation in this Court (if the appeals court were to ultimately disagree with this Court's Library ruling). Delay of the appellate resolution of the Library claim works to Defendants' distinct advantage by perpetuating their wrongful possession of Chabad's property. Chabad, on the other hand, is severely prejudiced by delays that prolong interminably the return of the sacred, irreplaceable writings that embody the cultural and religious heritage of Chabad's religious followers. A balance of the equities thus strongly favors entry of the requested finality order as to the Library claims so as to permit appellate consideration now of the

Court's dismissal order.

## II.

## ALTERNATIVELY, THIS COURT SHOULD CERTIFY AN INTERLOCUTORY APPEAL

If this Court entertains some doubt as to whether a Rule 54(b) order is permissible or appropriate in these circumstances, it should exercise its discretion to certify an interlocutory appeal regarding the dismissal of the Library claims under 28 U.S.C. § 1292(b). *See Abur v. Republic of Sudan*, 437 F. Supp. 2d 166, 169-70 (D.D.C. 2006). Section 1292(b) permits the District Court in its discretion to certify an interlocutory appeal from non-final decisions where the order in question involves "a controlling question of law" as to which there is "a substantial difference of opinion," and an immediate appeal "may materially advance the ultimate termination of the litigation." *See Walsh v. Ford Motor Co.*, 807 F.2d 1000, 1002 n.2 (D.C. Cir. 1986). "The party seeking interlocutory review has the burden of persuading the Court that the circumstances justify a departure from the basic policy of postponing appellate review until after entry of a final judgment." *APCC Servs, Inc. v. Sprint Commc'ns Co.*, 297 F. Supp. 2d 90, 95 (D.D.C. 2003).

### A. When the Library Was Taken Is a "Controlling Question of Law."

This Court's determination that the initial seizure of the Library by Defendants was the only cognizable "taking" under the FSIA so that no importance would or could attach as a matter of law to Defendants' subsequent, multiple takings of the same property (*Opinion* at *6-*8) is certainly a "controlling question of law" because it controls not only whether the FSIA's expropriation exception applies to the Library claims but also has a direct bearing on whether the exception to the Act of State doctrine under the Second Hickenlooper Amendment (22 U.S.C. § 2370(e)(2)) applies to those claims. "A question of law may be deemed 'controlling' if its resolution is quite clearly

9

to affect the further course of the litigation, even if not certain to do so." *Sokaogon Gaming Enter. Corp v. Tushie-Montgomery Assocs.*, Inc., 86 F. 3d 656, 659 (7th Cir. 1996). If this Court has erred in discounting, for purposes of the FSIA, the later multiple takings by Defendants -- some of which admittedly occurred well after Chabad had established its worldwide headquarters in Brooklyn, New York, in 1940, and also subsequent to the Hickenlooper cut-off date of 1959 -- the Library claims would undoubtedly qualify as an expropriation by Defendants of property belonging to non-Russian citizens in violation of international law. Such a judgment on this "controlling question of law" would require continuation, not dismissal, of the Library claims under the FSIA and the Second Hickenlooper Amendment. For example, the Russian State Library's incitement of an anti-Semitic mob and refusal to surrender the Library to Chabad following the 1991 ruling from the State Arbitration Court in Chabad's favor and after promises by Soviet leaders to return the Library to Chabad constituted a discrete "taking" which was contrary to official government directives and violated international law.

B. **Whether the Library Could Have Been Taken Again Is a "Controlling Question of Law."**

There is, as well, "substantial ground for difference of opinion" as to whether, as a matter of law, subsequent takings of the same property by the same defendants can be regarded separate and apart from the initial seizure, rather than disregarded altogether, for purposes of determining an application of the FSIA and the Second Hickenlooper Amendment. Other courts have reached a different conclusion than did this Court, and they have recognized that multiple takings of the same property by the same defendants do not escape the expropriation exception to the FSIA simply because they occur after an initial seizure. *See Dayton v. Czechoslovak Socialist Republic*, 672 F. Supp. 7, 9-10 (D.D.C. 1986), *aff'd*, 834 F.2d 203 (D.C. Cir. 1987); *see also McKesson Corp. v. Islamic Republic of Iran*, No. Civ. A. 82-220 TAF, 1997 WL 361177, at *1, *12 (D.D.C. June 23,

1997). Nor are they to be viewed as of no importance to the Act-of-State timing question introduced by the Second Hickenlooper Amendment. *Id.* To the contrary, these precedents affirm that each event or series of events constituting an unlawful taking of another's property stands on its own footing for purposes of determining whether the claim is cognizable in federal court under the FSIA and the Second Hickenlooper Amendment. As such, they are more than sufficient to satisfy Section 1292(b)'s requirement that there exists a substantial ground for difference of opinion as to a "controlling question of law," and, therefore, justify certification of an interlocutory appeal. *See APCC, supra,* 297 F. Supp. 2d at 98 (precedential decisions reaching contrary conclusions are generally regarded as sufficient to establish substantial ground for difference of opinion).

