UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AGUDAS CHASIDEI CHABAD OF
UNITED STATES

        Plaintiff,

vs.

RUSSIAN FEDERATION, RUSSIAN
MINISTRY OF CULTURE AND MASS
COMMUNICATION, RUSSIAN STATE
LIBRARY, and RUSSIAN STATE
MILITARY ARCHIVE,

        Defendants.

CASE NO. 1:05-CV-01548-RCL

---

**STATEMENT OF POINTS AND AUTHORITIES BY
DEFENDANTS IN: (A) NON-OPPOSITION TO PLAINTIFF'S
MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO
FEDERAL RULES OF CIVIL PROCEDURE, RULE 54(b) AND (B)
OPPOSITION TO ORDER CERTIFYING AN IMMEDIATE
APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

---

Defendants Russian Federation, Russian Ministry Of Culture And Mass Communication, Russian State Library and Russian State Military Archive ("Defendants") submit the following statement of points and authorities in response to the motion of Plaintiff Agudas Chasidei Chabad of United States ("Chabad") for (A) entry of an order entering final judgment of dismissal pursuant to Rule 54(b) of the Federal Rules of Civil Procedure of all of Chabad's claims regarding the Library (the "Rule 54(b) motion") [No. 22] or, alternatively, (B) entry of an order certifying certain issues as to the Library for immediate interlocutory appeal pursuant to 28

U.S.C. 1292(b) (the "section 1292(b) motion") [No. 25]. As set forth below, Defendants agree that it is appropriate under Rule 54(b) for the Court to enter final judgment as to the Chabad's claims with respect to the Library and do not oppose the Rule 54(b) motion but disagree with and oppose the section 1292(b) motion.

I. **DISCUSSION**

    A. **Rule 54(b)'s Purpose of Avoiding Separate and Piecemeal Appeals As to Matters That Are Ostensibly Final Will Be Served By the Entry of Judgment As To Chabad's Claims As to The Library**

The Court's ruling dismissing Chabad's claims as to the Library (the "Library Claims") on grounds of sovereign immunity and act of state doctrine would be final but for the Court's denial of Defendants' motion to dismiss as to Chabad's claims as to the Archive (the "Archive Claims") and retention of jurisdiction over the Archive Claims. Defendants have, however, appealed Court's order and ruling as to the Archive Claims [No. 24] as a separate, final and appealable collateral order. *Kilburn v. Socialist People's Libyan Arab Jamahiriya*, 376 F.3d 1123, 1126 (D.C. Cir. 2004). The practical effect of Defendants' appeal as to the Archive Claims, coupled with the Court's disposition of the Library Claims, is to render the case effectively final for current purposes in this Court. Thus, the entry of judgment pursuant to Rule 54(b) as to the Library Claims, thereby permitting Chabad to appeal as to the Library Claims, rather than allowing of piecemeal appeals, will allow for a more orderly disposition of this matter on appeal.

    B. **A Certification of Discrete Issues As to the Library Claim For Immediate Interlocutory Appeal Under 28 U.S.C. § 1292(b) Would Be Inappropriate Under The Circumstances Of This Case**

In the event the Court grants the Rule 54(b) motion, consideration of the section 1292(b) motion is unnecessary. As District of Columbia noted in a case involving issues of quasi-judicial immunity, "Application of Rule 54(b) [as opposed to certification under 28 U.S.C. § 1292(b)] is

particularly appropriate when defendants are dismissed on the basis of immunity." *Fantasia v. Office of the Receiver of the Commission on Mental Health Service,* Civ. A. No. 01-1079 LFO, 2002 U.S. Dist. LEXIS 27609 at *6 (D.D.C. March 11, 2002). *See also Sass v. District of Columbia,* 316 F.2d 366, 368 (D.C. Cir. 1963) (noting that "the better practice is to make application under Rule 54(b)" in a sovereign immunity case).

