UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **AGUDAS CHASIDEI CHABAD OF UNITED STATES,**<br><br>*Plaintiff*,<br><br>v.<br><br>**RUSSIAN FEDERATION; RUSSIAN MINISTRY OF CULTURE AND MASS COMMUNICATION; RUSSIAN STATE LIBRARY; and RUSSIAN STATE MILITARY ARCHIVE,**<br><br>*Defendants*. | CASE NO, 1:05-CV-01548-RCL |

## ANSWER

On December 2, 2008, the Court amended the Scheduling Order to require Defendants Russian Federation, Russian Ministry of Culture and Mass Communication ("RMCMC"), Russian State Library ("RSL") and Russian State Military Archive ("RSMA") (collectively, "Defendants") to file an Answer to the Complaint filed by Plaintiff Agudas Chasidei Chabad of United States ("Plaintiff" or "Chabad") by December 11, 2008.  [D.E. # 35.]

Defendants have not provided counsel with specific instructions concerning the substance of the Answer.  Counsel files this Answer to protect the Defendants' (counsel's current clients) interests, and to meet the deadline for filing an answer set by the Court without prejudice to Defendants' position on sovereign immunity and the jurisdiction of this Court over the claims in this action.  While the Defendants have not provided instructions with respect to this Answer, the responses to the allegations of the Complaint are based on information Defendants previously provided to counsel.  This Answer may require amendment upon instruction from the Defendants.

**PARTIES TO THE ACTION**

1.      Defendants admit the allegations in the first, third and fourth sentences of paragraph 1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second, fifth, sixth and seventh sentences of paragraph 1, and on that basis deny those allegations.

2.      Defendants admit the allegations in the first sentence of paragraph 2. Defendants admit that the Russian Federation is the "continuing state" of the former Union of Soviet Socialist Republics ("USSR"), and deny the remaining allegations in the second sentence of paragraph 2. Defendants admit the allegations in the third, fourth, fifth and sixth sentences of paragraph 2. Defendants admit that the Russian Federation has websites located at www.gov.ru and www.russianembassy.org, and deny the remaining allegations in the seventh sentence of paragraph 2.

3.      Defendants admit the allegations of paragraph 3.

4.      Defendants denies the allegation in the first sentence of paragraph 4 to the effect that the RSL is an agency and instrumentality of the Russian Federation and alleges that the RSL's core functions are governmental such that the RSL is an integral part of the government of the Russian Federation and may not be sued herein simply as an agency or instrumentality of the Russian Federation. Defendants the allegations in the second sentence of paragraph 4. Defendants admit that the RSL is located in Moscow, Russia, and deny the remaining allegations in the third sentence of paragraph 4.

5.      Defendants deny the allegations in the first sentence of paragraph 5 to the effect that the RSMA is an agency and instrumentality of the Russian Federation and further allege that the RSMA's core functions are governmental such that the RSMA is an integral part of the

government of the Russian Federation and may not be sued herein simply as an agency or instrumentality of the Russian Federation.  Defendants admit the allegations in the second sentence of paragraph 5.  Defendants admit that the RSMA is located in Moscow, Russia and has a website located at www.rusarchives.ru/federal/rgva, and deny the remaining allegations in the third sentence of paragraph 5.

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6, and on that basis deny those allegations.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7, and on that basis deny those allegations.

## **BACKGROUND FACTS**

### **The Establishment of the Collection**

8. Defendants admit that Plaintiff states its purpose for filing the lawsuit in the first sentence of paragraph 8, but deny that Plaintiff is entitled to any relief on the basis of such allegations.  Defendants admit that Plaintiff purports to follow and teach the spiritual tenets and religious directives of Rabbi Israel Baal Shem Tov and seven successive generations of spiritual leaders referred to as Rebbes (or Rabbis), but deny the remaining allegations in the second sentence of paragraph 8.

