UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| AGUDAS CHASIDEI CHABAD OF UNITED STATES, <br><br> *Plaintiff,* <br><br> v. <br><br> RUSSIAN FEDERATION; RUSSIAN MINISTRY OF CULTURE AND MASS COMMUNICATION; RUSSIAN STATE LIBRARY; and RUSSIAN STATE MILITARY ARCHIVE, <br><br> *Defendants.* | CASE NO: 1:05-CV-01548-RCL |

### PLAINTIFF'S OPPOSITION
### TO DEFENSE COUNSEL'S MOTION TO WITHDRAW

Counsel for the Named Defendants, Squire, Sanders & Dempsey, LLP, including all attorneys affiliated with the law firm (collectively "SSD"), have moved to withdraw their appearance in this case as counsel of record for Defendants Russian Federation, Russian Ministry of Culture and Mass Communication, Russian State Library, and Russian State Military Archive (collectively "Russia" or "Defendants"). (Dkt. # 72). As grounds for withdrawal, SSD cites the June 6, 2009 Statement of the Defendants With Respect to Further Participation (Dkt. # 71).

I.

## THE MOTION FOR WITHDRAWAL HAS NOT BEEN SERVED ON ALL OF THE MOVANT'S CLIENTS

When Chabad sought a temporary restraining order to require the Defendants to protect and preserve the sacred texts at issue, SSD previously sought leave to withdraw based on an alleged "communications breakdown" with their clients. (Dkt. # 42). The lawyers thereafter returned to the Court and rescinded their withdrawal request, advising that the communications breakdowns had been resolved. (Dkt. # 62). This second request to withdraw as counsel of record follows Chabad's requests for discovery as to the merits of the claims.

As on the previous occasion, SSD has served only Defendant Russian Ministry of Culture and Mass Communication, failing again to serve the other named Defendants (the Russian Federation, Russian State Library, and Russian State Military Archive) directly with its instant Withdrawal Motion, as required by Local Civil Rule 83.6 and as SSD was specifically directed to do in this Court's Order of February 11, 2009. (Dkt. # 60). Accordingly, we renew our previous request (Dkt. # 58) that defense counsel be advised that it is not sufficient to notify and serve only the Russian Ministry of Culture and Mass Communication and fail to serve the other named Defendants. SSD should be directed to provide **each** named Defendant directly – not via the Russian Ministry of Culture and Mass Communication -- with a copy of every court filing and Court Order.

## II.

### COUNSEL FOR DEFENDANTS MAY NOT BE GRANTED LEAVE TO WITHDRAW WHILE THEIR PRESENCE IS NEEDED TO COMMUNICATE WITH THE DEFENDANTS

In *Ohntrup v. Firearms Center, Inc.*, 802 F.2d 676 (3d Cir. 1986) (per curiam), a leading Philadelphia law firm sought to withdraw under circumstances similar to those of this case. A foreign defendant – owned by a foreign government – refused to respond to collection efforts after it lost an appeal. The law firm claimed it could no longer represent its former client and had been effectively discharged by the client. The District Court refused to permit withdrawal of counsel because withdrawal "would leave the court without the possibility of effective communication with [the defendant], as well as without a reliable mechanism for responsible supervision of the post-judgment aspects of this litigation." The Third Circuit affirmed, noting that "the district court fairly balanced [the law firm's] concerns with the court's need for effective communication and efficient administration." 802 F.2d at 679-80.

A District Judge in the District of Delaware reached a similar conclusion in *Worldspan, L.P. v. The Ultimate Living Group, LLC*, No. 03-1081-JJF, 2006 LEXIS 21451 (D. Del. April 20, 2006). Since the defendant's counsel in the *Worldspan* case had "at least some communication" with the defendant and since the defendant was "in default and it is probable that the only future activity in this case with regard to [the defendant] will relate to default judgment proceedings and execution," the District Court denied the motion to withdraw filed by the defendant's attorney. *Id.*

In this case, the Defendants' stated intention not to participate further in the litigation does not bring the proceedings to a screeching halt. Chabad has filed with the Court a Motion for Entry of Default (Dkt. # 73), and, upon entry of default, plans to seek a Default Judgment

against all the Defendants.  It continues to be the responsibility and obligation of defense counsel of record, as officers of the Court, to insure that each of the named Defendants receives appropriate notice of the continuing proceedings, including Chabad's filings (which we will continue to serve on SSD) and any and all Orders entered by the Court.

It may well be that, once this litigation is concluded, SSD may withdraw as counsel.  In the interim, given the "non-participation" position asserted by their clients, defense counsel's continued availability to receive and transmit to each of the Russian Defendants court filings and Court Orders entered in the proceedings — proceedings that will continue whether or not Russia participates — is important in aid of this Court's established jurisdiction and in fairness to all parties involved in the litigation.  As was true in the *Ohntrup* case, the "court's need for effective communication and efficient administration" of the default phase of this case necessitates SSD's continued presence.  SSD must remain available as counsel of record to accept service of process on behalf of all the named Defendants and to insure that each of the named Defendants promptly receives copies of all court filings and Court Orders.

DATED: July 30, 2009                                          Respectfully submitted,

| BINGHAM MCCUTCHEN, LLP | LEWIN & LEWIN, LLP | HOWREY, LLP |
|---|---|---|
| By /s/ Marshall B. Grossman | By /s/ Nathan Lewin | By /s/ Wm. Bradford Reynolds |
| Marshall B. Grossman (*Pro Hac Vice*) | Nathan Lewin | Wm. Bradford Reynolds |
| Seth M. Gerber (*Pro Hac Vice*) | (D.C. Bar No. 38299) | (D.C. Bar No. 179010) |
| David Salmons (D.C. Bar No. 476299) | Alyza D. Lewin | 1299 Pennsylvania Ave NW |
| The Water Garden, 1620 26th Street | (D.C. Bar No. 445506) | Washington, DC 20004 |
| Fourth Floor, North Tower | 1828 L Street NW, Suite 901 | Tel:  (202) 783-0800 |
| Santa Monica, CA 90404 | Washington, DC 20036 | |
| Telephone:  (310) 907-1000 | Telephone:  (202) 828-1000 | |

*Attorneys for Plaintiff Agudas Chasidei Chabad of United States*