UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AGUDAS CHASIDEI CHABAD OF THE UNITED STATES,<br><br>    *Plaintiff*,<br><br>    v.<br><br>RUSSIAN FEDERATION; RUSSIAN MINISTRY OF CULTURE AND MASS COMMUNICATION; RUSSIAN STATE LIBRARY; and RUSSIAN STATE MILITARY ARCHIVE,<br><br>    *Defendants.*, | Case No. 1:05-cv-01548-RCL |

## **PLAINTIFF'S MOTION FOR INTERIM JUDGMENT OF ACCRUED SANCTIONS**

Plaintiff Agudas Chasidei Chabad of the United States ("Chabad") respectfully moves the Court for entry of an interim judgment in the amount of $14,750,000, reflecting the sanctions that have accrued as of January 16, 2014 under this Court's January 16, 2013 Sanctions Order (Document 115). In that order, the Court found Defendants – the Russian Federation, the Russian Ministry of Culture and Mass Communication ("Ministry"), the Russian State Library ("RSL"), and the Russian State Military Archive ("RSMA") (collectively, "Russia") – to be in contempt of the Court's July 30, 2010 Order Granting Default Judgment (Document 80) requiring the return of Chabad's sacred, religious books, manuscripts, and other things that were seized during the Bolshevik Revolution and Second World War, and that have continued to be wrongfully retained by Russia after the collapse of the Soviet Union. For the reasons explained

below, entry of the requested interim judgment is consistent with the purpose and terms of this Court's prior orders, and will expedite final disposition of this controversy.[1]

## BACKGROUND

This lawsuit is currently in its tenth year, and reflects the latest step in Chabad's effort to recover priceless religious books, manuscripts and other materials illegally taken from it by the Soviet and Nazi regimes and currently in Russian hands. *See Agudas Chasidei Chabad of United States v. Russian Federation*, 466 F. Supp. 2d 6 (D.D.C. 2006) (Lamberth, J.). The property at issue consists of 12,000 books and manuscripts the Soviets seized between 1917 and 1925 (the "Library"), and 25,000 pages of documents and other materials compiled by Chabad's religious leaders seized by the Nazis and subsequently by the Soviet armed forces in Poland at the conclusion of World War II (the "Archive"). Both the Library and the Archive have been and remain in Defendants' possession and control. Cunin Dec., ¶ 3; *Agudas Chasidei Chabad of United States v. Russian Federation*, 729 F. Supp. 2d 141, 147 (D.D.C. 2010) (Lamberth, J.); "The Voice of Russia," Dec. 27, 2013, http://voiceofrussia.com/radio_broadcast/255945259/257262867/.

This Court has previously found that Russia "unlawfully possess[es] and refuse[s] to relinquish" Chabad's Library and Archive in violation of international law, 729 F. Supp. 2d at 145, and over three years ago ordered their return to the United States Embassy in Moscow or to the duly appointed representatives of Plaintiff Agudas Chasidei Chabad of United States. (Document 80). Chabad served Russia with a copy of this Court's Default Judgment in 2010,

---

[1] The $14,750,000 represents the accrued sanction through January 16, 2014. The calculation reflects a 70-day hiatus in the accrual of sanctions to which Chabad agreed in support of unsuccessful diplomatic efforts to obtain Russia's compliance with the Court's Default Judgment. *See* Declaration of Rabbi Yosef Cunin in Support of Plaintiff's Motion for Interim Judgment of Accrued Sanctions ("Cunin Dec.") ¶ 2.

but Russia has refused and continues to refuse to comply with this Court's ruling. *Agudas Chasidei Chabad of United States v. Russian Federation*, 798 F. Supp. 2d 260, 264-65 (D.D.C. 2011) (Lamberth, J.); Cunin Dec., ¶ 3.  A year ago, this Court found Russia in civil contempt and imposed sanctions of $50,000 per day until the property is returned to Chabad.  (Document 115).

