# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AGUDAS CHASIDEI CHABAD OF THE UNITED STATES, ) ) ) ) *Plaintiff*, ) ) v. ) ) RUSSIAN FEDERATION; RUSSIAN ) MINISTRY OF CULTURE AND MASS ) COMMUNICATION; RUSSIAN STATE ) LIBRARY; and RUSSIAN STATE ) MILITARY ARCHIVE, ) ) *Defendants*., ) ) | Case No. 1:05-cv-01548-RCL |

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff Agudas Chasidei Chabad of the United States ("Chabad") will serve the subpoena attached hereto on Sberbank USA CIB, Inc.

|  |  |
|---|---|
| Nathan Lewin<br>(D.C. Bar No. 38299)<br>Alyza D. Lewin<br>(D.C. Bar No. 445506)<br>LEWIN & LEWIN, LLP<br>1775 Eye Street, N.W., Suite 850<br>Washington, D.C.  20006<br>Tel: (202) 828-1000<br>Fax:  (202) 828-0909<br>E-mail: nat@lewinlewin.com<br>        alyza@lewinlewin.com | By: ___*/s/ Steven Lieberman*___<br>Steven Lieberman<br>(D.C. Bar No. 439783)<br>Robert Parker<br>(D.C. Bar No. 404066)<br>ROTHWELL, FIGG, ERNST &<br>MANBECK, P.C.<br>607 14th St., N.W., Suite 800<br>Washington, D.C.  20005<br>Tel: (202) 783-6040<br>Fax: (202) 783-6031<br>E-mail:  slieberman@rothwellfigg.com<br>            rparker@rothwellfigg.com |

*Attorneys for Plaintiff Agudas Chasidei Chabad of United States*

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2015, I served a true and correct copy of the foregoing

NOTICE OF SUBPOENA on the following Defendants, via First-Class U.S. Mail:

Ministry of Justice of the Russian Federation
Attn:  Hon. Alexander Konovalov, Minister
14 Zhitnaya
GSP-1 Moscow, Russia 119991

Ministry of Culture of the Russian Federation
Attn:  Kirill Rybak, Director
7/6 Bldg. 1/2, Maly Gnezdnikovsky Perelok
Moscos, Russia  125009

Russian State Military Archive
Attn:  Vladimir N. Kyzelenkov, General Director
29 Admiral Makarov Street
Moscow, Russia 12512

Russian State Library
Attn:  Victor V. Federov, General Director
3/5, Vozdivhenka Street
Moscow, Russia 119019

                                                */s/  Erik van Leeuwen*
                                                Erik van Leeuwen
                                                Litigation Operations Coordinator
                                                Rothwell, Figg, Ernst & Manbeck, P.C.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AGUDAS CHASIDEI CHABAD<br>OF THE UNITED STATES,<br><br>　　*Plaintiff,*<br><br>v.<br><br>RUSSIAN FEDERATION; RUSSIAN<br>MINISTRY OF CULTURE AND<br>MASS COMMUNICATION;<br>RUSSIAN STATE LIBRARY; and<br>RUSSIAN STATE MILITARY<br>ARCHIVE<br><br>　　*Defendants.*, | Civ. Case No. 1:05-cv-01548-RCL |

### SUBPOENA DUCES TECUM AND AD TESTIFICANDUM

**TO:**  **Sberbank CIB USA, Inc.**
　　　**c/o Corporation Service Company**
　　　**2711 Centerville Rd.**
　　　**Suite 400**
　　　**Wilmington, DE 19808**

　　YOU ARE HEREBY COMMANDED, pursuant to Rule 34 and Rule 45 of the Federal Rules of Civil Procedure, to produce for inspection and copying no later than May 22, 2015 at Veritext, 1250 Broadway, Suite 2400, New York, NY 10001, all documents concerning the subjects identified in Attachment A hereto, in accordance with the Definitions and Instructions set out in Attachment A hereto.

　　PLEASE TAKE FURTHER NOTICE that, pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, Plaintiff will take the deposition of Sberbank CIB USA, Inc. at the offices of Veritext, 1250 Broadway, Suite 2400, New York, NY 10001 commencing at 9:30 am

1

on Friday, June 5, 2015, or at such other time and place as may be agreed upon.  The deposition will continue from day-to-day until completed.  Some or all of the deposition testimony may be recorded by stenographic, audio, video, and/or real-time computer means.  Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure 30(b)(6).

