**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|   |   |   |
|---|---|---|
| | ) | |
| AGUDAS CHASIDEI CHABAD | ) | |
| OF UNITED STATES, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No. 1:05-cv-01548-RCL |
| | ) | |
| RUSSIAN FEDERATION; RUSSIAN | ) | |
| MINISTRY OF CULTURE AND MASS | ) | |
| COMMUNICATION; RUSSIAN STATE | ) | |
| LIBRARY; and RUSSIAN STATE | ) | |
| MILITARY ARCHIVE, | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |
| _____) | | |

**PLAINTIFF'S EMERGENCY MOTION FOR ISSUANCE**
**OF A LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................................ii

INTRODUCTION ...............................................................................................................................1

BACKGROUND ..................................................................................................................................2

SUMMARY OF THE ARGUMENT ........................................................................................................4

ARGUMENT........................................................................................................................................4

      I.       Letters of Request Pursuant to the Hague Convention Is the Proper
             Method for a U.S. Court to Seek Discovery in the State of Israel............................4

      II.     Letter Rogatory to Moreshet Auction House Will Result in Discovery
             that is Critical to Determining the Circumstances By Which Chabad's
             Property Came to Be Placed for Auction....................................................................6

CONCLUSION....................................................................................................................................7

## TABLE OF AUTHORITIES

**Cases**

*Intel Corp. v. Adv. Micro Devices, Inc.*,
  542 U.S. 241 (2004)............................................................................................................ 5

*Triumph Aeurostructures, LLC v. Comau, Inc.*,
  No. 14-cv-2329, 2015 WL 5502625 (N.D. Tex. Sept. 18, 2015) ............................................. 6

*Tulip Comput. Int'l B.V. v. Dell Comput. Corp.*,
  254 F. Supp. 2d 469 (D. Del. 2003)......................................................................................... 6

**Statutes**

28 U.S.C. § 1781(b)(2) ...................................................................................................... 1, 5, 6

**Other Authorities**

Fed. R. Civ. P.  28(b) ............................................................................................................. 1, 6

Fed. R. Civ. P.  4(f)(2)(B)......................................................................................................... 1

**INTRODUCTION**

Pursuant to 28 U.S.C. § 1781(b)(2) and Federal Rule of Civil Procedure 4(f)(1), Plaintiff

Agudas Chasidei Chabad of United States ("Chabad") respectfully requests that this Court issue

the attached Letter of Request (Exhibit A) for international judicial assistance to the Appropriate

Judicial Authority of the State of Israel pursuant to the Convention on the Taking of Evidence

Abroad in Civil or Commercial Matters (the "Hague Convention").  The Letter of Request will

enable Chabad to obtain documents and information from Moreshet Auction House

("Moreshet") in Jerusalem, Israel, regarding the proposed auction of sacred manuscripts

belonging to Chabad that is subject to this Court's judgment and orders.  **That Auction is**

**scheduled for December 6, 2017.**

This motion concerns the same legal issue that Chabad presented to this Court on October

19, 2017. The Court granted Chabad's motion on October 24, 2017.   By virtue of Court's action,

Chabad was able to secure the return of its stolen book, which was installed in the Chabad library

in a ceremony on November 9, 2017.  **Chabad has spoken with counsel for the United States**

**and has been advised that the United States takes no position with respect to Chabad's**

**request for this relief.**

As set forth in the accompanying Declaration of Rabbi Joseph Aronov, Chabad believes

that the issuance of the Letters of Request will prevent the sale of Chabad's texts at the Moreshet

auction – and at the very least, issuance of the Letters of Request will give Chabad the

opportunity to discover the circumstances by which these materials were made available for

private auction in Israel, and to pursue the recovery of these texts from any potential "buyer" at a

later date.

Chabad respectfully suggests that an oral hearing may be unnecessary given the short timeframe prior to the December 6, 2017 auction.  However, should this Court desire to schedule a hearing, Chabad will make itself available at the Court's earliest-opportunity.

**BACKGROUND**

Chabad is once again seeking this Court's assistance in locating and retrieving its sacred texts.  Chabad's second request designed to prevent the sale of its texts in two months belies the Russian Government's assurances that Chabad's books are in good hands.  Likewise, the regularity with which the texts are now appearing on the open market demonstrates the urgency of Chabad's ultimate goal—securing the immediate return of the entire collection.

