**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ ) | |
| AGUDAS CHASIDEI CHABAD ) | |
| OF UNITED STATES, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | Case No. 1:05-cv-01548-RCL |
| ) | |
| RUSSIAN FEDERATION; RUSSIAN ) | |
| MINISTRY OF CULTURE AND MASS ) | |
| COMMUNICATION; RUSSIAN STATE ) | |
| LIBRARY; and RUSSIAN STATE ) | |
| MILITARY ARCHIVE, ) | |
| ) | |
| *Defendants.* ) | |
| ) | |
| _____ ) | |

**PLAINTIFF'S EMERGENCY MOTION FOR ISSUANCE
OF A LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE IN
ADVANCE OF AN AUCTION ON FEBRUARY 28, 2023 OF AN ITEM FROM THE
<u>SCHNEERSON COLLECTION</u>**

## <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS.................................................................................................ii

TABLE OF AUTHORITIES ........................................................................................iii

I.   INTRODUCTION ............................................................................................. 1

II.   BACKGROUND................................................................................................ 2

III.   SUMMARY OF THE ARGUMENT.............................................................. 4

IV.   ARGUMENT ..................................................................................................... 4

   A.   Letters of Request Pursuant to the Hague Convention Is the Proper Method for a U.S.

   Court to Seek Discovery in the State of Israel ...................................................... 4

   B.   Taking Voluntary Depositions of Willing Witnesses.................................... 5

   C.   Letter Rogatory to TAJ-Art Auction House Will Result in Discovery that is Critical

   to Determining the Circumstances By Which Chabad's Property Came to Be Placed for

   Auction.................................................................................................................... 5

V.   CONCLUSION ................................................................................................. 7

## **TABLE OF AUTHORITIES**

**Cases**

*Intel Corp. v. Adv. Micro Devices, Inc.*,
   542 U.S. 241 (2004)................................................................................................ 4

*Liqwd, Inc. v. L'Oreal USA, Inc.*,
   No. 17-14-JFB-SRF, 2018 WL 11189616 (D. Del. Nov. 16, 2018)......................... 6

*Triumph Aeurostructures, LLC v. Comau, Inc.*,
   No. 14-cv-2329, 2015 WL 5502625 (N.D. Tex. Sept. 18, 2015) ............................ 6

*Tulip Comput. Int'l B.V. v. Dell Comput. Corp.*,
   254 F. Supp. 2d 469 (D. Del. 2003).......................................................................... 5

**Statutes**

28 U.S.C. § 1781 ........................................................................................................ 1, 4, 6

**Rules**

Fed. R. Civ. P. 28(b) ....................................................................................................... 6

Fed. R. Civ. P. 4(f)........................................................................................................... 1

I. **INTRODUCTION**

Pursuant to 28 U.S.C. § 1781(b)(2) and Federal Rule of Civil Procedure 4(f)(1), Plaintiff Agudas Chasidei Chabad of United States ("Chabad") respectfully requests that this Court issue the attached Letter of Request (Exhibit A) for international judicial assistance to the Appropriate Judicial Authority of the State of Israel pursuant to the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention"). The Letter of Request will enable Chabad to obtain documents and information from TAJ Art Judaica & Public Auction ("TAJ-Art") in Jerusalem, Israel, regarding the proposed auction of a religious manuscripts belonging to Chabad that is subject to this Court's judgment and orders. **That Auction is scheduled to take place on February 28, 2023**.

In 2017, this Court granted two similar emergency motions concerning the same legal issues regarding different auctions in Israel of texts removed from the Schneerson Collection, which this Court has ruled is being held in Russia unlawfully. By virtue of the Court's action, Chabad was able to secure the return of those stolen books (Dkt. Nos. 161 and 166). Another important document from Collection is now for sale in a different auction for Jewish antiquities.