## C. Whether the Fifth Rebbe or Chabad Owned the Library in 1920 Is a "Controlling Question of Law."

A third "controlling question of law" that affects the ultimate outcome of Chabad's Library claims pertains to the ownership of the Library when it was seized in 1920. This Court's decision rested on its finding that the Fifth Rebbe was the owner of the Library at the time, and that it was taken by the Soviet government from a Soviet citizen. *Opinion* at *7-*8. There is, however, substantial evidence – some alluded to in the opinion of the United States District Court for the Eastern District of New York in *Agudas Chasidei Chabad v. Gourary,* 650 F. Supp. 1463, 1465-69 (E.D.N.Y. 1986), *aff'd,* 833 F.2d 431 (2d Cir. 1987) – that the Library collected by the Fifth Rebbe and his predecessors was always held by the Rebbes in custody for the world-wide Chabad movement. Indeed, Defendants did not present any evidence in support of their motion to dismiss to refute Chabad's allegations in its complaint that the Library has always been held in trust by the Rebbes for the benefit of the world-wide Chabad movement. *See* Compl. ¶¶ 1, 8, 10. Hence the Library, even if taken in 1920, was taken by the Soviet government from non-Soviet citizens and was subject, therefore, under the expropriation

exception to the FSIA to an action brought in the United States.

This Court's conclusion that property held by a religious leader for his world-wide religious community is to be treated as *personally* owned by the leader for purposes of determining whether a governmental taking is a taking of the property of the government's own citizen is an issue of law that may control Chabad's claim to the Library. An appellate court should decide at this early juncture whether such property should be treated, for purposes of exemption from foreign sovereign immunity, as property owned by non-citizens of the country that has confiscated the property.

### D. Immediate Appeal from the Dismissal of the Library Claims Will Materially Advance the Ultimate Termination of the Litigation.

The policy and equity considerations discussed previously with regard to entry of a final judgment under Rule 54(b) (see discussion at pp. 8-11, *supra*), apply equally to a Section 1292(b) interlocutory appeal. Substantial delay and expense would be avoided in resolving Chabad's claims if the Court permits an immediate appeal of its dismissal of the Library claims.

Moreover, it is apparent that the total litigation will terminate sooner if an immediate appeal is permitted. If, as expected, the Defendants appeal this Court's ruling relating to the Archive, discovery and trial on that aspect of the case may be delayed pending the outcome of that appeal. If the Court of Appeals affirms the decision regarding the Archive and no immediate appeal resolves the issues relating to the Library, discovery and trial on the Library aspect of this case will be delayed until after the Archive claim is fully tried and resolved and an appeal may then be taken regarding the Library under 28 U.S.C. § 1291. In that case, a reversal by the Court of Appeals of this Court's Library ruling will require further discovery and another trial, thus delaying ultimate resolution of the claims made in the complaint by at least one year. If, on the other hand, an immediate appeal is permitted, reversal of this Court's ruling will permit simultaneous discovery and trial of all claims in the complaint, thereby "materially

12

advanc[ing] the ultimate termination of the litigation" within the meaning of 28 U.S.C. § 1292(b).

## CONCLUSION

For the foregoing reasons, Chabad respectfully requests that the Court direct the entry of a final judgment as to Chabad's Library claims pursuant to Rule 54(b), or, in the alternative, certify an interlocutory appeal of its ruling with respect to the Library claims pursuant to 28 U.S.C. § 1292(b).

DATED: January 3, 2007            Respectfully submitted,

| ALSCHULER GROSSMAN LLP | LEWIN & LEWIN, LLP | HOWREY, LLP |
|---|---|---|
| By /S/ Marshall B. Grossman<br>Marshall B. Grossman<br>(*Pro Hac Vice*)<br>Seth M. Gerber<br>(*Pro Hac Vice*)<br>The Water Garden<br>1620 26th Street<br>Fourth Floor, North Tower<br>Santa Monica, CA 90404<br>Telephone: (310) 907-1000<br>Facsimile: (310) 907-2000<br>E-mails:<br>mgrossman@alschuler.com<br>sgerber@alschuler.com | By /S/ Nathan Lewin<br>Nathan Lewin<br>(D.C. Bar No. 38299)<br>Alyza D. Lewin<br>(D.C. Bar No. 445506)<br>1828 L Street NW, Suite 901<br>Washington, DC 20036<br>Telephone: (202) 828-1000<br>Facsimile: (202) 828-0909<br>E-mail: nat@lewinlewin.com<br>         alyza@lewinlewin.com | By /S/ Wm. Bradford Reynolds<br>Wm. Bradford Reynolds<br>(D.C. Bar No. 179010)<br>1299 Pennsylvania Ave NW<br>Washington, DC 20004<br>Tel: (202) 783-0800<br>Fax: (202) 383-6610<br>E-mail: reynoldsw@howrey.com |

Attorneys for Plaintiff Agudas Chasidei Chabad of United States