In any event, whether the Court grants or denies the Rule 54(b) motion, the Court should deny Chabad's section 1292(b) motion for several reasons. The issues of when and from whom the Library was taken are largely fact dependent and, accordingly, inappropriate for certification under section 1292(b). *See, e.g., Keystone Tobacco Co., Inc. v. U.S. Tobacco Co.,* 217 F.R.D. 235, 239 (D.D.C. 2003) (denying certification where review at the underlying legal question when crux of issue is fact dependent). Moreover, Chabad has failed to show that there are substantial grounds for difference on these issues. To the contrary, if anything, *Agudas Chasidei Chabad v. Gouravy,* 650 F.Supp. 1463 (E.D. N.Y. 1986), relied on by Chabad, indicates there are not. *Id.* at 1466 ("The large library of the Fifth Rebbe, described above by Hanna Gourary and inherited by Rabbi Joseph Isaac Schneersohn [the Sixth Rebbe], was confiscated by the communist government in the Soviet Union"). Finally, an interlocutory appeal limited to the issues Chabad asks the Court to certify under 28 U.S.C. § 1292(b) will not serve the goal of avoiding piecemeal appeals, as it will leave undecided, among other things, this Court's application of the Act of State Doctrine to the Library Claims.

## II. **CONCLUSION**

For all of the foregoing reasons, Defendants submit that the Court may properly grant Plaintiff's Rule 54(b) motion but should deny Plaintiff's section 1292(b) motion.

Dated: January 16, 2007                    Respectfully submitted,


_____
Donald T. Bucklin (DC Bar No. 1628)
Squire, Sanders & Dempsey L.L.P.
1201 Pennsylvania Avenue, N.W.
P.O. 407
Washington, D.C. 20044-0407
Telephone No.: (202) 626-6600
Facsimile No.: (202) 626-6780
E-mail: dbucklin@ssd.com


_____
James H. Broderick, Jr. (Pro Hac Vice)
Don A. Proudfoot, Jr. (Pro Hac Vice)
Lan T. Quach (Pro Hac Vice)
Squire, Sanders & Dempsey L.L.P.
555 South Flower Street, 31st Floor
Los Angeles, CA 90071-2300
Telephone No.: (213) 624.2500
Facsimile No.: (213) 623.4581
E-mail: jbroderick@ssd.com

Attorneys for Defendants
Russian Federation, Russian Ministry of
Culture and Mass Communication,
Russian State Library, and Russian State
Military Archive

## PROOF OF SERVICE

The undersigned certifies and declares as follows:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 South Flower Street, Suite 3100, Los Angeles, California 90071-2300.

On January 16, 2007, the foregoing document described as:

**STATEMENT OF POINTS AND AUTHORITIES BY DEFENDANTS IN: (A) NON-OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 54(b) AND (B) OPPOSITION TO ORDER CERTIFYING AN IMMEDIATE APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

were served on:

| | |
|---|---|
| Marshall B. Grossman (*Pro Hac Vice*) | Nathan Lewin |
| Seth M. Gerber (*Pro Hac Vice*) | Alyza D. Lewin |
| ALSCHULER GROSSMAN LLP | LEWIN & LEWIN, LLP |
| The Water Garden | 1828 L Street NW, Suite 901 |
| 1620 26th Street | Washington, DC 20036 |
| Fourth Floor, North Tower | Facsimile: (202) 828-0909 |
| Santa Monica, CA 90404-4060 | nat@lewinlewin.com |
| Facsimile: (310) 907-2000 | alyza@lewinlewin.com |
| mgrossman@alschuler.com | |
| sgerber@alschuler.com | |

Wm. Bradford Reynolds
HOWREY, LLP
1299 Pennsylvania Ave NW
Washington, DC 20004
Facsimile: (202) 383-6610
reynoldsw@howrey.com

☒ By U.S. Mail, According to Normal Business Practice. On this date, I sealed the above document(s) in an envelope addressed to the above, and I placed that sealed envelope for collection and mailing following ordinary business practices, for deposit with the U.S. Postal Service. I am readily familiar with the business practice at my place of business for the collection and processing of co`rrespondence for mailing with the U.S. Postal Service. Correspondence so collected and processed is deposited the U.S. Postal Service the same day in the ordinary course of business, postage fully prepaid.

☐ By personal delivery by Beverly Hills Express Attorney Services of the document(s) listed above to the person(s) at the address(es) set forth above.

☒ By Facsimile. On this date, I transmitted the above-mentioned document(s) by facsimile transmission machine to the parties and facsimile number set forth above.

☐ By Federal Express Service Carrier. On this date, I sealed the above document(s) in an envelope or package designated by Federal Express, an express service carrier, addressed to the above, and I deposited that sealed envelope or package in a box or other facility regularly maintained by the express service carrier, or delivered that envelope to an authorized courier or driver authorized by the express service carrier to receive documents, located in Los Angeles, California with delivery fees paid or otherwise provided for.

I certify and declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 16, 2007, Los Angeles, California.

_____
Vic Ten

LOSANGELES/224726.2