9. Defendants admit that the religious writings at issue consist of a collection of rabbinic books, archives and manuscripts on Chassidic philosophy, Jewish religious law, prayer, and tradition, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 9, and on that basis deny those allegations.  Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations in the second sentence of paragraph 9, and on that basis deny those allegations.

10.   Defendants deny the allegations in the first sentence of paragraph 10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second, third and fourth sentences of paragraph 10, and on that basis deny those allegations. Defendants deny the allegations in the fifth sentence of paragraph 10.

11.   Defendants admit that the Collection, as defined by Plaintiff, consists of two parts:

    a.   Defendants admit the allegations in the first sentence of paragraph 11(a). Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 11(a), and on that basis deny those allegations. Defendants admit the allegations in the third sentence of paragraph 11(a). Defendants admit that the Library are presently in the physical possession of the RSL, but deny the remaining allegations in the fourth sentence of paragraph 11(a).

    b.   Defendants admit the allegations in the first sentence of paragraph 11(b). Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 11(b), and on that basis deny those allegations. Defendants admit that materials Plaintiff alleges to be a part of the Archive, as defined by Plaintiff, is presently in the physical possession of the RSMA, but deny the remaining allegations in the third sentence of paragraph 11(b). Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of paragraph 11(c), and on that basis deny those allegations.

12. Defendants admit the allegations in the first and second sentences of paragraph 12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 12, and on that basis deny those allegations.

## The Capture of the Collection

13. Defendants admit that Rabbi Shalom Dov Baer sent the Library to Moscow in 1915, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 13, and on that basis deny those allegations. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 13, and on that basis deny those allegations.

14. Defendants admit the allegations in the first sentence of paragraph 14. Defendants deny the allegations in the second sentence of paragraph 14.

15. Defendants admit that Plaintiff deems Rabbi Joseph Isaac Shneersohn to be the "Sixth Rebbe," and that the Sixth Rebbe maintained and augmented the Archive, as defined by Plaintiff, but deny the remaining allegations in the first sentence of paragraph 15. Defendants admit the allegations in the second sentence of paragraph 15. Defendants admit that the Sixth Rebbe was sentenced to death, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the third sentence of paragraph 15, and on that basis deny those allegations. Defendants admit that the Sixth Rebbe was permitted to leave the USSR in 1927, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the fourth sentence of paragraph 15, and on that basis deny those allegations. Defendants admit the allegations in the fifth and sixth sentences of paragraph 15. Defendants are without knowledge or information sufficient to form a belief as to the truth

of the allegations in the seventh sentence of paragraph 15, and on that basis deny those allegations.

16. Defendants admit the allegations of paragraph 16.

17. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 17, and on that basis deny those allegations. Defendants admit the allegations in the second and third sentences of paragraph 17.

18. Defendants admit the allegations of paragraph 18.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 19, and on that basis deny those allegations. Defendants admit the allegations in the second and third sentences of paragraph 19. Defendants admit that materials Plaintiff alleges to be a part of the Archive, as defined by Plaintiff, were included with materials transported by the Soviet Union after World War II and were and remain stored at the RSMA, but deny the remaining allegations in the third sentence of paragraph 19. Defendants deny the allegations in the fourth sentence of paragraph 19. Defendants admit the allegations in the fifth sentence of paragraph 19. Defendants deny the allegations in the sixth and seventh sentences of paragraph 19.

## Political Efforts to Secure the Return of the Library

20. Defendants admit that Plaintiff and others acting on its behalf have sought to transfer the Library to Plaintiff, but deny the remaining allegations in the first sentence of paragraph 20.

   a. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20(a), and on that basis deny those allegations.

      b.      Defendants admit the allegations of paragraph 20(b).

      c.      Defendants deny the allegations of paragraph 20(c).

      d.      Defendants admit the allegations of paragraph 20(d).

      e.      Defendants admit the allegations of paragraph 20(e) insofar as the alleged letter was sent. Except as so admitted, Defendants deny the allegations of paragraph 20(e).

      f.      Defendants admit the allegations of paragraph 20(f) insofar as the alleged letter was sent. Except as so admitted, Defendants deny the allegations of paragraph 20(f).

      g.      Defendants admit the allegations of paragraph 20(g).