## ARGUMENT

### I. RUSSIA STILL REFUSES TO COMPLY WITH THE COURT'S ORDER

Russia has demonstrated a consistent lack of interest in resolving this matter in contemptuous disregard of this Court's jurisdiction and rulings and in flagrant disregard of well-established international law prohibiting the plunder and looting of cultural and religious objects in time of war and upheaval.  Russia initially appeared in this lawsuit in 2005 to challenge the Court's jurisdiction on grounds of sovereign immunity, and pursued an unsuccessful appeal to the U.S. Court of Appeals for the District of Columbia Circuit.  Chabad ultimately prevailed entirely on that appeal in 2008.  After the District of Columbia Circuit rejected Russia's claims of sovereign immunity, and Chabad served discovery requests, Russia declined to participate further in the lawsuit in mid-2009, stating that "this Court has no authority to enter Orders with respect to the property owned by the Russian Federation and in its possession, and the Russian Federation will not consider any such Orders to be binding on it."  Statement of Defendants with Respect to Further Participation, 2 (June 26, 2009) (Document 71).  When the Court's Default Judgment was served on Russia through diplomatic channels, the papers were returned.  Russia's Ministry of Justice explained that the return was due to the "nonexistence of an international treaty between the United States and Russia which would regulate legal provisions pertaining to civil, family and trade matters."  Letter from the Russian Ministry of Justice (Certified Translation) (Nov. 16, 2010) (Document 90-1).

Meanwhile, Chabad has supported efforts by the Department of State and others to resolve this matter through diplomatic channels and other means.  These efforts have included multiple meetings at the Russian Embassy in Washington, D.C, and overseas, including Moscow.  In support of these efforts, Chabad sought, and this Court granted, delays in the implementation of the Court's order to show cause why Russia should not be held in contempt.  *See* Documents 102, 104, 105 (Order to Show Cause and motions to delay enforcement of the order).[2]  Russia, though, maintains that there can "be no talk at all" while this "unlawful and absolutely legally void" lawsuit continues.  *See* "No negotiations on Schneerson collection possible until suit against Russia withdrawn from U.S. court – presidential envoy," Russia Beyond the Headlines, Sept. 17, 2013, http://rbth.ru/news/2013/09/17/no_negotiations_on_schneerson_collection_possible_until_suit_against_rus_29905.html.

Despite Chabad's efforts to have this matter resolved through negotiations and diplomatic channels, Russia has remained intransigent.  In fact, Russian President Vladimir Putin personally decided to take matters into his own hands by announcing the placement of a small portion of the Library within a special department of the Russian State Library at the Jewish Museum and Tolerance Center in Moscow – rather than, as this Court directed, returning the entire Library and Archives to Chabad's duly authorized representative.  Cunin Dec., ¶ 4; "The Voice of Russia," Schneerson library, Dec. 27, 2013, http://voiceofrussia.com/radio_broadcast/255945259/257262867/.  Disregarding this Court's Order, President Putin dictated that this step should "put an end to this problem once and for all." Gabriela Baczynska, *Russia sees ends to U.S. row as Jewish texts moved to museum*, Reuters,

---

[2] As noted above in footnote 1, Chabad also stipulated to a temporary suspension of the accrual of sanctions in an effort to promote a diplomatic resolution of this issue.

4

June 13, 2013, http://www.reuters.com/article/2013/06/14/us-russia-usa-jewish-collection-idUSBRE95C12O20130614.  But this is no solution to the "problem" at all.  As an initial matter, only a small portion of the Library has been housed at an RSL-controlled branch at the museum, and the entire Archive remains at the RSMA.  *See* Cunin Dec., ¶ 4.  More importantly, housing any of the materials at an RSL branch in the museum means that they remain in Russia's possession, custody and control, and not in the possession of their rightful owner, Chabad.  *Id.*  Thus, despite a variety of well-meaning efforts by Chabad, the United States government, and this Court, Russia continues to flout the Court's 2010 judgment and the principles on which that judgment was based.

The "problem," referred to by President Putin, of course, cannot be resolved until Russia complies with this Court's judgment and international law, and Chabad receives the entire Library and Archive.  While Chabad continues to support and appreciates efforts of the United States government and others to secure return of the complete Library and Archive by diplomatic negotiations, the reality is that Russia continues to disregard this Court's jurisdiction and rulings.  As Russia's public position on this issue continues to harden, renewed efforts to enforce the Court's default judgment are in order.