      This subpoena has been issued by the United States District Court for the District of Columbia.  Your failure to produce documents as described in this subpoena may be punished as contempt of that court.

Dated:  Washington, D.C.
April 29, 2015

                                                            */s/ Steven Lieberman*

| Nathan Lewin | Steven Lieberman |
|---|---|
| (D.C. Bar No. 38299) | (D.C. Bar No. 439783) |
| Alyza D. Lewin | Robert Parker |
| (D.C. Bar No. 445506) | (D.C. Bar No. 404066) |
| LEWIN & LEWIN, LLP | ROTHWELL, FIGG, ERNST & MANBECK, PC |
| 1775 Eye Street, N.W., Suite 850 | 607 14th Street, N.W., Suite 800 |
| Washington, D.C.  20006 | Washington, DC 20005 |
| Tel: (202) 828-1000 | Tel: (202) 783-6040 |
| Fax:  (202) 828-0909 | Fax: (202) 783-6031 |
| E-mail:  nat@lewinlewin.com | Email: slieberman@rothwellfigg.com |
|         alyza@lewinlewin.com |        rparker@rothwellfigg.com |

                                            *Attorneys for Plaintiff Agudas Chasidei Chabad of the United States*

# ATTACHMENT A
# DEFINITIONS

1. Unless otherwise specified, all terms shall be interpreted as they are used in the Federal Rules of Civil Procedure.  The requests for production and terms used herein shall be construed to require the fullest and most complete disclosure permitted by law.

2. **"Accounts"** means any deposit, security, note, or financial interest of any type or kind that is maintained at or by Sberbank (as defined below) on behalf of, or that is otherwise controlled directly or indirectly by, the Russian Federation (as defined below).

3. **"Agencies and Instrumentalities"** means any entity (1) which is a separate legal person, corporate or otherwise, and (2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and (3) which is neither a citizen of a State of the United States, nor created under the laws of any third country.

4. "**Communication**" or "**Correspondence**" means any transmission of information by one or more persons and/or between two or more persons by any means including, but not limited to, telephone conversations, letters, telegrams, teletypes, telexes, telecopies, e-mail, computer linkups, written memoranda, notes and face-to-face conversations.

5. **Document and ESI**.  "**Document**" means a writing or recording, as defined in Rule 1001 of the Federal Rules of Evidence, and includes the original or a duplicate of handwriting, typewriting, printing, photostats, reels, photographs, electronically stored information ("**ESI**"), and every other means of recording upon any tangible thing and form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations of them, including, but not limited to, statements, agreements, signature cards, records, and wire transfer documentation.  The terms "document" and "ESI" are defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, any computer data compilations. Documents referred to herein shall include all portions, or pages of each document referred to and all attachments, exhibits, enclosures, appendices and supporting documentation, and including, without limitation, originals, copies, drafts, working papers, routing slips, handwritten notes and similar materials (with or without notes or changes therein).

Attachment A                              1

6. **"Person"** means any natural person or any business, legal or governmental entity or association.

7. **"Relevant Time Period"** means between July 30, 2010 and the date on which you produce documents in response to this subpoena.

8. "**Russian Federation**" means the Russian Federation, a foreign state, and any and all of its Agencies and Instrumentalities, representatives, affiliates, subsidiaries, predecessors, successors, alter-egos, assigns, and political subdivisions, including the Russian State Library, the Russian State Military Archive, and the Russian Ministry of Culture and Mass Communication, and all other Persons acting or purporting to act for or on behalf of the Russian Federation, whether or not authorized to do so. "Russian Federation" includes, but is not limited to, all Persons listed in Exhibit 1 attached hereto.

9. **"Sufficient To Identify"** means that the documents produced reveal, contain or disclose information with respect to the matter inquired that is sufficiently detailed to provide all of the information sought in the inquiry. To the extent any Persons are to be identified, the documents produced shall provide, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

10. "**SWIFT**" means the Society for World Interbank Financial Telecommunication.

11. **"You," "Your," or "Sberbank"** means Sberbank CIB USA, Inc., its agents, representatives, employees, directors, affiliates, parents, subsidiaries, predecessors, successors, alter-egos, assigns, attorneys, accountants and all other Persons acting or purporting to act on its behalf, whether or not authorized to do so, including but not limited to Sberbank CIB and Sberbank of Russia.