This Court is well versed in the underlying facts; as such, Chabad will not repeat them here.  Chabad last briefed this Court approximately one month ago, when Chabad sought issuance of Letters Rogatory directed towards the Kedem Auction House ("Kedem").  (Dkt. 158).  Chabad had learned that Kedem was planning to selling one of Chabad's volumes that was subject to this Court's judgment, and soon.  Chabad therefore sought emergency relief in order to prevent the loss of its volume at the auction to take place on October 31, 2017.  This Court held an emergency hearing on October 24, 2017 and granted Chabad's request.  (Dkt. 161).

Following the hearing, Chabad transmitted this Court's Order to Kedem and to the consignor of the Chabad volume in question.  On the evening of October 26, 2017, Kedem and the consignor agreed to remove the item from the auction proceeding, and on October 27, 2017 the volume was transferred to Chabad's representatives in the presence of the U.S. Ambassador to Israel David Friedman.  *See, e.g.*, "A Victory in the Books", *available at* http://collive.com/show_news.rtx?id=47907&alias=a-victory-in-the-books.  The return of this single volume was a historic occasion for Chabad.  *See, e.g.*, "Washington Cheers Chabad's Win," *available at*   http://collive.com/show_news.rtx?id=48054&alias=washington-cheers-

chabads-win; "The Rebbe's Book Returned Home," *available at*

http://col.org.il/%D7%97%D7%93%D7%A9%D7%95%D7%AA_%D7%97%D7%91%D7%93
_%D7%94%D7%A1%D7%A4%D7%A8_%D7%A9%D7%9C_%D7%9B%D7%A7_%D7%94
%D7%90%D7%93%D7%9E%D7%95%D7%A8_%D7%94%D7%9E%D7%94%D7%A8%D7
%A9_%D7%97%D7%96%D7%A8_%D7%94%D7%91%D7%99%D7%AA%D7%94_%D7%A
A%D7%99%D7%A2%D7%95%D7%93_107697.html.

Chabad has now learned that additional items that Chabad believes are subject to this

Court's July 30, 2010 Judgment (Dkt. 80) are in danger of being sold at auction.  Specifically,

Chabad has learned that on December 6, 2017, Moreshet Auction House in Jerusalem intends to

auction off four lots—Lots 317, 318, 319, and 320—consisting of 14 pages of text that Chabad

believes are part of the Archive described in this Court's judgment.  Levine Decl. ¶¶9-11.  The

texts include handwritten notes by the Third Chabad Rebbe, Rabbi Menachem Mendel

Schneerson, commonly known as "The Tzemach Tzedek."  Levine Decl. ¶10.  These pages were

likely bound together into a single volume. Levine Decl. ¶10.  Rabbi Shalom Dovber Levine, the

Chief Librarian and Head Curator for Chabad's Library, has examined the images of the texts

that Moreshet has provided on its website, and he believes that these texts are part of a larger

volume, which is in turn encompassed by this Court's July 30, 2010 Judgment (Dkt. 80). Levine

Decl. ¶¶6-11.  Indeed, these texts from the Third Rebbe strongly resemble material that this

Court has determined to be a part of the Archive.  *Id.*

Chabad first learned of the Moreshet texts in mid-November 2017.  On November 26,

2017, Rabbi Joseph Aronov personally visited Moreshet's office in Jerusalem, demanding that

Moreshet remove Lots 317-320 from its upcoming auction.  Aronov Decl. ¶ 2.  Rabbi Aronov

spoke with the co-owners of Moreshet, but they refused to comply with Chabad's request.

Aronov Decl. ¶ 7.  Moreshet did indicate, however, that if it received an indication that the texts were subject to a Court Order, it would remove the items from the auction.  Aronov Decl. ¶ 7.

Chabad has no information as to how the texts may have been removed from the collection being held in Russia; who was responsible for the removal; the extent to which entities in Israel or other countries may be involved, and the reasons for the sale (*e.g.,* whether the sale is part of a Russian plan to liquidate the materials for profit; whether the texts were stolen from the collection in Russia; or some other reason).  Chabad is therefore seeking to compel discovery from Moreshet regarding the circumstances by which it secured possession of these texts Chabad believes are subject to this Court's judgment.