As set forth in the accompanying Declaration of Rabbi Shalom DovBer Levine (the "Levine Decl."), Director and Curator at the Central Chabad-Lubavitch Research Library, Lot 102 of Auction 7 to be held by TAJ-Art on February 28 was part of the Schneerson Collection at the time of the Bolshevick government's unlawful confiscation of the Chabad Library, and was removed from the Library sometime thereafter.   As Rabbi Levine explains, the auction house that proposes to sell the manuscript describes it as having belonged to the Sixth Chabad Rebbe, who was the spiritual leader of Chabad at the time of the Bolshevick Revolution and the Library's confiscation.  Levine Decl. ¶¶ 3-4.  A photo of the manuscript on the auction house's website shows that the manuscript bears a sticker that was used by the Sixth Rebbe to identify

1

materials in the Chabad Library during the relevant time period.  *Id.* at ¶ 5.  Finally, Rabbi Levine points out the abysmal history of Soviet and Russian stewardship of the Library, which has resulted in the well-documented theft of materials from the Library for resale on world rare-book and antiquities markets.  *Id.* at ¶¶ 6-8.  Rabbi Levine is "confident that the manuscript TAJ Art proposes to sell as Lot 102 in Auction 7 on February 28, 2023 was part of the Schneerson Collection at the time of the Bolshevick's unlawful theft of the Library."  *Id.* at ¶ 9.

Chabad believes that the issuance of the Letters of Request will prevent the sale of Chabad's texts at the TAJ-Art auction – and at the very least, issuance of the Letters of Request will give Chabad the opportunity to discover the circumstances by which these materials were made available for private auction in Israel, and if appropriate, to pursue the recovery of these texts from any potential "buyer" at a later date. Chabad respectfully suggests that an oral hearing may be unnecessary given the short timeframe prior to the February 28, 2023 auction. However, should this Court desire to schedule a hearing, Chabad will make itself available at the Court's earliest opportunity.

## II. <u>BACKGROUND</u>

Chabad is once again seeking this Court's assistance in locating and retrieving its sacred texts. This is Chabad's third request related to preventing the sale of its texts. This Court is well-versed in the underlying facts; as such, Chabad will not repeat them here.

Chabad has just learned of another item that Chabad believes is subject to this Court's July 30, 2010 Judgment (Dkt. No. 80) and is in danger of being sold at auction. Specifically, Chabad has learned that on February 28, 2023, TAJ-Art Auction House in Jerusalem intends to auction off a manuscript titled "Meshivat Nefesh." Levine Decl. ¶ 2.  Evidence from the manuscript itself shows that the manuscript belongs to Chabad.  *Id.* at ¶¶ 2-6. The manuscript is described by the auction house as including "a most interesting letter" that "details and sheds

2

some light on the efforts expended by The Rashab, Rabbi DovBer Schneerson (The fifth Admor [rebbe] of the Chabad dynasty) to publish the work 'Meshivat Nefesh [sic], and attests to The Rashab's ownership of the manuscript." *Id.* at ¶ 2.  As Rabbi Levine explains in his declaration, the word "admor" means a spiritual leader, and in this context refers to the Chabad Rebbe. According to the auction house, the materials that accompany the transcript "attest to the [Rebbe's] ownership of the manuscript."

Rabbi Levine has examined the images of the texts that TAJ-Art has provided on its website, and he is confident given the available evidence that this text is part of a larger volume, which is in turn encompassed by this Court's July 30, 2010 Judgment (Dkt. No. 80). Levine Decl. ¶¶2-5.  In addition to the auction house's statement that the materials were owned by the Sixth Chabad Rebbe, the images of the manuscript show an orange sticker that was placed on materials in the Library by the Sixth Rebbe during the relevant time period.  In view of these identifying marks, This sticker corroborates the auction house's own statement that the manuscript is a part of the Schneerson Collection.  *Id.* at ¶ 4.

Finally, as Rabbi Levine further explains, since the Boshevick confiscation, no complete catalogue of the manuscripts in the Library has ever been prepared.  In fact, Soviet and Russian authorities have prohibited Rabbi Levine from inspecting the manuscript collection in full. However, Rabbi Levine has explained, and further attests in the accompanying declaration, that the materials have not been held in physically secure facilities, and he has documented instances in which materials from the Library have been placed for auction on world antiquities or rare book markets – whether under government or private auspices is uncertain.

Chabad is therefore seeking to compel discovery from TAJ-Art regarding the circumstances by which it secured possession of this text Chabad believes is subject to this

Court's judgment.