### Efforts in the Russian Federation to Return the Collection

21.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21, and on that basis deny those allegations.

22.    Defendants deny the allegations of paragraph 22.

23.    Defendants admit that on or about September 26, 1991, a Russian entity known as the Religious Jewish Hasidic Lubavich Community ("Russian Chabad") petitioned the State Arbitration Tribunal, Russian Socialist Federative Soviet Republic, Case No. 350/13-H for an order directing the RSL, then known as the V.I. Lenin State Library, to transfer the Library to the Russian Chabad, but deny the remaining allegations of paragraph 23.

24.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24, and on that basis deny those allegations.

25.    Answering paragraph 25, Defendants admit that on or about October 8, 1991, a three member panel of the State Arbitration Tribunal of the Russian Socialist Federative Soviet Republic ("RSFSR") issued a decision finding that Russian Chabad had ownership rights to the

7

Library and ordered the Library transferred to Russian Chabad within one month, a decision that the RSL appealed.  Except as so admitted, Defendants deny the allegations of paragraph 25.

26. Defendants admit that they did not transfer the Library to Plaintiff, but deny the remaining allegations in the first sentence of paragraph 26.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 26, and on that basis deny those allegations.

27. Answering paragraph 27, Defendants admit that on or about November 18, 1991, the State Arbitration Court of the RSFSR held that the lower tribunal's conclusion that Russian Chabad had property rights in the Library was without merit and further held that the Library was important to Soviet Jews, and ordered the Library physically transferred to a newly formed Russian entity known as the Jewish National Library.  Except as so admitted, Defendants deny the allegations of paragraph 27.

28. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28, and on that basis deny those allegations.

29. Defendants admit that on January 29, 1992, the Deputy Chairman of the Russian Federation issued Regulation 157-r, which provided that the RSL was to deliver the Library, not to the Jewish National Library as ordered by the Arbitration State Court, but to the Maimonomid State Jewish Academy, a Russian state institution.  Except as so admitted, Defendants deny the allegations in the first sentence of paragraph 29.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second, third, fourth and fifth sentences of paragraph 29, and on that basis deny those allegations.  Defendants admit that the RSL did not transfer the Library to Plaintiff, but deny the remaining allegations in the sixth sentence of paragraph 29.

30. Answering paragraph 30, Defendants admit that on February 14, 1992, the Deputy Chairman reconsidered the decisions of the State Arbitration Court, on the basis of new factual evidence, to wit, that the Jewish National Library did not exist, found the prior decisions to be in excess of the jurisdiction of the State Arbitration Court and vacated those decisions.  Except as so admitted, Defendants deny the allegations of paragraph 30.

31. Defendants admit that the Supreme Soviet of the Russian Federation issued Decree No. 2377-1 Concerning the Russian State Library on February 19, 1992, which revoked Regulation 157-r and declared that the holdings of the RSL were a particularly valuable item of Russia's National Heritage, the safety, movement and use of which were to be ensured in accordance with the legislation of the Russian Federation and provisions of international law.  Except as so admitted, Defendants deny the allegations of paragraph 31.

32. Defendants admit the allegations of paragraph 32.

33. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33, and on that basis deny those allegations.

34. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34, and on that basis deny those allegations.

35. Defendants deny the allegations in the first sentence of paragraph 35.  Defendants admit the allegations in the second and third sentences of paragraph 35.

## **JURISDICTION AND VENUE**

36. Defendants deny the allegations in the first sentence of paragraph 36.  Defendants admit that this is an action against a foreign state, but deny the remaining allegations in the second sentence of paragraph 36.