## II.     AN INTERIM JUDGMENT OF ACCRUED SANCTIONS IS WARRANTED

In these circumstances, entry of an interim monetary judgment in the amount accrued under this Court's January 16, 2013 Sanctions Order is warranted.[3]  This Court has already properly exercised its "inherent contempt power" by imposing sanctions of $50,000 a day on

---

[3]     This Court has the power to "enter judgment . . . from time to time for the accrued amounts of such fines."  *See CE Int'l Res Holdings LLC v. S.A. Minerals LTD. P'ship*, No. 12-cv-8087, 2013 WL 324061, at *3 (S.D.N.Y. Jan. 24, 2013); Judgment for Accrued Civil Contempt Fines, No. 12-cv-8087, entered February 8, 2013 (Document 41) (for fines accrued from January 24 to February 7); and Second Judgment for Accrued Civil Contempt Fines, No. 12-cv-8087, entered April 8, 2013 (Document 48) (for fines accrued from February 8 to April 5).

5

Defendants.  (Document 115).  As the Court held when it found Russia in contempt, the purpose of this sanction is not to penalize Russia, but rather to provide an incentive for Russia to comply with the Court's ruling.  *Agudas Chasidei Chabad of United States v. Russian Federation*, 915 F. Supp. 2d 148, 151 (D.D.C. 2013) (Lamberth, J.).  Russia's recent statements on this matter, however, offer no evidence that Russia intends to comply with the Court's order regarding return of Chabad's property.  Quite to the contrary, Russia has made clear that it does not intend to comply.  Entry of an interim monetary judgment would allow Chabad to take additional steps in support of the Court's order, including registration of the monetary judgment in other jurisdictions, discovery regarding Russian Federation property, and ultimately, attachment and liquidation of that property.  By giving "teeth" to the Court's contempt finding in this way, Chabad will have the opportunity to enforce the monetary contempt sanction in accordance with the Foreign Sovereign Immunities Act, and ultimately to secure compliance with the default judgment in Chabad's favor.

Moreover, an interim judgment in the amount of the accrued fines, and further action consistent with that judgment, will put Russia on further notice of the seriousness of this matter. While money cannot remedy the continued theft of Chabad's sacred religious texts, a clear sign from this Court regarding the significance of this litigation and the consequences of Russia's ongoing disregard of this Court's orders may help to speed the timing of their return.

///

**CONCLUSION**

For the foregoing reasons, Chabad respectfully requests that its Motion for Interim Judgment of Accrued Sanctions be GRANTED.

Date:   January 28, 2014                              Respectfully submitted,

| By: *Seth Gerber* | By: *Nathan Lewin* | By: *Steven Lieberman* |
|---|---|---|
| Seth Gerber | Nathan Lewin | Steven Lieberman |
| (*Pro Hac Vice*) | (D.C. Bar No. 38299) | (D.C. Bar No. 439783) |
| BINGHAM MCCUTCHEN LLP | Alyza D. Lewin | Robert Parker |
| The Water Garden | (D.C. Bar No. 445506) | (D.C. Bar No. 404066) |
| 1620 26th Street | LEWIN & LEWIN, LLP | ROTHWELL, FIGG, ERNST & MANBECK |
| Fourth Floor, North Tower | 1775 Eye Street, N.W., Suite 850 | |
| Santa Monica, CA 90404 | Washington, D.C.  20006 | 607 14th St., N.W., Suite 800 |
| Tel: (310) 907-1000 | Tel: (202) 828-1000 | Washington, D.C.  20005 |
| Fax:  (310) 907-2000 | Fax:  (202) 828-0909 | Tel: (202) 783-6040 |
| E-mail: seth.gerber@bingham.com | E-mail:  nat@lewinlewin.com            alyza@lewinlewin.com | Fax: (202) 783-6031 E-mail: slieberman@rothwellfigg.com rparker@rothwellfigg.com |

*Attorneys for Plaintiff Agudas Chasidei Chabad of United States*