12. A document is deemed in Your actual or constructive possession, custody or control if it is in Your physical custody or if it is in the physical custody of any other Person, and You (i) own such document in whole or in part; (ii) have a right, by control, contract, statute, order or otherwise, to use, inspect, examine or copy such document on any terms; (iii) have an understanding, express or implied, that You may use, inspect, examine or copy such document on any terms; or (iv) have, as a practical matter, been able to use, inspect, examine or copy such document when You sought to do so. For the avoidance of doubt, a document is deemed in Your actual or constructive possession, custody or control if it is accessible on a hard-drive (whether or not it is currently active), network

or server maintained by You or can be accessed by, or at the direction of, any of Your employees.

13. The words "all" and "each" shall be construed as "all and each." "Any" includes the word "all," and "all" includes the word "any." "And" or "or" shall be construed disjunctively or conjunctively as necessary to make the request inclusive rather than exclusive. "Including" means including but not limited to.

14. The plural of any word used herein includes the singular and the singular includes the plural. The masculine gender of any word used herein includes the feminine and vice versa. The past tense of a verb used herein includes the present tense and the present tense includes the past tense.

15. "Relating to," "related to," or "concerning" any given subject matter means, without limitation, any document or communication that constitutes, comprises, contains, describes, embodies, reflects, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified, irrespective of whether the document or communication tends to prove or disprove the particular subject matter.

## **INSTRUCTIONS**

1. In producing responsive documents, You should furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by You or your directors, officers, partners, members, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by Your attorneys or their agents, employees, representatives or investigators.

2. If any responsive document is not or cannot be produced in full, produce it to the extent possible, indicating which document, or portion of that document is being withheld, and the reason that document is being withheld.

3. You should produce each responsive document together with all non-identical copies and drafts of that document. If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4. All documents are to be produced as they are kept in the usual course of business, with any identifying labels, file markings or similar identifying features, and shall be organized and labeled to correspond to the appropriate category herein.

5. Documents attached to each other should not be separated.

6. Documents not otherwise responsive to this subpoena are to be produced if such documents mention, discuss, refer to, or explain the documents which are responsive to this subpoena, or if such documents are attached to documents responsive to this subpoena and constitute routing slips, transmittal memoranda, or letters, comments, evaluations or similar materials.

7. In responding to this subpoena, if You encounter any ambiguity in construing an individual request or any definitions and instructions relevant thereto, set forth the matter or term deemed "ambiguous" and the construction used in responding to such request.

8. With respect to ESI:

    a) All databases and spreadsheets responsive to this subpoena that are maintained in the usual course of business in electronic format shall be produced in their native format along with the software necessary to interpret such files if such software is not readily available.

    b) All other documents responsive to this subpoena that are maintained in the usual course of business in electronic format shall be produced in properly utilized, multi-page TIFF format or other agreed upon format complete with

Attachment A	4

full text extracts and all associated metadata.

        c)      All documents responsive to this subpoena shall be produced with the metadata normally contained within such documents, and the necessary Concordance or Introspect load files, or similar load files. If such metadata is not available, each document shall be accompanied by a listing of all file properties relating to such document, including, but not limited to, all information relating to the date(s) the document was last accessed, created, modified or distributed, and the author(s) and recipient(s) of the document.

        d)      Under no circumstances should ESI be converted from the form in which it is ordinarily maintained to a different form that makes it more difficult or burdensome to use. ESI should not be produced in a form that removes or significantly degrades the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means. Databases or underlying data should not be produced without first discussing production format issues with Plaintiff's counsel. If you decline to search or produce ESI on the ground that such ESI is not reasonably accessible because of undue burden or cost, identify such information by category or source and provide detailed information regarding the burden or cost you claim is associated with the search or production of such ESI.

9.      If any documents or parts of documents requested are not produced due to a claim of privilege, You shall furnish a list identifying, for each document or portion thereof that is withheld: (i) its author; (ii) all recipients including, but not limited to, those carbon copied; (iii) its subject matter; (iv) the privilege claimed; and (v) the grounds underlying the assertion of privilege. You shall further produce all non-privileged portions of any documents affected by a claim of privilege.

10.     In the event that any responsive documents have been lost or destroyed, You are to furnish a list setting forth, for each such document: (i) the date of the document; (ii) the Person(s) who prepared the document; (iii) each Person to whom a copy of the document was furnished, or to whom its contents were communicated; (iv) a summary of the substance of the document; (iv) the date upon which the document was destroyed; and (v) the reason the document was destroyed.