## SUMMARY OF THE ARGUMENT

Letters Rogatory are appropriate and warranted in this case because Moreshet Auction House has important, non-duplicative documents and information relating to the means by which Chabad's texts previously in Russia's possession may have come to be placed for auction in Israel.  The auction house also has, or should have, information regarding the individual or entity who presented the texts for auction, and, if necessary, the purchaser of the texts.  The information sought will help to secure the return of the texts, which have been adjudicated in this Court to be Chabad's property, and are subject to an order of this Court directing their immediate return.

## ARGUMENT

I.      **Letters of Request Pursuant to the Hague Convention Is the Proper Method for a U.S. Court to Seek Discovery in the State of Israel**

Letters of Request, like letters rogatory, are formal requests sent by a court to a foreign authority asking that a witness residing within another country either provide documents, a deposition, or both, for use in a pending action before the requesting court. *Intel Corp. v. Adv.*

*Micro Devices, Inc.*, 542 U.S. 241, 247 n. 1 (2004) ("A letter rogatory is the request by a domestic court to a foreign court to take evidence from a certain witness."); *see also* 28 U.S.C. § 1781(b)(2) (permitting the "transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner").

The United States and Israel are both signatories to the Hague Convention.  *See* https://www.hcch.net/en/states/hcch-members (last visited November 27, 2017); https://travel.state.gov/content/travel/en/legal-considerations/judicial/country/israel.html. Chabad's request for issuance of a Letter Rogatory to obtain documents from Moreshet Auction House is thus the appropriate and preferred method of obtaining documents and information from an Israeli entity.

Israel permits the voluntary deposition of Israeli and third-country nationals with prior permission from the Israeli Central Authority for the Hague Convention:

> **Taking Voluntary Depositions of Willing Witnesses**
>
> . . . . Voluntary depositions of Israeli and third-country nationals require prior permission from the Israeli Central Authority for the Hague Evidence Convention. The taking of telephone and video-teleconference testimony of willing witnesses is permitted, assuming permission is granted when the witness is an Israeli or third country national. A deposition can be taken on notice from either party's attorney or pursuant to a commission issued by a U.S. court.  If taken on notice, the notice must state the time, place for taking the deposition and the name and address of each person to be examined. If the services of a U.S. consular officer are required to administer an oath to the witness, interpreter and stenographer, such arrangements must be made in advance with the U.S. embassy directly. If the deposition is taken pursuant to a commission, prior permission of the Israeli Central Authority is required.

*See*  https://travel.state.gov/content/travel/en/legal-considerations/judicial/country/israel.html

(last visited November 27, 2017).   Thus, Chabad seeks documents, evidence, and deposition

testimony from Moreshet Auction House in accordance with proper procedures under the Hague

Convention and Israeli Law.

> **II.**     **Letter Rogatory to Moreshet Auction House Will Result in Discovery that is Critical to Determining the Circumstances By Which Chabad's Property Came to Be Placed for Auction**

A party seeking discovery from a foreign entity bears the burden of persuading the trial

court of the necessity of a Letter Rogatory.  *Tulip Comput. Int'l B.V. v. Dell Comput. Corp.*, 254

F. Supp. 2d 469, 474 (D. Del. 2003) (citation omitted).  "Factors relevant to the Court's decision

include considerations of comity, the relative interests of the parties including the interest in

avoiding abusive discovery, and the ease and efficiency of alternative formats for discovery."  *Id.*

(citation omitted); *Triumph Aeurostructures, LLC v. Comau, Inc.*, No. 14-cv-2329, 2015 WL

5502625, at *3 (N.D. Tex. Sept. 18, 2015) (in deciding whether a letter rogatory is appropriate

under § 1781 and Rule 28(b), courts "have looked to the comity analysis set out, in the context of

letter of request to a country that is a party to the Hague Convention").  Chabad's request meets

this test.

The Letter of Request seeks documents and testimony that relate directly to the property

at the heart of this case.  Moreshet Auction House is the only entity that can identify the

individual(s) who placed the texts for auction, that has information regarding the circumstances

by which the texts may have been removed from the collection currently held by the Russian

Federation, and that can describe other circumstances involving the placement of the texts for

auction.  Indeed, it is possible given the timing of the sale that Moreshet Auction House also may

be the only entity that will know the identity of the purchaser of the volume.