**III. <u>SUMMARY OF THE ARGUMENT</u>**

Letters Rogatory are appropriate and warranted in this case because TAJ-Art Auction House has important, non-duplicative documents and information relating to the means by which Chabad's texts previously in Russia's possession may have come to be placed for auction in Israel. The auction house also has, or should have, information regarding the individual or entity who presented the texts for auction, and, if necessary, the purchaser of the texts. The information sought will help to secure the return of the texts, which have been adjudicated in this Court to be Chabad's property, and are subject to an order of this Court directing their immediate return.

**IV. <u>ARGUMENT</u>**

> **A.    Letters of Request Pursuant to the Hague Convention Is the Proper Method for a U.S. Court to Seek Discovery in the State of Israel**

Letters of Request, like letters rogatory, are formal requests sent by a court to a foreign authority asking that a witness residing within another country either provide documents, a deposition, or both, for use in a pending action before the requesting court. *Intel Corp. v. Adv. Micro Devices, Inc.*, 542 U.S. 241, 247 n.1 (2004) ("A letter rogatory is the request by a domestic court to a foreign court to take evidence from a certain witness."); *see also* 28 U.S.C. § 1781(b)(2) (permitting the "transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner").

The United States and Israel are both signatories to the Hague Convention. *See* https://www.hcch.net/en/states/hcch-members (last visited February 20, 2023); https://travel.state.gov/content/travel/en/legal-considerations/judicial/country/israel.html.

Chabad's request for issuance of a Letter Rogatory to obtain documents from TAJ-Art Auction House is thus the appropriate and preferred method of obtaining documents and information from an Israeli entity.

The U.S. State Department confirms that Israel permits the voluntary deposition of Israeli and third-country nationals with prior permission from the Israeli Central Authority for the Hague Convention.  According to the State Department:

### B.      Taking Voluntary Depositions of Willing Witnesses

. . . . Voluntary depositions of Israeli and third-country nationals require prior permission from the Israeli Central Authority for the Hague Evidence Convention. The taking of telephone and video-teleconference testimony of willing witnesses is permitted, assuming permission is granted when the witness is an Israeli or third country national. A deposition can be taken on notice from either party's attorney or pursuant to a commission issued by a U.S. court.  If taken on notice, the notice must state the time, place for taking the deposition and the name and address of each person to be examined. If the services of a U.S. consular officer are required to administer an oath to the witness, interpreter and stenographer, such arrangements must be made in advance with the U.S. embassy directly. If the deposition is taken pursuant to a commission, prior permission of the Israeli Central Authority is required.

*See*  https://travel.state.gov/content/travel/en/legal-considerations/judicial/country/israel.html

(last visited February 20, 2023).   Thus, Chabad seeks documents, evidence, and deposition testimony from TAJ-Art Auction House in accordance with proper procedures under the Hague Convention and Israeli Law.

### C.      Letter Rogatory to TAJ-Art Auction House Will Result in Discovery that is Critical to Determining the Circumstances By Which Chabad's Property Came to Be Placed for Auction

A party seeking discovery from a foreign entity bears the burden of persuading the trial court of the necessity of a Letter Rogatory.  *Tulip Comput. Int'l B.V. v. Dell Comput. Corp.*, 254 F. Supp. 2d 469, 474 (D. Del. 2003) (citation omitted). "Factors relevant to the Court's decision include considerations of comity, the relative interests of the parties including the interest in

avoiding abusive discovery, and the ease and efficiency of alternative formats for discovery." *Id.* (citation omitted); *Liqwd, Inc. v. L'Oreal USA, Inc.*, No. 17-14-JFB-SRF, 2018 WL 11189616, at *2 (D. Del. Nov. 16, 2018) (same); *Triumph Aeurostructures, LLC v. Comau, Inc.*, No. 14-cv-2329, 2015 WL 5502625, at *3 (N.D. Tex. Sept. 18, 2015) (in deciding whether a letter rogatory is appropriate under § 1781 and Rule 28(b), courts "have looked to the comity analysis set out, in the context of letter of request to a country that is a party to the Hague Convention"). Chabad's request meets this test.