37. Defendants deny the allegations of paragraph 37.

38. Defendants deny the allegations of the first sentence of paragraph 38. Defendants admit that the Library is in the physical possession of the RSL and admit that materials Plaintiff alleges constitute a part of the Archive are in the physical possession of the RSMA, but deny the remaining allegations in the second sentence of paragraph 38.

39. Defendants deny the allegations in the opening clause of paragraph 39.

   a. Defendants admit the allegations of paragraph 39(a)

   b. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39(b), and on that basis deny those allegations.

   c. Defendants admit the allegations in the first sentence of paragraph 39(c). Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 39(c), and on that basis deny those allegations.

   d. Defendants deny that the RMCMC has received commercial benefit from activities of the sort alleged in paragraph 39(d) to have taken place in Los Angeles, California, and are without knowledge or information sufficient to form a belief as to the truth of the specific activities alleged, and on that basis deny those allegations.

   e. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39(e), and on that basis deny those allegations.

   f. Defendants deny the allegations of paragraph 39(f).

   g. Defendants admit the allegations in the first sentence of paragraph 39(g). Defendants deny the allegations in the second sentence of 39(g).

       h.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 39(h), and on that basis deny those allegations. Defendants admit that the RSL has received support from the Andrew W. Mellon Foundation and that the RSL has received support from the Hoover Institution. Except as so admitted, Defendants deny the allegations in the second sentence of paragraph 39(h).

40.    Reserving, and without waiver of their position as to the lack of subject matter jurisdiction, Defendants otherwise admit that venue is proper in this Court.

## FIRST CAUSE OF ACTION
## VIOLATION OF INTERNATIONAL LAW AGAINST ALL DEFENDANTS

41.    Defendants incorporate their responses to paragraphs 1-41 as if fully stated herein.

42.    Defendants deny the allegations of paragraph 42.

43.    Defendants deny the allegations of paragraph 43.

44.    Defendants deny the allegations of paragraph 44.

45.    Defendants deny the allegations of paragraph 45.

46.    Defendants deny the allegations of paragraph 46.

47.    Defendants deny the allegations in the first sentence of paragraph 47. Defendants admit the allegations in the second sentence of paragraph 47, but deny that any of the referenced treaty provisions support private rights of action in this Court. Defendants deny the allegations in the third sentence of paragraph 47.

48.    Defendants admit that the Russian Federation enacted a law titled "Federal Law on Cultural Valuables Displaced to the USSR as a Result of the Second World War and Located in the Territory of the Russian Federation," but deny the remaining allegations of paragraph 48.

49.    Defendants deny the allegations of paragraph 49.

## SECOND CAUSE OF ACTION
## DECLARATORY RELIEF (28 U.S.C. § 2201) AGAINST ALL DEFENDANTS

50.     Defendants incorporate their responses to paragraphs 1-48 as if fully stated herein.

51.     Defendants admit the allegations of paragraph 51, but deny that the alleged dispute is subject to the jurisdiction of this Court.

52.     Defendants deny the allegations of paragraph 52.

53.     Defendants deny the allegations of paragraph 53.

## THIRD CAUSE OF ACTION
## INJUNCTIVE RELIEF AGAINST ALL DEFENDANTS

54.     Defendants incorporate their responses to paragraphs 1-48 as if fully stated herein.

55.     Defendants admit that in paragraph 55, Plaintiff states the injunctive relief it seeks, but deny that Plaintiff is entitled to the relief requested, and allege that the attachment and execution provisions of the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602 et seq. do not authorize such relief against a foreign sovereign.

56.     Defendants deny the allegations of paragraph 56.

57.     Defendants deny the allegations of paragraph 57.

58.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58, and on that basis deny those allegations.

59.     Defendants deny the allegations of paragraph 59.

## DEFENSES

For their defenses to the Complaint, Defendants state as follows:

### First Defense
### (Failure to State a Claim)

The Complaint as a whole, and each cause of action alleged within it, fails to allege facts sufficient to constitute a cause of action against Defendants.