**DOCUMENTS TO BE PRODUCED**

1. Documents Sufficient To Identify any and all Sberbank accounts maintained in the United States by or on behalf of the Russian Federation, including Documents showing the opening and closing dates of the accounts, current balances, and transaction histories during the Relevant Time Period.

2. Documents Sufficient To Identify any and all electronic fund transfers sent through the SWIFT system to or from any Sberbank accounts maintained in the United States by or on behalf of the Russian Federation during the Relevant Time Period.

3. Documents originating within the Relevant Time Period Sufficient To Identify any debt owed by Sberbank to the Russian Federation.

4. All Documents relating to outstanding loans for which the Russian Federation is listed as the borrower or guarantor, including but not limited to information regarding the purpose of the loan and all collateral that was used to secure the loan.

5. Documents Sufficient To Identify any transfers of property in to or out of accounts at Sberbank anywhere in the name of the Russian Federation or for the benefit of the Russian Federation during the Relevant Time Period, including but not limited to:

   a) Documents Sufficient To Identify any counterparties or intermediaries involved in such transfers;

   b) Documents Sufficient To Identify any accounts, including intermediary accounts not maintained by Sberbank, involved in such transfers;

   c) Documents Sufficient To Identify the nature and value of the property involved; and

   d) Documents Sufficient To Identify the purpose of such transfers.

6. All account or Customer information as maintained, for example, in a Customer Relationship Management (CRM) or customer information file, including at a minimum any linked or related accounts, all account beneficiaries, agents, guarantors, and customers for any accounts identified in response to Document Request 1 or 5.

7. Documents evidencing transaction activity in all accounts identified in response to Document Request 1 or 5, including all reports used to monitor compliance with Bank Secrecy Act (BSA); Anti-Money Laundering (AML); Office of Foreign Assets Control (OFAC) reporting requirements; or other government reporting requirements.

8. Documents Sufficient To Identify Sberbank's corporate structure, including, but not limited

to, the identification of any corporate parent, subsidiary, predecessor, or successor company and the corporate structure of any such related companies, and the personnel responsible for management of Sberbank and such related companies.

9. Documents Sufficient to Identify Sberbank CIB's location and presence in the United States.

10. Documents Sufficient to Identify Sberbank of Russia's location and presence in the United States.

## DEPOSITION TOPICS

1. Sberbank accounts maintained in the United States by or on behalf of the Russian Federation.
2. Any transfers of funds from Sberbank accounts maintained in the United States for or on behalf of the Russian Federation since the date this subpoena was issued.
3. Electronic fund transfers sent through the SWIFT system to or from any Sberbank accounts maintained in the United States by or on behalf of the Russian Federation during the Relevant Time Period.
4. Any debt in existence during the Relevant Time Period owed by Sberbank to the Russian Federation.
5. Outstanding loans for which the Russian Federation is listed as the borrower or guarantor, including but not limited to the purpose of the loan and all collateral that was used to secure the loan.
6. Transfers of property in to or out of accounts at Sberbank anywhere in the name of the Russian Federation or for the benefit of the Russian Federation during the Relevant Time Period, including but not limited to counterparties or intermediaries involved in such transfers; accounts, including intermediary accounts not maintained by Sberbank, involved in such transfers; and the nature and value of the property involved in such transfers.
7. Sberbank's Customer Relationship Management (CRM) systems or other customer information files or databases.
8. Sberbank's practices and reports related to monitoring compliance with Bank Secrecy Act (BSA); Anti-Money Laundering (AML); Office of Foreign Assets Control (OFAC) reporting requirements; or other government reporting requirements.
9. Sberbank's corporate structure, including, but not limited to, the identification of any

      corporate parent, subsidiary, predecessor, or successor company and the corporate structure of any such related companies, and the personnel responsible for management of Sberbank's various corporate entities.

10. Procedures for exchange of information among Sberbank's corporate entities, including but not limited to the location and ownership of server computers used to store Sberbank's ESI, and procedures for sharing of customer account and personal information, whether for marketing, advertising, debt collection, governmental compliance, or other purposes.