To the best of Chabad's knowledge, the State of Israel has no direct interests in the texts,

or in this litigation *per se.*  Accordingly, any comity concerns regarding the request are minimal.

If Israel has some particular interest in this matter, those interests will be protected by the Israeli

governmental authority responsible for processing the request.  To the extent that Israel has an interest in protecting its citizens from discovery procedures that it deems inappropriate, the Letter of Request and the Hague Convention specify that local laws and procedures are to be respected.

As to possible alternative means of obtaining the relevant information, for obvious reasons no other method of obtaining discovery is likely to be successful.  On the contrary, all other avenues have been foreclosed.  Following its losses at the outset of this lawsuit, Russia has declined to participate in the litigation in any way.  Chabad has tried to obtain discovery pursuant to the Court's judgment in this country, but those efforts have been foreclosed by the State Department's pending objections.  Thus, no avenue of discovery in this country or in Russia is likely to secure information regarding the volume up for auction in Israel.

## CONCLUSION

For the foregoing reasons, Chabad respectfully requests (i) that the Court sign the Letter of Request, (ii) that the Clerk of the Court seal the document, and (iii) that the Clerk either forward the Letter of Request directly to the proper Israeli authorities or return the materials to the undersigned for delivery to the proper Israeli authorities as an officer of this Court.

Respectfully submitted,

Dated:  November 28, 2017        By:  */s/ Steven Lieberman*

Steven Lieberman (D.C. Bar No. 439783)
Robert Parker (D.C. Bar No. 404066)
Daniel McCallum (D.C. Bar No. 1006938)
Jennifer Nock
Rothwell, Figg, Ernst & Manbeck, P.C.
607 14th St., N.W., Suite 800
Washington, DC 20005
Phone:  202-783-6040
Facsimile:  202-783-6031
E-mails:  slieberman@rfem.com

rparker@rfem.com
dmccallum@rfem.com


Nathan Lewin (D.C. Bar No. 38299)
Alyza Lewin (D.C. Bar No. 445506)
LEWIN & LEWIN, LLP
888 17th Street NW, 4th Floor
Washington, D.C.  20006
Phone:  202-828-1000
Facsimile:  202-828-0909
E-mails:  nat@lewinlewin.com
            alyza@lewinlewin.com

*Counsel for Agudas Chasidei Chabad of the
United States*

8

**CERTIFICATE OF CONFERENCE**

As a courtesy, Counsel for Plaintiff informed Nathan Swinton, Esq., the attorney of the

Department of Justice who represents the interests of the United States in this matter, that

Chabad would be filing the present Motion.  Mr. Swinton stated that the United States has no

position on Chabad's motion.

> */s/ Daniel McCallum*
> Daniel McCAllum

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of November, 2017, a true and correct copy of the

foregoing **PLAINTIFF'S EMERGENCY MOTION FOR ISSUANCE OF A LETTER OF**

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE** was served by electronic

mail on the following counsel of record for the United States:

> Nathan Michael Swinton
> U.S. Department Of Justice
> Civil Division
> 20 Massachusetts Avenue, N.W.
> Room 7218
> Washington, DC 20530
> Email: nathan.m.swinton@usdoj.gov

I further certify that on this 28th day of November, 2017, a true and correct copy of the

foregoing **PLAINTIFF'S EMERGENCY MOTION FOR ISSUANCE OF A LETTER OF**

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE** was served by International

U.S. Mail on the following parties:

> Ministry of Justice of the Russian Federation
> Attn: Hon. Alexander Konovalov, Minister
> 14 Zhitnaya
> GSP-1 Moscow, Russia 119991

1

Ministry of Culture of the Russian Federation
Attn: Hon. Vladimir Medinsky, Minister
7/6 Bldg. 1/2, Maly Gnezdnikovsky Perelok
Moscow, Russia 125993

Russian State Military Archive
Attn: Vladimir N. Kyzelenkov, General Director
29 Admiral Makarov Street
Moscow, Russia 12512

Russian State Library
Attn: Victor V. Federov, General Director
3/5, Vozdivhenka Street
Moscow, Russia 119019

*/s/ Nasri V. B. Hage*
Nasri V. B. Hage
Rothwell, Figg, Ernst & Manbeck, P.C.

2