The Letter of Request seeks documents and testimony that relate directly to the property at the heart of this case. TAJ-Art Auction House is the only entity that can identify the individual(s) who placed the text for auction, that has information regarding the circumstances by which the texts may have been removed from the collection currently held by the Russian Federation, and that can describe other circumstances involving the placement of the text for auction. Indeed, it is possible given the timing of the sale that TAJ-Art Auction House also may be the only entity that will know the identity of the purchaser of the volume.

To the best of Chabad's knowledge, the State of Israel has no direct interests in the text, or in this litigation *per se.* Accordingly, any comity concerns regarding the request are minimal. If Israel has some particular interest in this matter, those interests will be protected by the Israeli governmental authority responsible for processing the request. To the extent that Israel has an interest in protecting its citizens from discovery procedures that it deems inappropriate, the Letter of Request and the Hague Convention specify that local laws and procedures are to be respected.

As to possible alternative means of obtaining the relevant information, for obvious reasons no other method of obtaining discovery is likely to be successful. On the contrary,

6

other avenues have been foreclosed. Following its losses at the outset of this lawsuit, Russia

has declined to participate in the litigation in any way. Although Chabad has received limited

discovery from third-parties in the United States, these third-parties likely do not have

personal knowledge regarding February 28, 2023 auction. Thus, no avenue of discovery in

this country or in Russia is likely to secure information regarding the volume up for auction

in Israel.

## V.  <u>CONCLUSION</u>

For the foregoing reasons, Chabad respectfully requests (i) that the Court sign the Letter

of Request, (ii) that the Clerk of the Court affix its seal to the document, and (iii) that the Clerk

return the materials to the undersigned for delivery to the proper Israeli authorities as an officer

of this Court.


Respectfully submitted,

Dated:  February 22, 2023          By:  <u>*Steven Lieberman*</u>
Steven Lieberman (D.C. Bar No. 439783)
Robert Parker (D.C. Bar No. 404066)
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
901 New York Ave., N.W., Suite 900
Washington, DC 20001
Phone:  202-783-6040
Facsimile:  202-783-6031
E-mails:  slieberman@rfem.com
            rparker@rfem.com

*Counsel for Agudas Chasidei Chabad of United
States*

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 22nd day of February, 2023, a true and correct copy of the

foregoing **PLAINTIFF'S EMERGENCY MOTION FOR ISSUANCE OF A LETTER OF**

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE IN ADVANCE OF AN**

**AUCTION ON FEBRUARY 28, 2023 OF AN ITEM FROM THE SCHNEERSON**

**COLLECTION** was served by electronic mail on the following counsel of record:

Benjamin Thomas Takemoto
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Ben Franklin Station
Washington, DC 20044
Email: benjamin.takemoto@usdoj.gov

*Counsel for the United States of America*


I further certify that on this 22nd day of February, 2023, a true and correct copy of the

foregoing **PLAINTIFF'S EMERGENCY MOTION FOR ISSUANCE OF A LETTER OF**

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE IN ADVANCE OF AN**

**AUCTION ON FEBRUARY 28, 2023 OF AN ITEM FROM THE SCHNEERSON**

**COLLECTION** was served by First-Class International Mail, through the U.S. Postal Service,

on the following parties:

Ministry of Justice of the Russian Federation
Attn: Hon. Konstantin Chuychenko, Minister
14 Zhitnaya Street
GSP-1 Moscow, Russia 119991


Ministry of Culture of the Russian Federation
Attn: Hon. Olga Lyubimova, Minister
7/6, Bldg. 1,2, Malyy Gnezdnikovskiy Pereulok
Moscow, Russia 125009

1

Russian State Military Archive
Attn: Vladimir N. Kyzelenkov, General Director
29 Admirala Makarova Street
Moscow, Russia 125212

Russian State Library
Attn: Vadim Valerievich Duda, General Director
3/5, Vozdvizhenka Street, 2nd Entrance
Moscow, Russia 119019

_/s/ Erik van Leeuwen_
Erik van Leeuwen
Litigation Operations Coordinator
ROTHWELL, FIGG, ERNST & MANBECK, P.C.