### Second Defense
### (Foreign Sovereign Immunities Act)

This action is barred by operation of the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602 et seq.

### Third Defense
### (Act of State Doctrine)

The Complaint impermissibly challenges the acts of a foreign sovereign taken within its own territory and must be dismissed pursuant to the Act of State Doctrine.

### Fourth Defense
### (Subject Matter Jurisdiction)

This action is barred because this Court does not have subject matter jurisdiction over the actions alleged in the Complaint.

### Fifth Defense
### (Lack of Personal Jurisdiction)

To the degree that the RSL and RSMA are independent and separate from the government of the Russian Federation and not constituent elements of the government of the Russian Federation performing core governmental functions, the Court lacks personal jurisdiction over them consistent with Due Process under the Fifth Amendment of the United States Constitution.

### Sixth Defense
### (Forum Non Conveniens)

Plaintiff's choice of forum is unfair, inequitable and/or inappropriate for litigating this dispute under the doctrine of *forum non conveniens*.

### Seventh Defense
### (Statute of Limitations)

Plaintiff's claim is barred by operation of the applicable statute of limitations.

### Eighth Defense
### (Laches)

Plaintiff's claim seeking injunctive relief is barred by the doctrine of laches.

### Ninth Defense
### (Political Question)

Plaintiff's claim seeking injunctive relief is barred because Plaintiff seeks adjudication of political questions.

### Tenth Defense
### (Non-Justiciability)

Resolution of Plaintiff's claims of ownership of the Collection would require the Court's resolution of non-justiciable questions of religious doctrine.

### Eleventh Defense
### (Russian Law)

The relief sought by Plaintiff would entail violations of laws of the Russian Federation with respect to the Collection, including but not limited to Decree No. 2377-1 Concerning the Russian State Library.

WHEREFORE, having fully answered the Complaint, Defendants request that this Court deny Plaintiff any relief whatsoever, that the Complaint and this action be dismissed with prejudice, that judgment be entered in favor of Defendants, that Defendants be awarded their costs, expenses and attorneys' fees incurred in defense of this action, and that the Court grant Defendants such other relief that is just and proper.

Dated: December 11, 2008

        Respectfully submitted,

        **SQUIRE, SANDERS & DEMPSEY L.L.P.**

        By:  /s/ Donald T. Bucklin
            Donald T. Bucklin (Bar No. 1628)
            DBucklin@ssd.com
            Jeremy W. Dutra (Bar No. 488130)
            JDutra@ssd.com
            1201 Pennsylvania Avenue, N.W., Suite 500
            Washington, D.C. 20004
            Tel.: (202) 626-6600
            Fax: (202) 626-6780

            James H. Broderick, Jr. (admitted *PHV*)
            JBroderick@ssd.com
            555 South Flower Street, 31st Floor
            Los Angeles, CA 90071
            Tel.: (213) 624-2500
            Fax: (213) 623-4581

        *Attorneys for Defendants,*
        *Russian Federation, Russian Ministry of Culture*
        *and Mass Communication, Russian   State Library*
        *and Russian Military Archive*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 11, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to the following:

Marshall B. Grossman
marshall.grossman@bingham.com
Seth M. Gerber
seth.gerber@bingham.com
David Salmons
david.salmons@bingham.com
BINGHAM MCCUTCHEN LLP
The Water Garden
1620 26th Street
Fourth Floor, North Tower
Santa Monica, CA 90404

Nathan Lewin
nat@lewinlewin.com
Alyza D. Lewin
alyza@lewinlewin.com
LEWIN & LEWIN, LLP
1828 L Street, N.W., Suite 901
Washington, D.C. 20036

Wm. Bradford Reynolds
reynoldsw@howrey.com
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

*Attorneys for Plaintiff,*
*Agudas Chasidei Chabad of United States*

/s/ Jeremy W. Dutra
Jeremy W. Dutra