11. Ownership of Sberbank and each of its corporate entities (including but not limited to Sberbank CIB USA, Inc., Sberbank CIB, and Sberbank of Russia), and the relationship among the Russian Federation, Sberbank, and the Central Bank of the Russian Federation.

**Exhibit 1**
**A.   Individuals (Leadership of the Russian Federation and Individuals Sanctioned by the United States in Connection with Activities of the Russian Federation)**

| Title | Name |
|---|---|
| President of the Russian Federation | Vladimir V. Putin |
| Chief of the Presidential Administration of Russia | Sergei Ivanov |
| First Deputy Chief of Staff of the Presidential Executive Office | Alexei Gromov |
| Head of Administration under the President of the Russian Federation | Vladimir Kozhin |
| Chairman of the Security and Defense Committee of the Federation Council of the Russian Federation | Viktor Ozerov |
| First Deputy Chairman of the International Affairs Committee of the Federation Council of the Russian Federation | Vladimir Dzhabarov |
| Director of the Federal Drug Control Service (FSKN) of the Russian Federation | Viktor Petrovich Ivanov |
| Presidential Aide to Russian President Vladimir Putin | Vladislav Surkov |
| Presidential Advisor to Russian President Vladimir Putin | Sergey Glazyev |
| Chairman of the Duma Committee on CIS Affairs, Eurasian Integration, and Relations with Compatriots | Leonid Slutsky |
| Member of the Council of Federation of the Federal Assembly of the Russian Federation | Andrei Klishas |
| Head of the Federation Council | Valentina Matviyenko |
| Deputy Prime Minister of the Russian Federation | Dmitry Rogozin |
| State Duma Deputy | Yelena Mizulina |
| OAO Rosneft chief executive officer | Igor Sechin |
| Director of State Corporation for Promoting Development, Manufacturing and Export of Russian Technologies High-Tech Industrial Products (Rostec) | Sergei Chemezov |
| Deputy Speaker of the Federation Council of the Russian Federation | Evgeni V. Bushmin |
| Chairman of the Board of Russian Railways | Vladimir Yakunin |
| Gazprom Chief Executive Officer | Alexei Miller |
| Head of the Volga Group | Gennady N. Timchenko |
|  | Yuri Kovalchuk |
|  | Arkady Rotenberg |
|  | Boris Rotenberg |

Exhibit 1                                                                1

**B.     Ministries of the Russian Federation, Corporations in which the Russian Federation Has Ownership Interest, and Sovereign Wealth Funds**

Stabilization Fund of the Russian Federation
National Welfare Fund of the Russian Federation
National Wealth Fund of the Russian Federation
Reserve Fund of the Russian Federation
Oil Stabilization Fund of the Russian Federation
Central Bank of the Russian Federation
Ministry of Finance of the Russian Federation
Ministry of Culture and Mass Communication of the Russian Federation
Russian State Military Archive
Russian State Library
OAO Rosneft (a.k.a. Rosneft; a.k.a Rostnef OAO Oil Company)
Gazprom OAO (a.k.a Gazprom)
InvestCapitalBank
SMP Bank
Bank Rossiya
Volga Group (a.k.a. Volga Group Investments; f.k.a. Volga Resources; f.k.a. Volga Resources Group)

Exhibit 1                                    2

# ATTACHMENT B: Rule 45 Federal Rules of Civil Procedure, Parts C, D, E & G

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce
documents, electronically stored information, or tangible things, or to
permit the inspection of premises, need not appear in person at the place of
production or inspection unless also commanded to appear for a deposition,
hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development,
or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or
must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule
26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information
under a claim that it is privileged or subject to protection as trial-preparation
material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as
trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court

for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **ATTACHMENT C: Tender of Mileage and Witness Fees**

Pursuant to Rule 45(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1821, enclosed is a check for $60 for witness fees and mileage for travel from Sberbank CIB USA, Inc.'s offices at Carnegie Tower, 152 W. 57th Street, 44 floor, New York, NY 10019 to Veritext, 1250 Broadway, Suite 2400, New York, NY 10001.

**Civil Action No. 1:05-cv-01548-RCL (D. DC)**

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

      I received this subpoena for (name of individual and title, if any) _____
on (date) _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____
_____
_____ on (date) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .
I declare under penalty of perjury that this information is true.

Date: _____     _____
                                                               Server's signature

                                        _____
                                                           Printed name and title

                                        _____
                                                              Server's address

Additional information regarding attempted service, etc.: