APPEAL,CLOSED,REGISTRY,TYPE–E

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:05–cv–01548–RCL</u>
### *Internal Use Only*

| | |
|---|---|
| AGUDAS CHASIDEI CHABAD OF UNITED STATES v. RUSSIAN FEDERATION et al | Date Filed: 07/29/2005 |
| Assigned to: Chief Judge Royce C. Lamberth | Date Terminated: 01/28/2011 |
| Cases:  1:15–mc–01153–RCL | Jury Demand: None |
|       1:19–mc–00146–RCL | Nature of Suit: 890 Other Statutory Actions |
| Case in other court:  USCA, 07–07002 | Jurisdiction: Federal Question |

Assigned to: Chief Judge Royce C. Lamberth

Cases:  1:15–mc–01153–RCL
        1:19–mc–00146–RCL

Case in other court:  USCA, 07–07002
                 USCA, 07–07006
                 USCA, 07–07006
                 USCA, 20–07080
                 USCA for the DC Circuit, 23–07036
                 U.S. District Ct. Central District of California, 2:04cv9233

Cause: 28:1332 Diversity–Breach of Contract

**<u>Non–Party Respondent</u>**

| | | |
|---|---|---|
| **TENEX–USA INCORPORATED** | represented by | **Carolyn Beth Lamm** |
| | | WHITE & CASE LLP |
| | | 701 Thirteenth Street, NW |
| | | 11th Floor |
| | | Washington, DC 20005 |
| | | (202) 626–3600 |
| | | Fax: (202) 639–9355 |
| | | Email: clamm@whitecase.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Francis A Vasquez , Jr** |
| | | F.A. VASQUEZ CONSULTING |
| | | 2109 Arrowleaf Drive |
| | | 22182 |
| | | Vienna, VA 22182 |
| | | 571–363–7747 |
| | | Email: frank@favasquez.com |
| | | *TERMINATED: 08/18/2020* |
| | | |
| | | **Nicolle E. Kownacki** |
| | | WHITE & CASE LLP |
| | | 701 Thirteenth Street, NW |
| | | Washington, DC 20005 |
| | | (202) 729–2448 |
| | | Fax: (202) 639–9355 |
| | | Email: nkownacki@whitecase.com |

*ATTORNEY TO BE NOTICED*

**Plaintiff**

**AGUDAS CHASIDEI CHABAD OF UNITED STATES**
*A non−profit religious corporation*

represented by   **Alyza Doba Lewin**
LEWIN AND LEWIN LLP
888 17th Street, NW
4th Floor
Washington, DC 20006
(202) 828−1000
Fax: (202) 828−0909
Email: alyza@lewinlewin.com
*ATTORNEY TO BE NOTICED*

**Daniel McCallum**
ROTHWELL, FIGG, ERNST &
MANBECK, P.C.
607 14th Street NW
Suite 800
Washington, DC 20005
(202) 783−6040
Email: dmccallum@rfem.com
*TERMINATED: 01/27/2022*

**Jennifer Phend Nock**
ROTHWELL, FIGG, ERNST &
MANBECK, PC
607 14th Street, NW
Suite 800
Washington, DC 20005
202−783−6040
Fax: 202−783−6031
Email: jnock@rfem.com
*ATTORNEY TO BE NOTICED*

**Jonathan E. Stern**
DREIER STEIN & KAHAN, LLP
The Water Garden
1620 26th Street
Sixth Floor, North Tower
Santa Monica, CA 90404−4060
(424) 202−6038
Fax: (424) 202−6238
Email: jstern@dskllp.com
*ATTORNEY TO BE NOTICED*

**Marshall B. Grossman**
ALSCHULER GROSSMAN LLP
The Water Garden
1620 26th Street
Fourth Floor, North Tower
Santa Monica, CA 90404−4060
(310) 255−9118

2

Fax: (310) 907–2118
Email: mgrossman@agsk.com
*TERMINATED: 02/03/2014*

**Nathan Lewin**
LEWIN & LEWIN, LLP
888 17th Street, NW
4th Floor
Washington, DC 20006
(202) 828–1000
Fax: (202) 828–0909
Email: nat@lewinlewin.com
*ATTORNEY TO BE NOTICED*

**Robert P. Parker**
ROTHWELL, FIGG, ERNST &
MANBECK, PC
607 14th Street, NW
Suite 800
Washington, DC 20005
(202) 783–6040
Fax: (202) 783–6031
Email: rparker@rfem.com
*ATTORNEY TO BE NOTICED*

**Seth M. Gerber**
BINGHAM MCCUTCHEN, LLP
355 South Grand Avenue
Suite 4400
Los Angeles, CA 90071
(213) 680–6811
Fax: (213) 680–6499
Email: seth.gerber@bingham.com
*TERMINATED: 11/21/2014*

**Steven Lieberman**
ROTHWELL, FIGG, ERNST &
MANBECK, P.C.
901 New York Avenue NW
Suite 900 East
Washington, DC 20001
202–783–6040
Fax: 202–783–6031
Email: slieberman@rfem.com
*ATTORNEY TO BE NOTICED*

**William Bradford Reynolds**
BAKER BOTTS LLP
1299 Pennsylvania Avenue, NW
Suite 12087
Washington, DC 20004
(202) 639–7801

Email: bradford.reynolds@bakerbotts.com
*TERMINATED: 07/06/2011*

V.

**Defendant**

**RUSSIAN FEDERATION**                  represented by   **Alan Leonard Briggs**
*A foreign State*                                         SQUIRE SANDERS (US) LLP
                                                          1200 19th ST, NW
                                                          Suite 300
                                                          Washington, DC 20036
                                                          (202)626–6702
                                                          Fax: (202)626–6780
                                                          Email: abriggs@ssd.com
                                                          *TERMINATED: 10/26/2009*

                                                          **Don A. Proudfoot , Jr.**
                                                          SQUIRE, SANDERS & DEMPSEY, LLP
                                                          801 South Figueroa Street
                                                          Suite 1400
                                                          Los Angeles, CA 90017
                                                          (213) 689–5140
                                                          Email: dproudfoot@ssd.com
                                                          *TERMINATED: 10/26/2009*

                                                          **Donald Thomas Bucklin**
                                                          7678 Hawks Landing Drive
                                                          300
                                                          West Palm Beach, FL 33412
                                                          (561) 625–6814
                                                          Email: donald.bucklin@squiresanders.com
                                                          *TERMINATED: 10/26/2009*

                                                          **James Henry Broderick , Jr.**
                                                          SQUIRE, SANDERS & DEMPSEY, LLP
                                                          555 South Flower Street, Suite 3100
                                                          Los Angeles, CA 90071–2300
                                                          (213) 624–2500
                                                          Fax: (213) 624–2500
                                                          Email: jbroderick@ssd.com
                                                          *TERMINATED: 10/26/2009*

                                                          **James Paul Murphy**
                                                          SQUIRE, SANDERS & DEMPSEY,
                                                          L.L.P.
                                                          1200 19th Street, NW
                                                          Suite 300
                                                          Washington, DC 20036
                                                          (202) 626–6793
                                                          Fax: (202) 626–6780
                                                          Email: jmurphy@ssd.com

*TERMINATED: 10/26/2009*

**Jeremy William Dutra**
SQUIRE PATTON BOGGS (US) LLP
2550 M Street, NW
Washington, DC 20037
(202) 626–6600
Email: jeremy.dutra@squirepb.com
*TERMINATED: 10/26/2009*

**Lan T. Quach**
SQUIRE, SANDERS & DEMPSEY,
L.L.P.
801 S. Figueroa Street
Suite 1400
Los Angeles, CA 90017
(213) 689–5126
Fax: (213) 623–4581
Email: lquach@ssd.com
*TERMINATED: 10/26/2009*

**Defendant**

| | | |
|---|---|---|
| **RUSSIAN MINISTRY OF CULTURE AND MASS COMMUNICATION** | represented by | **Alan Leonard Briggs**<br>(See above for address)<br>*TERMINATED: 10/26/2009* |

**Don A. Proudfoot , Jr.**
(See above for address)
*TERMINATED: 10/26/2009*

**Donald Thomas Bucklin**
(See above for address)
*TERMINATED: 10/26/2009*

**James Henry Broderick , Jr.**
(See above for address)
*TERMINATED: 10/26/2009*

**James Paul Murphy**
(See above for address)
*TERMINATED: 10/26/2009*

**Jeremy William Dutra**
(See above for address)
*TERMINATED: 10/26/2009*

**Lan T. Quach**
(See above for address)
*TERMINATED: 10/26/2009*

**Defendant**

**RUSSIAN STATE LIBRARY**
*Each agency or instrumentality of the*
*Russian Federation*

represented by   **Alan Leonard Briggs**
(See above for address)
*TERMINATED: 10/26/2009*

**Don A. Proudfoot , Jr.**
(See above for address)
*TERMINATED: 10/26/2009*

**Donald Thomas Bucklin**
(See above for address)
*TERMINATED: 10/26/2009*

**James Henry Broderick , Jr.**
(See above for address)
*TERMINATED: 10/26/2009*

**James Paul Murphy**
(See above for address)
*TERMINATED: 10/26/2009*

**Jeremy William Dutra**
(See above for address)
*TERMINATED: 10/26/2009*

**Lan T. Quach**
(See above for address)
*TERMINATED: 10/26/2009*

**Defendant**

**RUSSIAN STATE MILITARY**
**ARCHIVE**
*Each agency or instrumentality of the*
*Russian Federation*

represented by   **Alan Leonard Briggs**
(See above for address)
*TERMINATED: 10/26/2009*

**Don A. Proudfoot , Jr.**
(See above for address)
*TERMINATED: 10/26/2009*

**Donald Thomas Bucklin**
(See above for address)
*TERMINATED: 10/26/2009*

**James Henry Broderick , Jr.**
(See above for address)
*TERMINATED: 10/26/2009*

**James Paul Murphy**
(See above for address)
*TERMINATED: 10/26/2009*

**Jeremy William Dutra**
(See above for address)
*TERMINATED: 10/26/2009*

**Lan T. Quach**
(See above for address)
*TERMINATED: 10/26/2009*

**Defendant**

**DOES**
*1 through 10, inclusive*

V.

**Interested Party**

**UNITED STATES OF AMERICA**          represented by   **Benjamin Thomas Takemoto**
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
P.O. Box 883
Ben Franklin Station
Washington, DC 20044
(202) 532–4252
Fax: (202) 616–8470
Email: benjamin.takemoto@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James D. Nelson**
U.S. DEPARTMENT OF JUSTICE
Civil Division
20 Massachusetts Avenue, NW
Room 7107
Washington, DC 20530
(202) 307–6600
Fax: (202) 616–8460
Email: james.d.nelson2@usdoj.gov
*TERMINATED: 06/08/2012*

**Joel L. McElvain**
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Suite 900
Washington, DC 20006
(202) 626–2929
Fax: (202) 626–3737
Email: joel.l.mcelvain@usdoj.gov
*TERMINATED: 01/29/2014*

**Nathan Michael Swinton**
U.S. DEPARTMENT OF JUSTICE
Civil Division – Commercial
Litigation Branch
1100 L Street NW
Washington, DC 20530

(202) 305–7667
Email: Nathan.Swinton@usdoj.gov
*TERMINATED: 07/25/2020*

**Movant**

**SIMON WIESENTHAL CENTER**  represented by  **Martin Mendelsohn**
MENDELSOHN CONSULTANCY
5705 McKinley Street
Bethesda, MD 20817
301–897–5765
Email: martin@mendelsohnconsultancy.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Intervenor**

**STATE DEVELOPMENT**  represented by  **David C. Tobin**
**CORPORATION VEB.RF**  TOBIN, O'CONNOR & EWING
5335 Wisconsin Avenue, NW
Suite 700
Washington, DC 20015
(202) 362–5900
Fax: (202) 362–5901
Email: dctobin@tobinoconnor.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Wesley W. Whitmyer , Jr.**
WHITMYER IP GROUP LLC
600 Summer Street
Stamford, CT 06901
203–703–0800
Fax: 203–703–0801
Email: litigation@whipgroup.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/29/2005 | 1 | CASE TRANSFERRED IN from the U.S. District Court for the Central District of California (Western Division–Los Angeles). Case Number 2:04cv9233filed by AGUDAS CHASIDEI CHABAD OF UNITED STATES. (Attachments: # 1 Exhibit Central District Courts Papers)(rje, ) (Additional attachment(s) added on 5/13/2011: # 2 Exhibit Central District Documents) (smm, ). (Attachment 2 replaced on 5/13/2011) (smm, ). (Entered: 08/01/2005) |
| 11/23/2005 | 2 | ORDER requesting supplemental briefs.Signed by Judge Royce C. Lamberth on 11/23/05. (lcrcl2, ) (Entered: 11/23/2005) |
| 12/01/2005 | 3 | NOTICE of Appearance by Nathan Lewin on behalf of AGUDAS CHASIDEI CHABAD OF UNITED STATES (Lewin, Nathan) (Entered: 12/01/2005) |

| 12/01/2005 | 4 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Nathan Lewin. :Address– 1828 L Street. NW Suite 901, Washington DC 20036. Phone No. – 202–828–1000. Fax No. – 202–828–0909 by AGUDAS CHASIDEI CHABAD OF UNITED STATES. (Attachments: # 1 Affidavit Marshall Bruce Grossman# 2 Affidavit J. Stern# 3 Affidavit Seth Gerber# 4 Text of Proposed Order # 5 Certificate of Service)(Lewin, Nathan) Modified on 12/28/2005 (jeb, ). (Entered: 12/01/2005) |
|---|---|---|
| 12/01/2005 | 5 | NOTICE of Appearance by Nathan Lewin on behalf of AGUDAS CHASIDEI CHABAD OF UNITED STATES (Lewin, Nathan) (Entered: 12/01/2005) |
| 12/01/2005 | 6 | NOTICE of Appearance by Alyza Doba Lewin on behalf of AGUDAS CHASIDEI CHABAD OF UNITED STATES (Lewin, Alyza) (Entered: 12/01/2005) |
| 12/02/2005 | 7 | NOTICE of Appearance by Donald Thomas Bucklin on behalf of all defendants (Bucklin, Donald) (Entered: 12/02/2005) |
| 12/02/2005 | 8 | Consent MOTION to Amend/Correct by RUSSIAN FEDERATION. (Bucklin, Donald) (Entered: 12/02/2005) |
| 12/02/2005 | 9 | ORDER granting 4 Motion for Leave to Appear Pro Hac Vice . Signed by Judge Royce C. Lamberth on 12/2/05. (lcrcl2, ) (Entered: 12/02/2005) |
| 12/05/2005 | 10 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Donald T. Bucklin. :Address– Squie Sanders & Dempsey, 1201 Pennsylvania Avenue, N.W. #500, Washington, DC. Phone No. – (202) 626–6816. Fax No. – (202) 626–6780 by RUSSIAN FEDERATION. (Bucklin, Donald) (Entered: 12/05/2005) |
| 12/06/2005 | 11 | ORDER granting 8 Motion to Amend/Correct. The supplemental briefs requested in this Court's November 23, 2005 Order shall be filed as follows: defendants shall file their brief by December 23, 2005; and plaintiff shall file its brief by January 23, 2006.. Signed by Judge Royce C. Lamberth on 12/6/05. (lcrcl2, ) (Entered: 12/06/2005) |
| 12/06/2005 | | Set/Reset Deadlines: Supplemental Memorandum due by 12/23/2005. (mon, ) (Entered: 12/09/2005) |
| 12/13/2005 | 12 | NOTICE of Appearance by William Bradford Reynolds on behalf of AGUDAS CHASIDEI CHABAD OF UNITED STATES (Reynolds, William) (Entered: 12/13/2005) |
| 12/13/2005 | 13 | ORDER granting 10 Motion to admit James H. Broderick, Jr., Don A. Proudfoot, Jr., and Lan T. Quach Pro Hac Vice. Signed by Judge Royce C. Lamberth on 12/13/2005. (lcrcl1, ) (Entered: 12/13/2005) |
| 12/24/2005 | 14 | SUPPLEMENTAL MEMORANDUM to *Motion to Dismiss* filed by RUSSIAN FEDERATION, RUSSIAN MINISTRY OF CULTURE AND MASS COMMUNICATION, RUSSIAN STATE LIBRARY, RUSSIAN STATE MILITARY ARCHIVE. (Broderick, James) (Entered: 12/24/2005) |
| 01/23/2006 | 15 | SUPPLEMENTAL MEMORANDUM to *in Opposition to Defendants' Motion to Dismiss* filed by AGUDAS CHASIDEI CHABAD OF UNITED STATES. (Attachments: # 1 Continuation of Supplemental Memorandum# 2 Supplemental Request for Judicial Notice# 3 Supplemental Declaration of M. Grossman# 4 Continuation of Supplemental Declaration of M. Grossman)(Lewin, Nathan) (Entered: 01/23/2006) |

| 06/16/2006 | 16 | Consent MOTION to Take Deposition from Elderly Witnesses *submitted* by RUSSIAN FEDERATION, RUSSIAN MINISTRY OF CULTURE AND MASS COMMUNICATION, RUSSIAN STATE LIBRARY, RUSSIAN STATE MILITARY ARCHIVE. (Broderick, James)# 1 Proposed Order Additional attachment(s) added on 6/19/2006 (tg, ). (Entered: 06/16/2006) |
|---|---|---|
| 06/16/2006 | 17 | ENTERED IN ERROR.....Consent MOTION for Order *Proposed Order* by RUSSIAN FEDERATION, RUSSIAN MINISTRY OF CULTURE AND MASS COMMUNICATION, RUSSIAN STATE LIBRARY, RUSSIAN STATE MILITARY ARCHIVE. (Broderick, James) Modified on 6/19/2006 (tg, ). (Entered: 06/16/2006) |
| 06/19/2006 | | NOTICE OF CORRECTED DOCKET ENTRY: re 17 Consent MOTION for Order *Proposed Order* was entered in error as the document is a proposed order and not a motion. The clerk attached the proposed order to the related motion as an attachment. (tg, ) (Entered: 06/19/2006) |
| 06/19/2006 | 18 | ORDER granting 16 parties' Consent Motion 16 Re Taking Depositions of Elderly Witnesses; Unless otherwise ordered by the Court, the parties shall not submit supplemental briefing on Defendants? motion to dismiss regarding the deposition testimony of Rabbi Yehuda Krinsky, Rabbi Avraham Hecht, or Rabbi Joseph Wineberg. Signed by Judge Royce C. Lamberth on 6/19/06. (lcrcl1, ) (Entered: 06/19/2006) |
| 08/01/2006 | | NOTICE of Hearing: Motion Hearing reset for 8/30/2006 04:00 PM before Judge Royce C. Lamberth. (lin, ) (Entered: 08/01/2006) |
| 08/30/2006 | | Minute Entry for proceedings held before Judge Royce C. Lamberth : Motion Hearing held on 8/30/2006 MOTION to dismiss, heard and held in abeyance. (Court Reporter Rebecca Stonestreet.) (rje) (Entered: 08/31/2006) |
| 09/15/2006 | 19 | TRANSCRIPT of Proceedings held on August 29, 2006 Motions Hearing before Judge Royce C. Lamberth. Court Reporter: Rebecca Stonestreet. The public may view the document in the Clerk's Office between the hours of 9:00 a.m. and 4:00 p.m, Monday through Friday. (tg, ) (zss). (Entered: 09/18/2006) |
| 12/04/2006 | 20 | ORDER granting in part and denying in part defendants' Motion [Cal. 13] to dismiss. The motion to dismiss is granted as to allegations related to the "Library," and is denied as to allegations related to the "Archive." Signed by Judge Royce C. Lamberth on 12/04/2006. (lcrcl1, ) (Entered: 12/04/2006) |
| 12/04/2006 | 21 | MEMORANDUM AND OPINION. Signed by Judge Royce C. Lamberth on 12/04/2006. (lcrcl1, ) (Entered: 12/04/2006) |
| 01/03/2007 | 22 | MOTION for Entry of Final Judgment by AGUDAS CHASIDEI CHABAD OF UNITED STATES. (Attachments: # 1 Statement of Points and Authorities# 2 Text of Proposed Order)(Lewin, Nathan) (Entered: 01/03/2007) |
| 01/03/2007 | 23 | NOTICE *of Name Change of Law Firm* by AGUDAS CHASIDEI CHABAD OF UNITED STATES (Lewin, Nathan) (Entered: 01/03/2007) |
| 01/03/2007 | 24 | NOTICE OF APPEAL by RUSSIAN FEDERATION, RUSSIAN MINISTRY OF CULTURE AND MASS COMMUNICATION, RUSSIAN STATE LIBRARY, RUSSIAN STATE MILITARY ARCHIVE. Filing fee $ 455, receipt number 1084149. Fee Status: Fee Paid. Parties have been notified. (Broderick, James) (Entered: 01/03/2007) |

| 01/03/2007 | 25 | MOTION for certification of an immediate appeal by AGUDAS CHASIDEI CHABAD OF UNITED STATES. (tg, ) (See docket number 22 for scanned document) (Entered: 01/04/2007) |
| 01/04/2007 | | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re 24 Notice of Appeal, (tg, ) (Entered: 01/04/2007) |
| 01/16/2007 | 26 | Memorandum in opposition to re 25 MOTION, 22 MOTION for Entry of Final Judgment *statement of points and authorities in non−opposition and opposition to rule 54(b)* filed by RUSSIAN FEDERATION. (Quach, Lan) (Entered: 01/16/2007) |
| 01/17/2007 | 27 | NOTICE OF APPEAL by AGUDAS CHASIDEI CHABAD OF UNITED STATES. Filing fee $ 455, receipt number 1094113. Fee Status: Fee Paid. Parties have been notified. (Lewin, Nathan) (Entered: 01/17/2007) |
| 01/17/2007 | | USCA Case Number 07−7002 for 24 Notice of Appeal, filed by RUSSIAN FEDERATION, RUSSIAN MINISTRY OF CULTURE AND MASS COMMUNICATION,, RUSSIAN STATE LIBRARY, RUSSIAN STATE MILITARY ARCHIVE. (tg, ) (Entered: 01/18/2007) |
| 01/18/2007 | | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re 27 Notice of Appeal (tg, ) (Entered: 01/18/2007) |
| 02/01/2007 | | USCA Case Number 07−7006 for 27 Notice of Appeal filed by AGUDAS CHASIDEI CHABAD OF UNITED STATES. (tg, ) (Entered: 02/05/2007) |
| 02/08/2007 | 28 | ORDER granting 22 Motion for Entry of Final Judgment, denying 25 Motion to certify interlocutory appeal. Signed by Judge Royce C. Lamberth on 2/7/2007. (lcrcl1, ) (Entered: 02/08/2007) |
| 02/08/2007 | 29 | NOTICE OF APPEAL as to 28 Order on Motion for Entry of Final Judgment, Order on Motion for Miscellaneous Relief by AGUDAS CHASIDEI CHABAD OF UNITED STATES. Filing fee $ 455, receipt number 1113589. Fee Status: Fee Paid. Parties have been notified. (Lewin, Nathan) (Entered: 02/08/2007) |
| 02/09/2007 | | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re 29 Notice of Appeal, (tg, ) (Entered: 02/09/2007) |
| 02/23/2007 | | USCA Case Number 07−7006 for 29 Notice of Appeal, filed by AGUDAS CHASIDEI CHABAD OF UNITED STATES. (tg, ) (Entered: 02/26/2007) |
| 10/28/2008 | 30 | MANDATE of USCA (certified copy) as to 24 Notice of Appeal, filed by RUSSIAN STATE MILITARY ARCHIVE, RUSSIAN FEDERATION, RUSSIAN STATE LIBRARY, RUSSIAN MINISTRY OF CULTURE AND MASS COMMUNICATION ; ORDERED and ADJUDGED that the judgment of the District Court appealed from in these causes is hereby affirmed in part, reversed in part, and vacated in part. (USCA No. 07−7002) (Attachments: # 1 Opinion)(mmh, ) (Entered: 10/30/2008) |
| 10/30/2008 | | Set/Reset Hearings: Status Conference set for 11/6/2008 at 03:00 PM in Courtroom 22A before Chief Judge Royce C. Lamberth. (rje) (Entered: 10/30/2008) |
| 10/30/2008 | | Set/Reset Hearings: Status Conference reset for 11/17/2008 at 10:00 AM in Courtroom 22A before Chief Judge Royce C. Lamberth. Any hearing dated scheduled prior to this date is hereby VACATED. (rje) (Entered: 10/30/2008) |
| 11/13/2008 | | |

| | | Set/Reset Hearings: Status Conference reset for 11/17/2008 at 02:00 PM in Courtroom 22A before Chief Judge Royce C. Lamberth. (rje) (Entered: 11/13/2008) |
|---|---|---|
| 11/13/2008 | 31 | MOTION for Supplemental Initial Disclosures and Discovery Responses Pursuant to Fed. R. Civ. P. 26(e)(1) by AGUDAS CHASIDEI CHABAD OF UNITED STATES (Attachments: # 1 Exhibits A – D, # 2 Text of Proposed Order)(Lewin, Nathan) (Entered: 11/13/2008) |
| 11/17/2008 | 32 | ORDER setting deadlines and status conference. Signed by Chief Judge Royce C. Lamberth on 11/17/2008. (lcrcl1, ) (Entered: 11/17/2008) |
| 11/17/2008 | | Minute Entry for proceedings held before Chief Judge Royce C. Lamberth: Status Conference held on 11/17/2008. Status Conference set for 12/19/2008 at 02:00 PM in Courtroom 22A before Chief Judge Royce C. Lamberth. (Court Reporter Theresa Sorensen.) (rje) (Entered: 11/17/2008) |
| 11/18/2008 | 33 | ENTERED IN ERROR.....NOTICE *of Appearance by Sarah C. Carey on behalf of* by RUSSIAN FEDERATION, RUSSIAN MINISTRY OF CULTURE AND MASS COMMUNICATION, RUSSIAN STATE LIBRARY, RUSSIAN STATE MILITARY ARCHIVE (Dutra, Jeremy) Modified on 11/19/2008 (tg, ). (Entered: 11/18/2008) |
| 11/19/2008 | | NOTICE OF CORRECTED DOCKET ENTRY: re 33 Notice (Other), Notice (Other) was entered in error. The notice of appearance for Attorney Carey was filed by Attorney Dutra, Mr. Dutra is not an attorney of record in this case. Attorney Carey was instructed to refile said pleading using her own login and password. (tg, ) (Entered: 11/19/2008) |
| 12/02/2008 | 34 | Joint MOTION for Order *Revised Scheduling Order* by AGUDAS CHASIDEI CHABAD OF UNITED STATES (Attachments: # 1 Text of Proposed Order)(Lewin, Alyza) (Entered: 12/02/2008) |
| 12/02/2008 | 35 | ORDER granting 34 joint motion for revised scheduling order. Signed by Chief Judge Royce C. Lamberth on 12/2/2008. (lcrcl1, ) (Entered: 12/02/2008) |
| 12/03/2008 | | Set/Reset Deadlines/Hearings: Defendants' Answer due by 12/11/2008. Meet & Confer Report due by 1/13/2009. Status Conference set for 1/15/2009 at 02:00 PM in Courtroom 22A before Chief Judge Royce C. Lamberth. (rje) (Entered: 12/03/2008) |
| 12/08/2008 | 36 | NOTICE of Appearance by Jeremy William Dutra on behalf of RUSSIAN FEDERATION, RUSSIAN MINISTRY OF CULTURE AND MASS COMMUNICATION, RUSSIAN STATE LIBRARY, RUSSIAN STATE MILITARY ARCHIVE (Dutra, Jeremy) (Entered: 12/08/2008) |
| 12/11/2008 | 37 | ANSWER to Complaint by RUSSIAN FEDERATION, RUSSIAN MINISTRY OF CULTURE AND MASS COMMUNICATION, RUSSIAN STATE LIBRARY, RUSSIAN STATE MILITARY ARCHIVE. Related document: 1 Case Transferred In – District Transfer, filed by AGUDAS CHASIDEI CHABAD OF UNITED STATES.(Dutra, Jeremy) (Entered: 12/11/2008) |
| 12/12/2008 | | NOTICE OF ERROR re 37 Answer to Complaint; emailed to jdutra@ssd.com, cc'd 13 associated attorneys –– The PDF file you docketed contained errors: 1. Attorney Dutra is going to file a document through ECF he must also sign ALL the documents himself. (tg, ) (Entered: 12/12/2008) |
| 01/07/2009 | 38 | |

| | | |
|---|---|---|
| | | MOTION for Preliminary Injunction by AGUDAS CHASIDEI CHABAD OF UNITED STATES (Attachments: # 1 Memorandum in Support, # 2 Affidavit, # 3 Text of Proposed Order)(Lewin, Nathan) (Entered: 01/07/2009) |
| 01/08/2009 | 39 | Joint MOTION for Order *for Revised Status Conference Date and for Filing Meet−and−Confer Report* by AGUDAS CHASIDEI CHABAD OF UNITED STATES (Attachments: # 1 Text of Proposed Order)(Lewin, Alyza) (Entered: 01/08/2009) |
| 01/08/2009 | 40 | ENTERED IN ERROR.....ORDER granting 39 Motion for revised schedule. Signed by Chief Judge Royce C. Lamberth on 1/8/2009. (lcrcl1, ) Modified on 1/9/2009 (tg, ). (Entered: 01/08/2009) |
| 01/08/2009 | | MINUTE ORDER granting motion 39 for a revised schedule. (1) The meet and confer report is now due January 16, 2009; (2) The status conference currently scheduled to be held on January 15, 2009, at 2 P.M. is moved to January 22, 2009, at 10 a.m. Signed by Chief Judge Royce C. Lamberth on 1/8/2009. (lcrcl1, ) (Entered: 01/08/2009) |
| 01/08/2009 | | Set/Reset Hearings: Status Conference reset for 1/22/2009 at 10:00 AM in Courtroom 22A before Chief Judge Royce C. Lamberth. (rje) (Entered: 01/08/2009) |
| 01/09/2009 | | NOTICE OF CORRECTED DOCKET ENTRY: 40 Order on Motion for Order was entered in error because of a corrupted document. A Minute Order was entered to replace the corrupted order.(tg, ) (Entered: 01/09/2009) |
| 01/16/2009 | 41 | MEET AND CONFER STATEMENT. (Lewin, Alyza) (Entered: 01/16/2009) |
| 01/16/2009 | 42 | WITHDRAWN PURSUANT TO NOTICE FILED 3/6/2009..... MOTION to Withdraw as Attorney by RUSSIAN FEDERATION, RUSSIAN MINISTRY OF CULTURE AND MASS COMMUNICATION, RUSSIAN STATE LIBRARY, RUSSIAN STATE MILITARY ARCHIVE (Attachments: # 1 Text of Proposed Order)(Dutra, Jeremy) Modified on 3/9/2009 (znmw, ). (Entered: 01/16/2009) |
| 01/21/2009 | 43 | ENTERED IN ERROR.....MOTION for Preliminary Injunction *Request for Additional Time for Defendants to Respond to Motion for Preliminary Injunction* by RUSSIAN FEDERATION, RUSSIAN MINISTRY OF CULTURE AND MASS COMMUNICATION, RUSSIAN STATE LIBRARY, RUSSIAN STATE MILITARY ARCHIVE (Broderick, James) Modified on 1/22/2009 (tg, ). (Entered: 01/21/2009) |
| 01/21/2009 | 44 | Memorandum in opposition to re 42 MOTION to Withdraw as Attorney filed by AGUDAS CHASIDEI CHABAD OF UNITED STATES. (Attachments: # 1 Exhibit 1)(Lewin, Alyza) (Entered: 01/21/2009) |
| 01/22/2009 | | NOTICE OF CORRECTED DOCKET ENTRY: re 43 MOTION for Preliminary Injunction was entered in error and counsel was instructed to refile said pleading using the proper ECF event to docket a Motion for Extension of Time. (tg, ) (Entered: 01/22/2009) |
| 01/22/2009 | | Minute Entry for proceedings held before Chief Judge Royce C. Lamberth: Status Conference held on 1/22/2009. Preliminary Injunctin Hearing set for 1/27/2009 10:00 AM in Courtroom 22A before Chief Judge Royce C. Lamberth. (Court Reporter Theresa Sorensen.) (rje) (Entered: 01/22/2009) |
| 01/22/2009 | 45 | |

| | | |
|---|---|---|
| | | NOTICE of Proposed Order by AGUDAS CHASIDEI CHABAD OF UNITED STATES re 38 MOTION for Preliminary Injunction (Lewin, Nathan) (Entered: 01/22/2009) |
| 01/22/2009 | 46 | TEMPORARY RESTRAINING ORDER. Signed by Chief Judge Royce C. Lamberth on 1/22/2009. (lcrcl1, ) (Entered: 01/22/2009) |
| 01/22/2009 | 47 | MOTION for Extension of Time to File Response/Reply as to 38 MOTION for Preliminary Injunction *Request for Additional Time for Defendants to Respond to Motion for Preliminary Injunction* by RUSSIAN FEDERATION, RUSSIAN MINISTRY OF CULTURE AND MASS COMMUNICATION, RUSSIAN STATE LIBRARY, RUSSIAN STATE MILITARY ARCHIVE (Broderick, James) (Entered: 01/22/2009) |
| 01/26/2009 | 48 | Memorandum in opposition to re 38 MOTION for Preliminary Injunction filed by RUSSIAN FEDERATION, RUSSIAN MINISTRY OF CULTURE AND MASS COMMUNICATION, RUSSIAN STATE LIBRARY, RUSSIAN STATE MILITARY ARCHIVE. (Briggs, Alan) (Entered: 01/26/2009) |
| 01/26/2009 | 49 | NOTICE by RUSSIAN FEDERATION, RUSSIAN MINISTRY OF CULTURE AND MASS COMMUNICATION, RUSSIAN STATE LIBRARY, RUSSIAN STATE MILITARY ARCHIVE re 42 MOTION to Withdraw as Attorney (Attachments: # 1 Text of Proposed Order)(Briggs, Alan) (Entered: 01/26/2009) |
| 01/26/2009 | 50 | SUPPLEMENTAL MEMORANDUM to *SUPPORT 38 MOTION FOR PRELIMINARY INJUNCTION* filed by AGUDAS CHASIDEI CHABAD OF UNITED STATES. (Lewin, Nathan) Modified to add linkage on 1/27/2009 (tg, ). (Entered: 01/26/2009) |
| 01/26/2009 | 51 | NOTICE of Proposed Order *for Preliminary Injunction* by AGUDAS CHASIDEI CHABAD OF UNITED STATES re 38 MOTION for Preliminary Injunction (Lewin, Nathan) (Entered: 01/26/2009) |
| 01/26/2009 | 52 | NOTICE of Proposed Order *to Motion to Withdraw as Counsel* by AGUDAS CHASIDEI CHABAD OF UNITED STATES re 42 MOTION to Withdraw as Attorney (Lewin, Nathan) (Entered: 01/26/2009) |
| 01/27/2009 | | NOTICE OF ERROR re 50 Supplemental Memorandum; emailed to nat@lewinlewin.com, cc'd 15 associated attorneys –– The PDF file you docketed contained errors: 1. Reminded for Attoreny Lewin: Documents related to motions need to be linked to the related motion. (tg, ) (Entered: 01/27/2009) |
| 01/27/2009 | 53 | SUPPLEMENTAL MEMORANDUM to re 38 MOTION for Preliminary Injunction filed by AGUDAS CHASIDEI CHABAD OF UNITED STATES. (Lewin, Nathan) (Entered: 01/27/2009) |
| 01/27/2009 | | Minute Entry for proceedings held before Chief Judge Royce C. Lamberth: Motion Hearing held on 1/27/2009. Order forecoming. (Court Reporter Theresa Sorensen.) (rje) (Entered: 01/27/2009) |
| 01/27/2009 | 54 | ORDER granting 38 Motion for Preliminary Injunction. Signed by Chief Judge Royce C. Lamberth on 1/27/2009. (lcrcl1, ) (Entered: 01/27/2009) |
| 01/27/2009 | 55 | ORDER re: defendant counsel's motion to withdraw. Signed by Chief Judge Royce C. Lamberth on 1/27/2009. (lcrcl1, ) (Entered: 01/27/2009) |

| 01/27/2009 | | MINUTE ORDER finding as moot <u>47</u> Motion for Extension of Time to File Response/Reply to motion for preliminary injunction. The Court heard argument and issued a ruling on the preliminary injunction on January 27, 2009. Signed by Chief Judge Royce C. Lamberth on 1/27/2009. (lcrcl1, ) (Entered: 01/27/2009) |
|---|---|---|
| 02/05/2009 | <u>56</u> | MOTION for Extension of Time to *Defer Certain Dates* by RUSSIAN FEDERATION, RUSSIAN MINISTRY OF CULTURE AND MASS COMMUNICATION, RUSSIAN STATE LIBRARY, RUSSIAN STATE MILITARY ARCHIVE (Attachments: # <u>1</u> Text of Proposed Order)(Murphy, James) (Entered: 02/05/2009) |
| 02/06/2009 | <u>57</u> | ORDER granting <u>56</u> Motion for Extension of Time. Signed by Chief Judge Royce C. Lamberth on 2/5/2009. (lcrcl1, ) (Entered: 02/06/2009) |
| 02/09/2009 | | Set/Reset Deadlines: Rule 26(a)(1) disclosures due by 3/13/2009. (rje) (Entered: 02/09/2009) |
| 02/10/2009 | <u>58</u> | MOTION (1) to require service on all Defendants and (2) to reduce extension of time by AGUDAS CHASIDEI CHABAD OF UNITED STATES (Attachments: # <u>1</u> Attachment A, # <u>2</u> Text of Proposed Order)(Lewin, Nathan) (Entered: 02/10/2009) |
| 02/10/2009 | 59 | MOTION to Reduce Extension of Time by AGUDAS CHASIDEI CHABAD OF UNITED STATES (tg, ) (See Docket Entry Number <u>58</u> to view document). (Entered: 02/11/2009) |
| 02/11/2009 | | NOTICE OF ERROR re <u>58</u> Motion for Miscellaneous Relief; emailed to nat@lewinlewin.com, cc'd 17 associated attorneys –– The PDF file you docketed contained errors: 1. Two–part docket entry, 2. Attorney Lewin is reminded to pick each relief separately when filing 2 motions under 1 pleading. (tg, ) (Entered: 02/11/2009) |
| 02/11/2009 | <u>60</u> | ORDER granting <u>58</u> Motion to require service on all defendants ; denying 59 Motion to reduce extension of time. Signed by Chief Judge Royce C. Lamberth on 2/11/2009. (lcrcl1, ) (Entered: 02/11/2009) |
| 02/13/2009 | <u>61</u> | NOTICE *of Report to Court Pursuant to Order of February 11, 2009* by RUSSIAN FEDERATION, RUSSIAN MINISTRY OF CULTURE AND MASS COMMUNICATION, RUSSIAN STATE LIBRARY, RUSSIAN STATE MILITARY ARCHIVE re <u>60</u> Order on Motion for Miscellaneous Relief, (Murphy, James) (Entered: 02/13/2009) |
| 03/06/2009 | <u>62</u> | WITHDRAWAL of Motion by RUSSIAN FEDERATION, RUSSIAN MINISTRY OF CULTURE AND MASS COMMUNICATION, RUSSIAN STATE LIBRARY, RUSSIAN STATE MILITARY ARCHIVE re <u>42</u> MOTION to Withdraw as Attorney filed by RUSSIAN STATE MILITARY ARCHIVE, RUSSIAN FEDERATION, RUSSIAN STATE LIBRARY, RUSSIAN MINISTRY OF CULTURE AND MASS COMMUNICATION. (Dutra, Jeremy) (Entered: 03/06/2009) |
| 03/13/2009 | <u>63</u> | *Amended* ANSWER to Complaint by RUSSIAN FEDERATION, RUSSIAN MINISTRY OF CULTURE AND MASS COMMUNICATION, RUSSIAN STATE LIBRARY, RUSSIAN STATE MILITARY ARCHIVE. Related document: <u>1</u> Case Transferred In – District Transfer, filed by AGUDAS CHASIDEI CHABAD OF UNITED STATES.(Dutra, Jeremy) (Entered: 03/13/2009) |
| 03/13/2009 | <u>64</u> | NOTICE *of Compliance With Court's February 6, 2009 Order* <u>57</u> ORDER granting <u>56</u> Motion for Extension of Time*by* RUSSIAN FEDERATION, RUSSIAN |

| | | |
|---|---|---|
| | | MINISTRY OF CULTURE AND MASS COMMUNICATION, RUSSIAN STATE LIBRARY, RUSSIAN STATE MILITARY ARCHIVE (Dutra, Jeremy) Modified on 3/16/2009 to add correct linkage (rdj). (Entered: 03/13/2009) |
| 03/17/2009 | 65 | DEPOSIT of Security in the amount of $ 1.00, Receipt Number 4616019170, by the Plaintiff, pursuant to 54 ORDER entered on 1/27/2009. (tg, ) (Entered: 03/17/2009) |
| 03/27/2009 | 66 | NOTICE *of Report on Security Procedures in Effect to Maintain the Intergrity and Security of the Materials Covered by the Preliminary Injunction Order* by RUSSIAN FEDERATION, RUSSIAN MINISTRY OF CULTURE AND MASS COMMUNICATION, RUSSIAN STATE LIBRARY, RUSSIAN STATE MILITARY ARCHIVE re 54 Order on Motion for Preliminary Injunction (Dutra, Jeremy) (Entered: 03/27/2009) |
| 03/27/2009 | 67 | NOTICE *of Plaintiff's Proposed Plan to Secure, Protect, and Preserve the "Collection" Until Entry of Final Judgment in This Case* by AGUDAS CHASIDEI CHABAD OF UNITED STATES (Attachments: # 1 Declaration of Seth M. Gerber, # 2 Declaration of Rabbi Shalom Dovber Levine, # 3 Exhibit A–J, Part 1, # 4 Exhibit A–J, Part 2, # 5 Exhibit A–J, Part 3, # 6 Exhibit A–J, Part 4, # 7 Exhibit A–J, Part 5)(Lewin, Alyza) (Entered: 03/27/2009) |
| 04/01/2009 | 68 | NOTICE *of Plaintiff's Request for a Hearing on Defendants' Report on Security Procedures and Plaintiff's Proposed Plan to Secure, Protect, and Preserve the "Collection"* by AGUDAS CHASIDEI CHABAD OF UNITED STATES (Lewin, Alyza) (Entered: 04/01/2009) |
| 04/08/2009 | 69 | NOTICE *of Supplemental Memorandum in Support of Plaintiff's Proposed Plan to Secure, Protect, and Preserve the Collection and of Plaintiff's Request for Hearing, and Supplemental Declaration of Rabbi Shalom Dovber Levine* by AGUDAS CHASIDEI CHABAD OF UNITED STATES (Attachments: # 1 Exhibit K, L, M, # 2 Exhibit N (part 1 of 3), # 3 Exhibit N (part 2 of 3), # 4 Exhibit N (part 3 of 3), # 5 Exhibit O and P)(Lewin, Alyza) (Entered: 04/08/2009) |
| 04/22/2009 | 70 | NOTICE by AGUDAS CHASIDEI CHABAD OF UNITED STATES re 68 Notice (Other), Notice (Other), 67 Notice (Other), Notice (Other) (Attachments: # 1 Declaration Second Supplemental Declaration of Rabbi Shalom Dovber Levine in Support of Plaintiff's Proposed Plan to Secure, Protect, and Preserve the "Collection" and of Plaintiff's Request for Hearing)(Lewin, Alyza) (Entered: 04/22/2009) |
| 06/26/2009 | 71 | NOTICE *With Respect to Further Participation* by RUSSIAN FEDERATION, RUSSIAN MINISTRY OF CULTURE AND MASS COMMUNICATION, RUSSIAN STATE LIBRARY, RUSSIAN STATE MILITARY ARCHIVE (Attachments: # 1 Exhibit 1)(Dutra, Jeremy) (Entered: 06/26/2009) |
| 07/28/2009 | 72 | MOTION to Withdraw as Attorney by RUSSIAN FEDERATION, RUSSIAN MINISTRY OF CULTURE AND MASS COMMUNICATION, RUSSIAN STATE LIBRARY, RUSSIAN STATE MILITARY ARCHIVE (Attachments: # 1 Text of Proposed Order)(Dutra, Jeremy) (Entered: 07/28/2009) |
| 07/28/2009 | 73 | MOTION for Entry of Default *Against All Named Defendants* by AGUDAS CHASIDEI CHABAD OF UNITED STATES (Attachments: # 1 Affidavit of Nathan Lewin and Exhibits)(Lewin, Nathan) (Entered: 07/28/2009) |
| 07/30/2009 | 74 | Memorandum in opposition to re 72 MOTION to Withdraw as Attorney filed by AGUDAS CHASIDEI CHABAD OF UNITED STATES. (Attachments: # 1 Text of |

| | | |
|---|---|---|
| | | Proposed Order Regarding Motion to Withdraw As Counsel)(Lewin, Nathan) (Entered: 07/30/2009) |
| 08/06/2009 | 75 | REPLY to opposition to motion re 72 MOTION to Withdraw as Attorney filed by RUSSIAN FEDERATION, RUSSIAN MINISTRY OF CULTURE AND MASS COMMUNICATION, RUSSIAN STATE LIBRARY, RUSSIAN STATE MILITARY ARCHIVE. (Attachments: # 1 Exhibit A)(Dutra, Jeremy) (Entered: 08/06/2009) |
| 10/26/2009 | 76 | ORDER granting 72 Motion to Withdraw as Attorney. Attorney Donald Thomas Bucklin; Jeremy William Dutra; James Paul Murphy; Don A. Proudfoot, Jr; Lan T. Quach; Alan Leonard Briggs and James Henry Broderick, Jr terminated. Signed by Chief Judge Royce C. Lamberth on 10/22/2009. (lcrcl4, ) (Entered: 10/26/2009) |
| 10/27/2009 | 77 | ORDER granting 73 Motion for Entry of Default. Signed by Chief Judge Royce C. Lamberth on 10/27/09. (rje) (Entered: 10/28/2009) |
| 04/07/2010 | 78 | ORDER directing plaintiff to file an appropriate motion for entry of judgment on the default within 30 days of this date or the case will be dismissed for failure to prosecute. Signed by Chief Judge Royce C. Lamberth on 4/7/2010. (lcrcl4, ) (Entered: 04/07/2010) |
| 05/05/2010 | 79 | MOTION for Leave to File Excess Pages *and Motion for Entry of Default* by AGUDAS CHASIDEI CHABAD OF UNITED STATES (Attachments: # 1 Motion for Entry of Default, # 2 Memorandum in Support of Motion for Entry of Default, # 3 Affidavit of Nathan Lewin, # 4 Affidavit Exhibit A, # 5 Affidavit Exhibit B, # 6 Affidavit Exhibit C, # 7 Affidavit Exhibit D, # 8 Affidavit Exhibit E, # 9 Affidavit Exhibit F, # 10 Affidavif Exhibit G 1 of 3, # 11 Affidavit Exhbit G 2 of 3, # 12 Affidavit Exhibit G 3 of 3, # 13 Affidavit Exhibits H – J, # 14 Affidavit Exhibit K, # 15 Affidavit Exhibit L, # 16 Affidavit of Krinsky, # 17 Affidavit of Levine, # 18 Affidavit of Levine Exhibits, # 19 Proposed Order for Entry of Default, # 20 Order Attachment I 1 of 3, # 21 Order Attachement I 2 of 3, # 22 Order Attachment I 3 of 3, # 23 Order Attachment II, # 24 Order Attachment III, # 25 Order Attachment IV, # 26 Certificate of Service)(Lewin, Nathan). (Entered: 05/05/2010) |
| 06/25/2010 | | MINUTE ORDER granting 79 Motion for Leave to File Excess Pages. Signed by Chief Judge Royce C. Lamberth on June 24, 2010. (lcrcl3) (Entered: 06/25/2010) |
| 07/30/2010 | 80 | ORDER granting 79 Motion for Entry of Default Against All Defendants. Signed by Chief Judge Royce C. Lamberth on 7/30/2010. (tr) (Additional attachment(s) added on 8/10/2010: # 1 Attachment 1, # 2 Attachment 1b, # 3 Attachment 1c, # 4 Attachment 2, # 5 Attachment 3, # 6 Attachment 4) (rje, ). (Entered: 08/04/2010) |
| 07/30/2010 | 81 | MEMORANDUM AND OPINION. Signed by Chief Judge Royce C. Lamberth on 7/30/2010. (tr) (Entered: 08/04/2010) |
| 08/20/2010 | 82 | Clerk's ENTRY OF DEFAULT as to RUSSIAN FEDERATION, RUSSIAN MINISTRY OF CULTURE AND MASS COMMUNICATION, RUSSIAN STATE LIBRARY, RUSSIAN STATE MILITARY ARCHIVE (rdj) (Entered: 08/20/2010) |
| 09/10/2010 | 83 | REPORT by AGUDAS CHASIDEI CHABAD OF UNITED STATES. "Let this be filed" by Chief Judge Royce C. Lamberth on 9/10/2010 (rdj) (Entered: 09/13/2010) |
| 10/20/2010 | 84 | STATUS REPORT by AGUDAS CHASIDEI CHABAD OF UNITED STATES. (Attachments: # 1 Exhibit)(Lewin, Nathan) (Entered: 10/20/2010) |

| 11/24/2010 | 85 | NOTICE *of Service to US Department of State, Office of the Legal Advisor* by AGUDAS CHASIDEI CHABAD OF UNITED STATES (Lewin, Nathan) (Entered: 11/24/2010) |
|---|---|---|
| 12/10/2010 | 86 | Letter from William P. Fritzlen, Attorney Adviser, Office of Policy Review and Interagency Liaison (Enclosures mailed to Counsel, Nathan Lewin)(rdj) (Entered: 12/14/2010) |
| 01/11/2011 | 87 | AFFIDAVIT OF SERVICE by U.S. Department of State upon defendants under diplomatic notes, numbers CON 2010–097, CON 2010–098, CON 2010–099 and 2010–100 dated December 16, 2010 and delivered on December 17, 2010 re 81 Memorandum & Opinion, 80 Order on Motion for Entry of Default. (Attachments: # 1 Diplomatic Notes *Originals mailed to Nathan Lewin*)(rdj) (Entered: 01/12/2011) |
| 01/21/2011 | 88 | NOTICE: Letter to the Court. (This letter is not translated) (rdj) (Entered: 01/25/2011) |
| 01/28/2011 | 89 | STATUS ORDER. Signed by Chief Judge Royce C. Lamberth on January 28, 2011. (lcrcl5) (Entered: 01/28/2011) |
| 02/24/2011 | 90 | STATUS REPORT by AGUDAS CHASIDEI CHABAD OF UNITED STATES. (Attachments: # 1 Certified Translation)(Lewin, Nathan) (Entered: 02/24/2011) |
| 04/04/2011 | 91 | MOTION to Enforce Judgment *and Permit Attachment* by AGUDAS CHASIDEI CHABAD OF UNITED STATES (Attachments: # 1 Text of Proposed Order, # 2 Certificate of Service)(Lewin, Nathan) (Entered: 04/04/2011) |
| 04/04/2011 | 92 | MOTION for Sanctions by AGUDAS CHASIDEI CHABAD OF UNITED STATES (Attachments: # 1 Affidavit, # 2 Text of Proposed Order, # 3 Certificate of Service)(Lewin, Nathan) (Entered: 04/04/2011) |
| 04/15/2011 | 93 | NOTICE of Potential Participation by UNITED STATES OF AMERICA re 91 MOTION to Enforce Judgment *and Permit Attachment* (znmw, ) (Entered: 04/15/2011) |
| 05/13/2011 | 94 | NOTICE *of Statement* by AGUDAS CHASIDEI CHABAD OF UNITED STATES re 93 Notice (Other) (Attachments: # 1 Exhibit A)(Lewin, Nathan) (Entered: 05/13/2011) |
| 05/16/2011 | 95 | NOTICE *of Potential Participation* by UNITED STATES OF AMERICA (Nelson, James) (Entered: 05/16/2011) |
| 05/18/2011 | 96 | NOTICE *of Stipulation Prohibiting Attachment of Certain Cultural Objects* by AGUDAS CHASIDEI CHABAD OF UNITED STATES re 94 Notice (Other) (Lewin, Nathan) (Entered: 05/18/2011) |
| 06/15/2011 | 97 | NOTICE *of Statement of Interest* by UNITED STATES OF AMERICA (Nelson, James) (Entered: 06/15/2011) |
| 06/21/2011 | 98 | NOTICE *of Plaintiff's Response to Statement of Interest of United States* by AGUDAS CHASIDEI CHABAD OF UNITED STATES re 97 Notice (Other) (Attachments: # 1 Text of Proposed Order)(Lewin, Nathan) (Entered: 06/21/2011) |
| 07/06/2011 | 99 | NOTICE OF WITHDRAWAL OF APPEARANCE as to AGUDAS CHASIDEI CHABAD OF UNITED STATES. Attorney William Bradford Reynolds terminated. (Lewin, Alyza) (Entered: 07/06/2011) |

| 07/26/2011 | 100 | MEMORANDUM OPINION. Signed by Chief Judge Royce C. Lamberth on July 26, 2011. (lcrcl5) (Entered: 07/26/2011) |
|---|---|---|
| 07/26/2011 | 101 | ORDER granting 91 Motion to Enforce Judgment; and holding in abeyance 92 Motion for Sanctions pending defendants' response to Order to Show Cause issued this date. Signed by Chief Judge Royce C. Lamberth on July 26, 2011. (lcrcl5) (Entered: 07/26/2011) |
| 07/26/2011 | 102 | ORDER TO SHOW CAUSE. Signed by Chief Judge Royce C. Lamberth on July 26, 2011. (lcrcl5) (Entered: 07/26/2011) |
| 08/19/2011 | 103 | AFFIDAVIT re 102 Order to Show Cause *mailing and confirmation of delivery* by AGUDAS CHASIDEI CHABAD OF UNITED STATES. (Attachments: # 1 Exhibits to Seth Gerber Affidavit)(Lewin, Nathan) (Entered: 08/19/2011) |
| 10/19/2011 | 104 | NOTICE *of Request to Temporarily Hold In Abeyance Contempt Sanctions and Enforcement of the Judgment* by AGUDAS CHASIDEI CHABAD OF UNITED STATES re 102 Order to Show Cause (Lewin, Nathan) (Entered: 10/19/2011) |
| 12/16/2011 | 105 | NOTICE *OF PLAINTIFFS SECOND REQUEST TO TEMPORARILY HOLD IN ABEYANCE CONTEMPT SANCTIONS AND ENFORCEMENT OF THE JUDGMENT* by AGUDAS CHASIDEI CHABAD OF UNITED STATES re 104 Notice (Other) (Lewin, Nathan) (Entered: 12/16/2011) |
| 03/05/2012 | 106 | NOTICE *of Statement Regarding the Expiration of the Stay of Enforcement of the Judgment and Request for Issuance of Contempt Sanctions* by AGUDAS CHASIDEI CHABAD OF UNITED STATES re 101 Order on Motion to Enforce Judgment, Order on Motion for Sanctions, 102 Order to Show Cause (Lewin, Alyza) (Entered: 03/05/2012) |
| 05/23/2012 | 107 | ORDER SOLICITING VIEWS OF THE UNITED STATES. Signed by Chief Judge Royce C. Lamberth on 5/23/2012. (lcrcl5) (Entered: 05/23/2012) |
| 06/08/2012 | 108 | NOTICE OF SUBSTITUTION OF COUNSEL by Joel L. McElvain on behalf of UNITED STATES OF AMERICA Substituting for attorney James D. Nelson (McElvain, Joel) (Entered: 06/08/2012) |
| 06/08/2012 | 109 | STATUS REPORT by UNITED STATES OF AMERICA. (McElvain, Joel) (Entered: 06/08/2012) |
| 08/08/2012 | 110 | STATUS REPORT by UNITED STATES OF AMERICA. (McElvain, Joel) (Entered: 08/08/2012) |
| 08/29/2012 | 111 | NOTICE *Statement of Interest* by UNITED STATES OF AMERICA re 107 Order (McElvain, Joel) (Entered: 08/29/2012) |
| 08/30/2012 | | MINUTE ORDER. Plaintiff shall file its response to the Government's Statement of Interest 111 no later than September 28, 2012. Signed by Chief Judge Royce C. Lamberth on 8/30/2012. (lcrcl5) (Entered: 08/30/2012) |
| 09/28/2012 | 112 | NOTICE *of Plaintiff's Response to Statement of Interest of the United States* by AGUDAS CHASIDEI CHABAD OF UNITED STATES re Order, 111 Notice (Other) (Lewin, Nathan) (Entered: 09/28/2012) |
| 11/30/2012 | | NOTICE of Hearing:Status Conference set for 12/17/2012 at 10:00 AM in Courtroom 22A before Chief Judge Royce C. Lamberth. (rje) (Entered: 11/30/2012) |

| 12/06/2012 | 113 | MOTION Reschedule Status Conference re Notice of Hearing by AGUDAS CHASIDEI CHABAD OF UNITED STATES (Attachments: # 1 Text of Proposed Order)(Lewin, Nathan) (Entered: 12/06/2012) |
| 12/10/2012 | 114 | ORDER granting 113 Motion Reschedule Status Conference re Notice of Hearing. Status Conference set for 1/9/2013 at 2:30 PM. Signed by Chief Judge Royce C. Lamberth on 12/6/12. (rje, ) (Entered: 12/10/2012) |
| 12/10/2012 | | Set/Reset Hearings: Status Conference reset for 1/9/2013 at 02:30 PM in Courtroom 22A before Chief Judge Royce C. Lamberth. (rje, ) (Entered: 12/10/2012) |
| 01/09/2013 | | Minute Entry for proceedings held before Chief Judge Royce C. Lamberth: Contempt Hearing held on 1/9/2013. The matter has been submitted to the court. (Court Reporter Theresa Sorensen.) (rje) (Entered: 01/09/2013) |
| 01/16/2013 | 115 | ORDER granting 92 Motion for Sanctions and setting status conference for February 15, 2013 at 10:00 AM. Signed by Chief Judge Royce C. Lamberth on January 16, 2013. (lcrcl5) (Entered: 01/16/2013) |
| 01/16/2013 | 116 | MEMORANDUM OPINION on contempt sanctions. Signed by Chief Judge Royce C. Lamberth on January 16, 2013. (lcrcl5) (Entered: 01/16/2013) |
| 01/17/2013 | | Set/Reset Hearings: Status Conference set for 2/15/2013 at 10:00 AM in Courtroom 22A before Chief Judge Royce C. Lamberth. (rje, ) (Entered: 01/17/2013) |
| 02/13/2013 | 117 | MOTION to Amend/Correct Set/Reset Hearings *Reschedule Status Conference* by AGUDAS CHASIDEI CHABAD OF UNITED STATES (Attachments: # 1 Text of Proposed Order)(Lewin, Alyza) (Entered: 02/13/2013) |
| 02/13/2013 | 118 | ORDER granting 117 Motion to reschedule the status conference previously set for February 15, 2013. The status conference shall be rescheduled for March 18, 2013 at 10:00 AM. Signed by Chief Judge Royce C. Lamberth on February 13, 2013. (lcrcl5) (Entered: 02/13/2013) |
| 02/14/2013 | | Set/Reset Hearings: Status Conference reset for 3/18/2013 at 10:00 AM in Courtroom 22A before Chief Judge Royce C. Lamberth. (rje, ) (Entered: 02/14/2013) |
| 03/18/2013 | | Minute Entry for proceedings held before Chief Judge Royce C. Lamberth: Status Conference held on 3/18/2013. Status Conference set for 4/18/2013 at 10:00 AM in Courtroom 22A before Chief Judge Royce C. Lamberth. (Court Reporter Patty Gels.) (rje) (Entered: 03/18/2013) |
| 03/27/2013 | 119 | TRANSCRIPT OF PROCEEDINGS before Chief Judge Royce C. Lamberth held on 3/18/13; Date of Issuance:3/27/13. Court Reporter/Transcriber Patty Artrip Gels, Telephone number 202−354−3236, Court Reporter Email Address : Patty_Gels@dcd.uscourts.gov.<P></P>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<P>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at ww.dcd.uscourts.gov.<P></P> Redaction Request due 4/17/2013. Redacted |

| | | Transcript Deadline set for 4/27/2013. Release of Transcript Restriction set for 6/25/2013.(Gels, Patty) (Entered: 03/27/2013) |
|---|---|---|
| 04/17/2013 | 120 | MOTION to Amend/Correct Status Conference, Set Hearings by AGUDAS CHASIDEI CHABAD OF UNITED STATES (Attachments: # 1 Text of Proposed Order)(Lewin, Nathan) (Entered: 04/17/2013) |
| 04/17/2013 | 121 | ORDER granting 120 Motion to Reschedule Status Conference. Status Conference shall be rescheduled for May 21, 2013 at 10:00 AM. Signed by Chief Judge Royce C. Lamberth on April 17, 2013. (lcrcl5) (Entered: 04/17/2013) |
| 04/17/2013 | | Set/Reset Hearings: Status Conference reset for 5/21/2013 at 10:00 AM in Courtroom 22A before Chief Judge Royce C. Lamberth. (rje, ) (Entered: 04/17/2013) |
| 05/21/2013 | 122 | MOTION Reschedule Status Conference re 121 Order on Motion to Amend/Correct, Set/Reset Hearings by AGUDAS CHASIDEI CHABAD OF UNITED STATES (Attachments: # 1 Text of Proposed Order)(Lewin, Alyza) (Entered: 05/21/2013) |
| 05/21/2013 | 123 | ORDER granting 122 Motion to Reschedule the Status Conference. The Status Conference shall be rescheduled to June 10, 2013 at 10:00 AM. Signed by Chief Judge Royce C. Lamberth on May 21, 2013. (lcrcl5) (Entered: 05/21/2013) |
| 05/21/2013 | | Set/Reset Hearings: Status Conference reset for 6/10/2013 at 10:00 AM in Courtroom 22A before Chief Judge Royce C. Lamberth. (rje) (Entered: 05/21/2013) |
| 06/06/2013 | 124 | NOTICE of Plaintiff's Statement to the Court by AGUDAS CHASIDEI CHABAD OF UNITED STATES re Set/Reset Hearings (Lewin, Alyza) (Entered: 06/06/2013) |
| 06/07/2013 | 125 | ORDER that the Status Conference 123 shall be rescheduled to June 20, 2013 at 9:30 AM. Signed by Chief Judge Royce C. Lamberth on June 7, 2013. (lcrcl5) (Entered: 06/07/2013) |
| 06/10/2013 | | Set/Reset Hearings: Status Conference reset for 6/20/2013 09:30 AM in Courtroom 22A before Chief Judge Royce C. Lamberth. (mpt, ) (Entered: 06/10/2013) |
| 06/20/2013 | | Minute Entry for proceedings held before Chief Judge Royce C. Lamberth: Status Conference held on 6/20/2013. (Court Reporter: Theresa Sorensen) (cdw) (Entered: 06/20/2013) |
| 06/20/2013 | 126 | MINUTE ORDER that a Status Conference shall be held on August 20, 2013 at 09:30 AM in Courtroom 22A before Chief Judge Royce C. Lamberth. Signed by Chief Judge Royce C. Lamberth on June 20, 2013. (lcrcl5) (Entered: 06/20/2013) |
| 06/21/2013 | | Set/Reset Hearing: A Status Conference is set for 8/20/2013 at 9:30 AM in Courtroom 22A before Chief Judge Royce C. Lamberth. (ad) (Entered: 06/21/2013) |
| 08/20/2013 | | Minute Entry for proceedings held before Judge Royce C. Lamberth: Status Conference held on 8/20/2013. Oral Motion by the plaintiff for a further continuance of this matter, heard and granted. A further Status Conference set for 10/21/2013 at 9:30 AM in Courtroom 22A before Judge Royce C. Lamberth. (Court Reporter: Vickie Eastvold) (cdw) (Entered: 08/20/2013) |
| 10/21/2013 | | Minute Entry for proceedings held before Judge Royce C. Lamberth: Status Conference held on 10/21/2013. Counsel for the defendant failed to appear for this hearing. (Court Reporter Theresa Sorensen.) (tg, ) (Entered: 10/21/2013) |
| 01/28/2014 | 127 | |

| | | MOTION for Order *for Interim Judgment of Accrued Sanctions* by AGUDAS CHASIDEI CHABAD OF UNITED STATES (Attachments: # 1 Declaration of Rabbi Yosef Cunin, # 2 Proposed Order and Interim Judgment)(Lewin, Nathan) (Entered: 01/28/2014) |
| 01/28/2014 | 128 | NOTICE of Appearance by Steven Lieberman on behalf of All Plaintiffs (Lieberman, Steven) (Entered: 01/28/2014) |
| 01/28/2014 | 129 | NOTICE of Appearance by Robert P. Parker on behalf of All Plaintiffs (Parker, Robert) (Entered: 01/28/2014) |
| 01/28/2014 | 130 | NOTICE OF SUBSTITUTION OF COUNSEL by Nathan Michael Swinton on behalf of UNITED STATES OF AMERICA (Swinton, Nathan) (Entered: 01/28/2014) |
| 02/03/2014 | 131 | CERTIFICATE OF SERVICE by AGUDAS CHASIDEI CHABAD OF UNITED STATES re 127 MOTION for Order *for Interim Judgment of Accrued Sanctions* . (Lewin, Nathan) (Entered: 02/03/2014) |
| 02/03/2014 | 132 | NOTICE OF WITHDRAWAL OF APPEARANCE as to AGUDAS CHASIDEI CHABAD OF UNITED STATES. Attorney Marshall B. Grossman terminated. (Lewin, Nathan) (Entered: 02/03/2014) |
| 02/04/2014 | 133 | TRANSCRIPT OF STATUS CONFERENCE before Judge Royce C. Lamberth held on 8/20/2013; Page Numbers: 1–3. Date of Issuance: 2/4/2014. Court Reporter Vicki Eastvold, Telephone number 202–354–3242, Court Reporter Email Address: vickieastvold@yahoo.com. For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter. **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at ww.dcd.uscourts.gov. Redaction Request due 2/25/2014. Redacted Transcript Deadline set for 3/7/2014. Release of Transcript Restriction set for 5/5/2014.(Eastvold, Vicki) (Entered: 02/04/2014) |
| 02/21/2014 | 134 | NOTICE *of Statement of Interest* by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit)(Swinton, Nathan) (Entered: 02/21/2014) |
| 02/28/2014 | 135 | NOTICE *of Plaintiff's Response to the Statement of Interest of the United States* by AGUDAS CHASIDEI CHABAD OF UNITED STATES re 134 Notice (Other) (Attachments: # 1 Exhibit Gerber Affirmation)(Parker, Robert) (Entered: 02/28/2014) |
| 05/09/2014 | 136 | Letter to the Court from William P. Fritzlen, Attorney Adviser, Office of Policy Review and Interagency Liaison re 127 (rdj) (Entered: 05/12/2014) |
| 08/22/2014 | 137 | NOTICE OF SUPPLEMENTAL AUTHORITY by AGUDAS CHASIDEI CHABAD OF UNITED STATES (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Lieberman, Steven) (Entered: 08/22/2014) |
| 11/21/2014 | 138 | NOTICE OF WITHDRAWAL OF APPEARANCE as to AGUDAS CHASIDEI CHABAD OF UNITED STATES. Attorney Seth M. Gerber terminated. (Lewin, Nathan) (Entered: 11/21/2014) |

| 05/01/2015 | 139 | NOTICE of Subpoena by AGUDAS CHASIDEI CHABAD OF UNITED STATES (Lieberman, Steven) (Entered: 05/01/2015) |
|---|---|---|
| 05/01/2015 | 140 | NOTICE of Service of Subpoena by AGUDAS CHASIDEI CHABAD OF UNITED STATES (Lieberman, Steven) (Entered: 05/01/2015) |
| 08/07/2015 | | MINUTE ORDER; Setting Hearing on Motion 127 MOTION for Order for Interim Judgment of Accrued Sanctions. Motion Hearing set for 8/20/2015 AT 02:00 PM in Courtroom 22A before Judge Royce C. Lamberth. (hs) (Entered: 08/07/2015) |
| 08/20/2015 | | Minute Entry; for proceedings held before Judge Royce C. Lamberth: Motion Hearing held on 8/20/2015 re 127 MOTION for Order for Interim Judgment of Accrued Sanctions filed by AGUDAS CHASIDEI CHABAD OF UNITED STATES. Oral arguments heard. Motion 127 held in Abeyance pending the submissions of proposed orders. (Court Reporter Lisa Foradori) (hs) (Entered: 08/20/2015) |
| 08/26/2015 | 141 | NOTICE of Proposed Order by AGUDAS CHASIDEI CHABAD OF UNITED STATES re Motion Hearing, (Attachments: # 1 Text of Proposed Order Proposed Order and Interim Judgment, # 2 Text of Proposed Order Proposed Order Regarding Notice to the United States)(Parker, Robert) (Entered: 08/26/2015) |
| 08/26/2015 | 142 | NOTICE of Filing in USDC/SD NY re 140 Notice of Service of Subpoena (zrdj) (Entered: 08/27/2015) |
| 09/10/2015 | 143 | MEMORANDUM AND OPINION, Signed by Judge Royce C. Lamberth on 9/10/2015. (hs) (Entered: 09/10/2015) |
| 09/10/2015 | 144 | ORDER; granting 127 Motion for Order For Interim Judgment of Accrued Sanctions, Signed by Judge Royce C. Lamberth on 9/10/2015. (hs) (Entered: 09/10/2015) |
| 09/10/2015 | 145 | ORDER; directing plaintiff to give notice to the United States Department of Justice, Signed by Judge Royce C. Lamberth on 9/10/2015. (hs) (Entered: 09/10/2015) |
| 09/21/2015 | 146 | Proposed MOTION for Protective Order by AGUDAS CHASIDEI CHABAD OF UNITED STATES (Lieberman, Steven) (Entered: 09/21/2015) |
| 09/30/2015 | 147 | NOTICE of Potential Participation by UNITED STATES OF AMERICA (Swinton, Nathan) (Entered: 09/30/2015) |
| 10/21/2015 | 148 | NOTICE of Appearance by Daniel McCallum on behalf of AGUDAS CHASIDEI CHABAD OF UNITED STATES (McCallum, Daniel) (Entered: 10/21/2015) |
| 10/23/2015 | 149 | NOTICE of Statement of Interest by UNITED STATES OF AMERICA (Swinton, Nathan) (Entered: 10/23/2015) |
| 12/03/2015 | 150 | MOTION for Protective Order and Response to the Government's "Statement of Interest" by AGUDAS CHASIDEI CHABAD OF UNITED STATES (Attachments: # 1 Exhibit Proposed Protective Order)(Lieberman, Steven) (Entered: 12/03/2015) |
| 02/03/2016 | 151 | NOTICE of filing of Statement of Interest by UNITED STATES OF AMERICA (Attachments: # 1 Exhibit A – subpoenas issued to financial institutions, # 2 Exhibit B – letter from Department of State to Department of Justice, # 3 Exhibit C – transcript of motions hearing, # 4 Exhibit D – May 2014 Russian court decision, # 5 Exhibit E – Russian law on jurisdictional immunities of foreign states, # 6 Exhibit F – May 2014 Montasa–Montajes decision, # 7 Exhibit G – January 2015 Montasa–Montajes decision)(Swinton, Nathan) (Entered: 02/03/2016) |

| 03/09/2016 | 152 | MOTION to Strike 151 Notice (Other),, by AGUDAS CHASIDEI CHABAD OF UNITED STATES (Attachments: # 1 Declaration McCallum Declaration, # 2 Exhibit A – McCallum Declaration, # 3 Exhibit B – McCallum Declaration, # 4 Exhibit C – McCallum Declaration, # 5 Exhibit D – McCallum Declaration, # 6 Exhibit E – McCallum Declaration, # 7 Text of Proposed Order)(Parker, Robert) (Entered: 03/09/2016) |
|---|---|---|
| 03/11/2016 | 153 | MOTION to Alter Judgment by AGUDAS CHASIDEI CHABAD OF UNITED STATES (Attachments: # 1 Text of Proposed Order, # 2 Certificate of Service)(Parker, Robert) (Entered: 03/11/2016) |
| 03/23/2016 | 154 | TRANSCRIPT OF PROCEEDINGS before Judge Royce C. Lamberth held on 8–20–15; Page Numbers: 1–32. Date of Issuance:3–23–16. Court Reporter/Transcriber Lisa M. Foradori, Telephone number 202–354–3269, Transcripts may be ordered by submitting the <a href=http://www.dcd.uscourts.gov/dcd/node/2189>Transcript Order Form.</a><P></P><P></P>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<P>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<P></P> Redaction Request due 4/13/2016. Redacted Transcript Deadline set for 4/23/2016. Release of Transcript Restriction set for 6/21/2016.(Foradori, Lisa) (Entered: 03/23/2016) |
| 03/28/2016 | 155 | NOTICE *of Filing of Supplemental Statement of Interest* by UNITED STATES OF AMERICA (Swinton, Nathan) (Entered: 03/28/2016) |
| 04/07/2016 | 156 | Unopposed MOTION for Extension of Time to File Response/Reply *Reply In Support of Its Motion to Strike the Government's Statement of Interest* by AGUDAS CHASIDEI CHABAD OF UNITED STATES (Attachments: # 1 Text of Proposed Order, # 2 Certificate of Service)(Parker, Robert) (Entered: 04/07/2016) |
| 04/14/2016 | 157 | REPLY to opposition to motion re 152 MOTION to Strike 151 Notice (Other),, filed by AGUDAS CHASIDEI CHABAD OF UNITED STATES. (Parker, Robert) (Entered: 04/14/2016) |
| 10/19/2017 | 158 | MOTION for Issuance of Letters Rogatory by AGUDAS CHASIDEI CHABAD OF UNITED STATES (Attachments: # 1 Exhibit A – Request for International Judicial Assistance, # 2 Exhibit B – Levine Declaration)(Parker, Robert) (Entered: 10/19/2017) |
| 10/23/2017 | 159 | Letter from Steven Lieberman, Esq. "Let this be filed" signed by Judge Royce C. Lamberth on 10/23/2017 (jf) (Entered: 10/23/2017) |
| 10/23/2017 |  | MINUTE ORDER: A Merits Hearing on 158 MOTION for Issuance of Letters Rogatory, is hereby set for 10/24/2017 at 10:00 AM in Courtroom 15 before Judge Royce C. Lamberth. So ORDERED by Judge Royce C. Lamberth on 10/23/17. (nbn) (Entered: 10/23/2017) |
| 10/24/2017 | 160 |  |

| | | |
|---|---|---|
| | | AFFIDAVIT re <u>158</u> MOTION for Issuance of Letters Rogatory *(Supplemental Declaration of Rabbi Shalom Dovber Levine)* by AGUDAS CHASIDEI CHABAD OF UNITED STATES. (Lieberman, Steven) (Entered: 10/24/2017) |
| 10/24/2017 | | Minute Entry for proceedings held before Judge Royce C. Lamberth: Motion Hearing held on 10/24/2017 re <u>158</u> MOTION for Issuance of Letters Rogatory filed by AGUDAS CHASIDEI CHABAD OF UNITED STATES. Oral arguments heard and MOTION for Issuance of Letters Rogatory GRANTED on the record. Signed Order forthcoming. (Court Reporter Rich Erlich) (nbn) (Entered: 10/24/2017) |
| 10/24/2017 | 161 | ORAL ORDER granting <u>158</u> Motion for Issuance of Letters Rogatory. (see Minute Entry of 10/24/2017) Signed by Judge Royce C. Lamberth on 10/24/17. (nbn) (Entered: 10/24/2017) |
| 10/26/2017 | <u>162</u> | ENTERED IN ERROR.....NOTICE *Letter to Judge Lamberth* by AGUDAS CHASIDEI CHABAD OF UNITED STATES re 161 Order on Motion for Issuance of Letters Rogatory (Lieberman, Steven) Modified on 10/27/2017 (znmw). (Entered: 10/26/2017) |
| 10/27/2017 | | NOTICE OF ERROR re <u>162</u> Notice (Other); emailed to slieberman@rfem.com, cc'd 11 associated attorneys −− The PDF file you docketed contained errors: 1. Please refile document, 2. ENTERED IN ERROR; Incorrect format (Letter); Please refile in proper pleading format in accordance with Local Rules. (znmw, ) (Entered: 10/27/2017) |
| 10/27/2017 | <u>163</u> | NOTICE by AGUDAS CHASIDEI CHABAD OF UNITED STATES re 161 Order on Motion for Issuance of Letters Rogatory (Lieberman, Steven) (Entered: 10/27/2017) |
| 10/27/2017 | <u>164</u> | TRANSCRIPT OF MOTIONS HEARING before Judge Royce C. Lamberth held on 10/24/17; Page Numbers: 1 − 28. Date of Issuance:October 27, 2017. Court Reporter/Transcriber Richard D. Ehrlich, Telephone number (202) 354−3269, Tape Number: NA. Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**<span style="color:red">NOTICE RE REDACTION OF TRANSCRIPTS:</span>** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 11/17/2017. Redacted Transcript Deadline set for 11/27/2017. Release of Transcript Restriction set for 1/25/2018.(Ehrlich, Richard) (Entered: 10/27/2017) |
| 11/28/2017 | <u>165</u> | Emergency MOTION for Issuance of Letters Rogatory by AGUDAS CHASIDEI CHABAD OF UNITED STATES (Attachments: # <u>1</u> Exhibit A − Request for International Judicial Assistance, # <u>2</u> Declaration of S. D. Levine, # <u>3</u> Declaration of |

| | | |
|---|---|---|
| | | J. I. Aronov, # 4 Exhibit A – Nov. 22, 2017 Letter)(Lieberman, Steven) (Entered: 11/28/2017) |
| 11/29/2017 | 166 | ORDER granting 165 Motion for Issuance of Letters Rogatory. Signed by Judge Royce C. Lamberth on 11/29/17. (lsj) (Entered: 11/29/2017) |
| 03/13/2018 | 167 | MOTION for Judgment *Additional Interim Judgment of Accrued Sanctions* by AGUDAS CHASIDEI CHABAD OF UNITED STATES (Attachments: # 1 Text of Proposed Order)(Lieberman, Steven) (Entered: 03/13/2018) |
| 03/13/2018 | 168 | MOTION for Sanctions *to be Increased*, MOTION for Protective Order *Entry of Protective Order Regarding Post–Judgment Discovery* by AGUDAS CHASIDEI CHABAD OF UNITED STATES (Attachments: # 1 Declaration of Daniel McCallum, # 2 Exhibit 1 to McCallum Declaration, # 3 Exhibit 2 to McCallum Declaration, # 4 Exhibit 3 to McCallum Declaration, # 5 Text of Proposed Order)(Lieberman, Steven) (Entered: 03/13/2018) |
| 04/19/2018 | 169 | NOTICE *of Related Filing* by AGUDAS CHASIDEI CHABAD OF UNITED STATES (Lieberman, Steven) (Entered: 04/19/2018) |
| 05/11/2018 | 170 | NOTICE *of Related Filing* by AGUDAS CHASIDEI CHABAD OF UNITED STATES (Lieberman, Steven) (Entered: 05/11/2018) |
| 06/06/2018 | 171 | MOTION Requesting that Previously Filed Motions at Docket Entries 167 and 168 be Granted re 168 MOTION for Sanctions *to be Increased* MOTION for Protective Order *Entry of Protective Order Regarding Post–Judgment Discovery*, 167 MOTION for Judgment *Additional Interim Judgment of Accrued Sanctions* by AGUDAS CHASIDEI CHABAD OF UNITED STATES (Attachments: # 1 Declaration McCallum Declaration, # 2 Exhibit Exhibit A to McCallum Declaration)(Lieberman, Steven) (Entered: 06/06/2018) |
| 07/24/2018 | 172 | MOTION for Leave to File *Amicus Curiae Brief In Support of Plaintiff Chabad* by The Simon Wiesenthal Center (Attachments: # 1 Exhibit Amicus Brief, # 2 Text of Proposed Order)(Mendelsohn, Martin) (Entered: 07/24/2018) |
| 07/26/2018 | 173 | NOTICE *of Supplemental Information* by AGUDAS CHASIDEI CHABAD OF UNITED STATES (Attachments: # 1 Declaration)(Lieberman, Steven) (Entered: 07/26/2018) |
| 01/28/2019 | 174 | NOTICE of Appearance by Benjamin Thomas Takemoto on behalf of UNITED STATES OF AMERICA (Takemoto, Benjamin) (Entered: 01/28/2019) |
| 03/25/2019 | 175 | MOTION for Order to Show Cause by AGUDAS CHASIDEI CHABAD OF UNITED STATES (Attachments: # 1 Exhibit A, # 2 Text of Proposed Order)(Lieberman, Steven) (Entered: 03/25/2019) |
| 04/11/2019 | 176 | MOTION to Quash *Plaintiff's Subpoena Duces Tecum and Ad Testificandum* by TENEX–USA INCORPORATED (Attachments: # 1 Memorandum of Points and Authorities in Support of the Motion to Quash, # 2 Declaration of Fletcher Newton, # 3 Exhibit A to the Declaration of Fletcher Newton, # 4 Exhibit B to the Declaration of Fletcher Newton, # 5 Exhibit C to the Declaration of Fletcher Newton, # 6 Exhibit D to the Declaration of Fletcher Newton, # 7 Text of Proposed Order)(Lamm, Carolyn) (Entered: 04/11/2019) |
| 04/11/2019 | 177 | NOTICE of Appearance by Francis A. Vasquez, Jr on behalf of TENEX–USA INCORPORATED (Vasquez, Francis) (Entered: 04/11/2019) |

| 04/24/2019 | 178 | Joint MOTION for Extension of Time to File Response/Reply as to 176 MOTION to Quash *Plaintiff's Subpoena Duces Tecum and Ad Testificandum* by AGUDAS CHASIDEI CHABAD OF UNITED STATES (Attachments: # 1 Text of Proposed Order)(McCallum, Daniel) (Entered: 04/24/2019) |
|---|---|---|
| 04/24/2019 | 179 | ORDER granting 178 Motion for Extension of Time to File Response/Reply. Signed by Judge Royce C. Lamberth on 4/24/2019. (lcrcl1) (Entered: 04/24/2019) |
| 04/25/2019 | | Set/Reset Deadlines: Responses due by 5/2/2019. Replies due by 5/16/2019. (lsj) (Entered: 04/25/2019) |
| 05/02/2019 | 180 | RESPONSE re 176 MOTION to Quash *Plaintiff's Subpoena Duces Tecum and Ad Testificandum* filed by AGUDAS CHASIDEI CHABAD OF UNITED STATES. (Attachments: # 1 Declaration of Robert Parker, # 2 Exhibit A, # 3 Exhibit B–1, # 4 Exhibit B–2, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E–1, # 8 Exhibit E–2, # 9 Exhibit F–1, # 10 Exhibit F–2, # 11 Exhibit G, # 12 Exhibit H, # 13 Exhibit I, # 14 Exhibit J, # 15 Exhibit K, # 16 Exhibit L, # 17 Text of Proposed Order)(Parker, Robert) (Entered: 05/02/2019) |
| 05/09/2019 | 181 | Consent MOTION for Extension of Time to File Response/Reply as to 176 MOTION to Quash *Plaintiff's Subpoena Duces Tecum and Ad Testificandum* by TENEX–USA INCORPORATED (Attachments: # 1 Text of Proposed Order)(Lamm, Carolyn) (Entered: 05/09/2019) |
| 05/15/2019 | 182 | ORDER granting 181 Motion for Extension of Time to File Response/Reply: Reply due by 5/23/2019. Signed by Judge Royce C. Lamberth on 5/15/2019. (lcrcl2) (Entered: 05/15/2019) |
| 05/23/2019 | 183 | REPLY to opposition to motion re 176 MOTION to Quash *Plaintiff's Subpoena Duces Tecum and Ad Testificandum* filed by TENEX–USA INCORPORATED. (Attachments: # 1 Declaration (Second) of Fletcher Newton)(Lamm, Carolyn) (Entered: 05/23/2019) |
| 06/05/2019 | 184 | MOTION for Leave to File *Sur–Reply and/or for Oral Argument* by AGUDAS CHASIDEI CHABAD OF UNITED STATES (Attachments: # 1 Exhibit A – Proposed Sur–Reply, # 2 Text of Proposed Order)(Parker, Robert). Added MOTION for Hearing on 6/6/2019 (ztd). (Entered: 06/05/2019) |
| 06/19/2019 | 185 | Memorandum in opposition to re 184 MOTION for Leave to File *Sur–Reply and/or for Oral Argument* MOTION for Hearing filed by TENEX–USA INCORPORATED. (Attachments: # 1 Text of Proposed Order)(Lamm, Carolyn) (Entered: 06/19/2019) |
| 08/28/2019 | 186 | NOTICE *of Completion of Briefing and Request for Oral Argument on Seven Pending Motions* by AGUDAS CHASIDEI CHABAD OF UNITED STATES (Lieberman, Steven) (Entered: 08/28/2019) |
| 08/28/2019 | 187 | Letter from Steven Lieberman, Esq. "Let this be filed" Signed by Royce C. Lamberth, USDJ on 08/28/2019 (jf) (Entered: 08/28/2019) |
| 08/28/2019 | | MINUTE ORDER: The parties are directed to appear for a hearing on all pending motions set for 10/18/2019 at 10:00 AM in Courtroom 15 before Judge Royce C. Lamberth. Signed by Judge Royce C. Lamberth on 8/28/19. (lsj) (Entered: 08/28/2019) |
| 09/11/2019 | 188 | Consent MOTION to Continue *Hearing on All Pending Motions* by TENEX–USA INCORPORATED (Attachments: # 1 Text of Proposed Order Proposed |

| | | Order)(Lamm, Carolyn) (Entered: 09/11/2019) |
|---|---|---|
| 09/13/2019 | 189 | ORDER granting 188 Motion to Continue Hearing on All Pending Motions. Signed by Judge Royce C. Lamberth on 9/13/2019. (lcrcl1) (Entered: 09/13/2019) |
| 09/16/2019 | | Set/Reset Hearings: Motion Hearing set for 12/3/2019 at 10:00 AM in Courtroom 15 before Judge Royce C. Lamberth. (lsj) (Entered: 09/16/2019) |
| 11/26/2019 | 190 | NOTICE *of Supplemental Statement of Interest* by UNITED STATES OF AMERICA (Takemoto, Benjamin) (Entered: 11/26/2019) |
| 11/27/2019 | 191 | MOTION for Judgment *for Additional Interim Judgment of Accrued Sanctions (Updated)* by AGUDAS CHASIDEI CHABAD OF UNITED STATES (Attachments: # 1 Text of Proposed Order)(Lieberman, Steven) (Entered: 11/27/2019) |
| 12/02/2019 | 192 | NOTICE *of Supplemental Information* by AGUDAS CHASIDEI CHABAD OF UNITED STATES re 191 MOTION for Judgment *for Additional Interim Judgment of Accrued Sanctions (Updated)* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Parker, Robert) (Entered: 12/02/2019) |
| 12/03/2019 | | Minute Entry for Motion Hearing held before Judge Royce C. Lamberth on 12/3/2019. Oral arguments submitted on Motions 150 , 152 , 167 , 168 , 175 and 176 filed in 05–cv–01548–RCL and 1 filed in 19–mc–00146–RCL. Forthcoming Order. (Court Reporter: Nancy Meyer) (lsj) (Entered: 12/03/2019) |
| 12/05/2019 | 193 | TRANSCRIPT OF PROCEEDINGS before Judge Royce C. Lamberth held on 12/03/2019; Page Numbers: 1–62. Date of Issuance: 12/05/2019. Court Reporter: Nancy J. Meyer, Telephone Number: (202) 354–3118. Tape Number: N/A. Transcripts may be ordered by submitting the Transcript Order Form <br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter r erenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter. <br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have 21 days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. <br><br>Redaction Request due 12/26/2019. Redacted Transcript Deadline set for 1/5/2020. Release of Transcript Restriction set for 3/4/2020.(Meyer, Nancy) (Entered: 12/05/2019) |
| 12/05/2019 | 194 | NOTICE of Appearance by Jennifer Phend Nock on behalf of AGUDAS CHASIDEI CHABAD OF UNITED STATES (Nock, Jennifer) (Entered: 12/05/2019) |
| 12/13/2019 | 195 | NOTICE of Appearance by Nicolle E. Kownacki on behalf of TENEX–USA INCORPORATED (Kownacki, Nicolle) (Entered: 12/13/2019) |
| 12/13/2019 | 196 | |

| | | |
|---|---|---|
| | | SUPPLEMENTAL MEMORANDUM to re <u>176</u> MOTION to Quash *Plaintiff's Subpoena Duces Tecum and Ad Testificandum* filed by TENEX–USA INCORPORATED. (Lamm, Carolyn) (Entered: 12/13/2019) |
| 12/18/2019 | <u>197</u> | RESPONSE re <u>196</u> Supplemental Memorandum filed by AGUDAS CHASIDEI CHABAD OF UNITED STATES. (Parker, Robert) (Entered: 12/18/2019) |
| 12/20/2019 | <u>198</u> | ORDER denying <u>176</u> Motion to Quash. Signed by Judge Royce C. Lamberth on 12/20/2019. (lcrcl1) (Entered: 12/20/2019) |
| 12/20/2019 | <u>199</u> | ORDER denying <u>150</u> Motion for Protective Order. Signed by Judge Royce C. Lamberth on 12/20/2019. (lcrcl1) (Entered: 12/20/2019) |
| 12/20/2019 | <u>200</u> | ORDER denying <u>152</u> Motion to Strike. Signed by Judge Royce C. Lamberth on 12/20/2019. (lcrcl1) (Entered: 12/20/2019) |
| 12/20/2019 | <u>201</u> | ORDER granting <u>191</u> Updated Motion for Additional Interim Judgment of Accrued Sanctions; finding as moot <u>167</u> Motion for Additional Interim Judgment of Accrued Sanctions. Signed by Judge Royce C. Lamberth on 12/20/2019. (lcrcl1) (Entered: 12/20/2019) |
| 12/20/2019 | <u>202</u> | ORDER denying <u>168</u> Motion for Increased Sanctions. Signed by Judge Royce C. Lamberth on 12/20/2019. (lcrcl1) (Entered: 12/20/2019) |
| 01/22/2020 | <u>203</u> | MOTION / Non–Party Tenex–USA's Motion Under Under Rule 60 (b) of the Federal Rules of Civil Procedure for Partial Vacatur of the Default Judgment and Interim Judgment by TENEX–USA INCORPORATED (Attachments: # <u>1</u> Memorandum in Support, # <u>2</u> Text of Proposed Order)(Lamm, Carolyn) (Entered: 01/22/2020) |
| 01/22/2020 | <u>204</u> | MOTION for Certification for interlocutory appeal *of ECF No. 198*, MOTION to Stay *Discovery* by TENEX–USA INCORPORATED (Attachments: # <u>1</u> Memorandum in Support, # <u>2</u> Text of Proposed Order)(Lamm, Carolyn) (Entered: 01/22/2020) |
| 02/04/2020 | <u>205</u> | Consent MOTION for Extension of Time to File Response/Reply as to <u>204</u> MOTION for Certification for interlocutory appeal *of ECF No. 198* MOTION to Stay *Discovery*, <u>203</u> MOTION / Non–Party Tenex–USA's Motion Under Under Rule 60 (b) of the Federal Rules of Civil Procedure for Partial Vacatur of the Default Judgment and Interim Judgment by AGUDAS CHASIDEI CHABAD OF UNITED STATES (Attachments: # <u>1</u> Text of Proposed Order)(Lieberman, Steven) (Entered: 02/04/2020) |
| 02/14/2020 | <u>206</u> | ORDER granting <u>205</u> Motion for Extension of Time to File Response/Reply. Responses due by 3/12/2020. Replies due by 4/10/2020. Signed by Judge Royce C. Lamberth on 2/14/2020. (lcrcl1) (Entered: 02/14/2020) |
| 03/12/2020 | <u>207</u> | Memorandum in opposition to re <u>203</u> MOTION / Non–Party Tenex–USA's Motion Under Under Rule 60 (b) of the Federal Rules of Civil Procedure for Partial Vacatur of the Default Judgment and Interim Judgment filed by AGUDAS CHASIDEI CHABAD OF UNITED STATES. (Attachments: # <u>1</u> Declaration of Steven Lieberman, # <u>2</u> Exhibit A, # <u>3</u> Exhibit B, # <u>4</u> Exhibit C, # <u>5</u> Exhibit D, # <u>6</u> Exhibit E, # <u>7</u> Text of Proposed Order)(Lieberman, Steven) (Entered: 03/12/2020) |
| 03/12/2020 | <u>208</u> | Memorandum in opposition to re <u>204</u> MOTION for Certification for interlocutory appeal *of ECF No. 198* MOTION to Stay *Discovery* filed by AGUDAS CHASIDEI CHABAD OF UNITED STATES. (Attachments: # <u>1</u> Text of Proposed |

| | | Order)(Lieberman, Steven) (Entered: 03/12/2020) |
|---|---|---|
| 04/07/2020 | 209 | Consent MOTION for Extension of Time to File Response/Reply as to 204 MOTION for Certification for interlocatory appeal *of ECF No. 198* MOTION to Stay *Discovery*, 203 MOTION / Non–Party Tenex–USA's Motion Under Under Rule 60 (b) of the Federal Rules of Civil Procedure for Partial Vacatur of the Default Judgment and Interim Judgment by TENEX–USA INCORPORATED (Attachments: # 1 Text of Proposed Order)(Lamm, Carolyn) (Entered: 04/07/2020) |
| 04/08/2020 | 210 | ORDER granting 209 Motion for Extension of Time to File Response/Reply. Signed by Judge Royce C. Lamberth on 4/8/2020. (lcrcl1) (Entered: 04/08/2020) |
| 04/24/2020 | 211 | REPLY to opposition to motion re 203 MOTION / Non–Party Tenex–USA's Motion Under Under Rule 60 (b) of the Federal Rules of Civil Procedure for Partial Vacatur of the Default Judgment and Interim Judgment filed by TENEX–USA INCORPORATED. (Lamm, Carolyn) (Entered: 04/24/2020) |
| 04/24/2020 | 212 | REPLY to opposition to motion re 204 MOTION for Certification for interlocatory appeal *of ECF No. 198* MOTION to Stay *Discovery* filed by TENEX–USA INCORPORATED. (Lamm, Carolyn) (Entered: 04/24/2020) |
| 05/18/2020 | 213 | MOTION for Leave to File *Sur–Reply In Opposition to Non–Party Tenex–USA's Motions* by AGUDAS CHASIDEI CHABAD OF UNITED STATES (Attachments: # 1 Exhibit A, # 2 Text of Proposed Order)(Parker, Robert) (Entered: 05/18/2020) |
| 05/29/2020 | 214 | Memorandum in opposition to re 213 MOTION for Leave to File *Sur–Reply In Opposition to Non–Party Tenex–USA's Motions* filed by TENEX–USA INCORPORATED. (Attachments: # 1 Text of Proposed Order)(Lamm, Carolyn) (Entered: 05/29/2020) |
| 06/05/2020 | 215 | REPLY to opposition to motion re 213 MOTION for Leave to File *Sur–Reply In Opposition to Non–Party Tenex–USA's Motions* filed by AGUDAS CHASIDEI CHABAD OF UNITED STATES. (Parker, Robert) (Entered: 06/05/2020) |
| 06/29/2020 | 216 | NOTICE OF SUPPLEMENTAL AUTHORITY by TENEX–USA INCORPORATED (Attachments: # 1 Exhibit A)(Kownacki, Nicolle) (Entered: 06/29/2020) |
| 06/30/2020 | | NOTICE OF ERROR re 216 NOTICE OF SUPPLEMENTAL AUTHORITY; emailed to nkownacki@whitecase.com, cc'd 23 associated attorneys –– The PDF file you docketed contained errors: 1. Invalid attorney signature, 2. DO NOT REFILE – FYI, Signature must match login/password (zjf, ) (Entered: 06/30/2020) |
| 07/07/2020 | 217 | ENTERED IN ERROR.....NOTICE *of Response* by AGUDAS CHASIDEI CHABAD OF UNITED STATES re 216 NOTICE OF SUPPLEMENTAL AUTHORITY (Parker, Robert) Modified on 7/7/2020 (zjf). (Entered: 07/07/2020) |
| 07/07/2020 | 218 | RESPONSE re 216 NOTICE OF SUPPLEMENTAL AUTHORITY filed by AGUDAS CHASIDEI CHABAD OF UNITED STATES. (zjf) (Entered: 07/07/2020) |
| 07/07/2020 | | NOTICE OF CORRECTED DOCKET ENTRY: Document No. re 217 Notice (Other) was entered in error and refiled as to the correct event/category by the clerk's office.(zjf) (Entered: 07/07/2020) |
| 07/25/2020 | 219 | NOTICE OF WITHDRAWAL OF APPEARANCE as to UNITED STATES OF AMERICA. Attorney Nathan Michael Swinton terminated. (Swinton, Nathan) |

| | | (Entered: 07/25/2020) |
|---|---|---|
| 07/28/2020 | 220 | MEMORANDUM ORDER denying 204 Motion for Certificate of Appealability; denying 204 Motion to Stay. Signed by Judge Royce C. Lamberth on 7/28/20. (lcrcl1) (Entered: 07/28/2020) |
| 07/28/2020 | 221 | MEMORANDUM ORDER denying 203 Motion for Partial Vacatur of the Default Judgment and Interim Judgment. Signed by Judge Royce C. Lamberth on 7/28/20. (lcrcl1) (Entered: 07/28/2020) |
| 07/28/2020 | | MINUTE ORDER denying as moot 213 Motion for Leave to File. Signed by Judge Royce C. Lamberth on 7/28/20. (lcrcl1) (Entered: 07/28/2020) |
| 08/18/2020 | 222 | NOTICE OF WITHDRAWAL OF APPEARANCE as to TENEX–USA INCORPORATED. Attorney Francis A Vasquez, Jr terminated. (Lamm, Carolyn) (Entered: 08/18/2020) |
| 08/24/2020 | 223 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 221 Order on Motion for Miscellaneous Relief by TENEX–USA INCORPORATED. Filing fee $ 505, receipt number ADCDC–7501749. Fee Status: Fee Paid. Parties have been notified. (Lamm, Carolyn) (Entered: 08/24/2020) |
| 08/25/2020 | 224 | Transmission of the Notice of Appeal, Order Appealed (Memorandum Order), and Docket Sheet to US Court of Appeals. The Court of Appeals fee was paid this date re 223 Notice of Appeal to DC Circuit Court. (zjf) (Entered: 08/25/2020) |
| 08/28/2020 | | USCA Case Number 20–7080 for 223 Notice of Appeal to DC Circuit Court filed by TENEX–USA INCORPORATED. (zrdj) (Entered: 08/31/2020) |
| 09/23/2020 | 225 | MOTION to Stay *Non–Party Tenex–USA's Motion to Stay Discovery Pending Appeal* by TENEX–USA INCORPORATED (Attachments: # 1 Text of Proposed Order)(Lamm, Carolyn) (Entered: 09/23/2020) |
| 10/07/2020 | 226 | Memorandum in opposition to re 225 MOTION to Stay *Non–Party Tenex–USA's Motion to Stay Discovery Pending Appeal* filed by AGUDAS CHASIDEI CHABAD OF UNITED STATES. (Attachments: # 1 Text of Proposed Order)(Lieberman, Steven) (Entered: 10/07/2020) |
| 10/14/2020 | 227 | REPLY re 225 *In Support of The Motion to Stay Discovery Pending Appeal* 225 filed by TENEX–USA INCORPORATED. (Lamm, Carolyn) Modified to add link on 10/20/2020 (znmw). (Entered: 10/14/2020) |
| 11/06/2020 | 228 | MEMORANDUM OPINION DENYING 225 Motion to Stay. A separate Order consistent with this Memorandum Opinion shall issue this date. Signed by Judge Royce C. Lamberth on November 6, 2020. (lcrcl1) (Entered: 11/06/2020) |
| 11/06/2020 | 229 | ORDER DENYING 225 Motion to Stay. Signed by Judge Royce C. Lamberth on November 6, 2020. (lcrcl1) (Entered: 11/06/2020) |
| 09/14/2021 | 230 | STIPULATION *and Order for the Production and Exchange of Confidential Information* by AGUDAS CHASIDEI CHABAD OF UNITED STATES. (Lieberman, Steven) (Entered: 09/14/2021) |
| 09/14/2021 | 231 | STIPULATION AND ORDER re 230 Production and Exchange of Confidential Information. Signed by Judge Royce C. Lamberth on 09/14/2021. (Attachments: #(1) Exhibit A, Form of Agreement)(lcrcl1) (Entered: 09/15/2021) |

| 01/12/2022 | 232 | MANDATE of USCA as to 223 Notice of Appeal to DC Circuit Court filed by TENEX–USA INCORPORATED ; USCA Case Number 20–7080. (Attachments: # 1 USCA Judgment)(zjf) (Entered: 01/12/2022) |
| 01/27/2022 | 233 | NOTICE OF WITHDRAWAL OF APPEARANCE as to AGUDAS CHASIDEI CHABAD OF UNITED STATES. Attorney Daniel McCallum terminated. (Lieberman, Steven) (Entered: 01/27/2022) |
| 02/24/2022 | 234 | ORDER denying Motion 146 for Protective Order; denying Motion 153 to Alter Judgment; granting Motion 156 for Extension of Time to File Response/Reply, nunc pro tunc; denying Motion 168 for Protective Order; denying Motion 171 re Request for Relief; granting Motion 172 for Leave to File Amicus Curiae Brief; denying Motion 175 for Order to Show Cause; denying Motion 184 for Leave to File Sur–Reply and/or for Oral Argument. Signed by Judge Royce C. Lamberth on 02/24/2022. (lcrcl1) (Entered: 02/24/2022) |
| 04/08/2022 | 235 | MOTION Attach Property or, In The Alternative, To Register Judicial Liens by AGUDAS CHASIDEI CHABAD OF UNITED STATES. (Attachments: # 1 Declaration of R. Parker, # 2 Exhibit A – Transcript, # 3 Exhibit B – Press Release, # 4 Exhibit C –Russian Federation Federal Law, # 5 Exhibit D – White Paper, # 6 Exhibit E – Website, # 7 Exhibit F – Press Release, # 8 Exhibit G – Report, # 9 Exhibit H – Russian Federation Federal Law, # 10 Exhibit I – Russian Federation Federal Law, # 11 Exhibit J – Change of Control and Ownership Information, # 12 Exhibit K – Int'l Business Relations Report, # 13 Exhibit L – Annual Report, # 14 Exhibit M – Board of Directors, # 15 Exhibit N – Articles of Association, # 16 Exhibit O – Redacted Prsentation, # 17 Exhibit P – Website, # 18 Exhibit Q – Report, # 19 Exhibit R – Report, # 20 Exhibit S – Federal Register, # 21 Exhibit T – Redacted Transcript, # 22 Text of Proposed Order)(Lieberman, Steven) (Entered: 04/08/2022) |
| 04/08/2022 | 236 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by AGUDAS CHASIDEI CHABAD OF UNITED STATES (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order For Motion for Leave to File Under Seal, # 2 Memorandum in Support Under Seal – Motion to Attach Property Property or, in the Alternative, to Register Judicial Liens, # 3 Declaration of R Parker in Support of Motion to Attach Property or, in the Alternative, to Register Judicial Liens, # 4 Exhibit A – Transcript, # 5 Exhibit B – Press Release, # 6 Exhibit C – Russian Federation Federal Law, # 7 Exhibit D – White Paper, # 8 Exhibit E – Website, # 9 Exhibit F – Press Release, # 10 Exhibit G – Report, # 11 Exhibit H – Russian Federation Federal Law, # 12 Exhibit I – Russian Federation Federal Law, # 13 Exhibit J – Change of Control and Onwership Information, # 14 Exhibit K – Int'l Business Relations Report, # 15 Exhibit L – Annual Report, # 16 Exhibit M – Board of Directors, # 17 Exhibit N – Articles of Association, # 18 Exhibit O – Presentation, # 19 Exhibit P – Webpage, # 20 Exhibit Q – Report on Performance, # 21 Exhibit R – Annual Report, # 22 Exhibit S – Federal Register, # 23 Exhibit T – Transcript, # 24 Text of Proposed Order for Motion to Attach Property or, in the Alternative, to Register Judicial Liens)(Lieberman, Steven) (Entered: 04/08/2022) |
| 04/19/2022 | 237 | Consent MOTION for Briefing Schedule by TENEX–USA INCORPORATED. (Attachments: # 1 Text of Proposed Order)(Lamm, Carolyn) (Entered: 04/19/2022) |
| 04/22/2022 | 238 | ORDER granting Motion 237 for Briefing Schedule. Set/Reset Deadlines: Response due by 5/20/2022; Reply due by 6/24/2022. Signed by Judge Royce C. Lamberth on |

| | | |
|---|---|---|
| | | 04/22/22. (lcrcl1) (Entered: 04/22/2022) |
| 05/06/2022 | 239 | MOTION for Judgment *Revised Interim Judgment of Accrued Sanctions* by AGUDAS CHASIDEI CHABAD OF UNITED STATES. (Attachments: # 1 Text of Proposed Order)(Parker, Robert) (Entered: 05/06/2022) |
| 05/20/2022 | 240 | Third Party MOTION to Intervene by STATE DEVELOPMENT CORPORATION VEB.RF. (Attachments: # 1 Text of Proposed Order)(Tobin, David) (Entered: 05/20/2022) |
| 05/20/2022 | 241 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by STATE DEVELOPMENT CORPORATION VEB.RF (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit Opposition filed under seal, # 2 Declaration, # 3 Exhibit Exhibit A under seal, # 4 Exhibit Exhibit 1, # 5 Exhibit Exhibit 2, # 6 Exhibit Exhibit 3 under seal, # 7 Exhibit Exhibit 4 under seal, # 8 Exhibit Exhibit 5 under seal, # 9 Exhibit Exhibit 6 under seal, # 10 Exhibit Exhibit 7 under seal, # 11 Exhibit Exhibit 8 under seal, # 12 Exhibit Exhibit 9, # 13 Exhibit Exhibit 10, # 14 Exhibit Exhibit 11, # 15 Exhibit Exhibit 12, # 16 Exhibit Exhibit 13 under seal, # 17 Text of Proposed Order Proposed order for opposition, # 18 Text of Proposed Order Proposed order for motion to seal)(Tobin, David) (Entered: 05/20/2022) |
| 05/20/2022 | 242 | RESPONSE re 235 MOTION Attach Property or, In The Alternative, To Register Judicial Liens filed by STATE DEVELOPMENT CORPORATION VEB.RF. (Attachments: # 1 Declaration, # 2 Exhibit Exhibit A, # 3 Exhibit Exhibit 1, # 4 Exhibit Exhibit 2, # 5 Exhibit Exhibit 3, # 6 Exhibit Exhibit 4, # 7 Exhibit Exhibit 5, # 8 Exhibit Exhibit 6, # 9 Exhibit Exhibit 7, # 10 Exhibit Exhibit 8, # 11 Exhibit Exhibit 9, # 12 Exhibit Exhibit 10, # 13 Exhibit Exhibit 11, # 14 Exhibit Exhibit 12, # 15 Exhibit Exhibit 13, # 16 Text of Proposed Order)(Tobin, David) (Entered: 05/20/2022) |
| 05/20/2022 | 243 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Wesley W. Whitmyer, Jr., Filing fee $ 100, receipt number ADCDC–9254121. Fee Status: Fee Paid. by STATE DEVELOPMENT CORPORATION VEB.RF. (Attachments: # 1 Declaration)(Tobin, David) (Entered: 05/20/2022) |
| 05/20/2022 | 244 | Memorandum in opposition to re 235 MOTION Attach Property or, In The Alternative, To Register Judicial Liens , 236 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by AGUDAS CHASIDEI CHABAD OF UNITED STATES (This document is SEALED and only available to authorized persons.) *Public Redacted Version* filed by TENEX–USA INCORPORATED. (Attachments: # 1 Text of Proposed Order)(Lamm, Carolyn) (Entered: 05/20/2022) |
| 05/20/2022 | 245 | DECLARATION of Carolyn B. Lamm by TENEX–USA INCORPORATED re 244 Memorandum in Opposition, filed by TENEX–USA INCORPORATED. (Attachments: # 1 Exhibit 1 (Redacted), # 2 Exhibit 2 (Redacted))(Lamm, Carolyn) (Entered: 05/20/2022) |
| 05/20/2022 | 246 | DECLARATION of Dmitry Kunitsa by TENEX–USA INCORPORATED re 244 Memorandum in Opposition, filed by TENEX–USA INCORPORATED. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T, # 21 Exhibit U, # 22 Exhibit V, # 23 Exhibit W, # 24 Exhibit X, # 25 Exhibit Y, # 26 |

| | | |
|---|---|---|
| | | Exhibit Z)(Lamm, Carolyn) (Entered: 05/20/2022) |
| 05/20/2022 | 247 | DECLARATION *of Ronald Gene Clark (REDACTED PUBLIC VERSION)* by TENEX–USA INCORPORATED re 244 Memorandum in Opposition, filed by TENEX–USA INCORPORATED. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P (Redacted), # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S (Redacted), # 20 Exhibit T (Redacted), # 21 Exhibit U (Redacted), # 22 Exhibit V, # 23 Exhibit W (Redacted), # 24 Exhibit X (Redacted), # 25 Exhibit Y (Redacted), # 26 Exhibit Z, # 27 Exhibit AA, # 28 Exhibit BB, # 29 Exhibit CC, # 30 Exhibit DD, # 31 Exhibit EE, # 32 Exhibit FF)(Lamm, Carolyn) (Entered: 05/20/2022) |
| 05/20/2022 | 248 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by TENEX–USA INCORPORATED (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order for Leave to File Under Seal, # 2 Memorandum in Support of Opposition to Motion to Attach (ECF 235, 236), # 3 Text of Proposed Order in Support of Opposition to Motion to Attach, # 4 Declaration of Carolyn B. Lamm, # 5 Exhibit 1 to Lamm Decl., # 6 Exhibit 2 to Lamm Decl., # 7 Declaration of Dmitry Kunitsa, # 8 Exhibit A to Kunitsa Decl., # 9 Exhibit B to Kunitsa Decl., # 10 Exhibit C to Kunitsa Decl., # 11 Exhibit D to Kunitsa Decl., # 12 Exhibit E to Kunitsa Decl., # 13 Exhibit F to Kunitsa Decl., # 14 Exhibit G to Kunitsa Decl., # 15 Exhibit H to Kunitsa Decl., # 16 Exhibit I to Kunitsa Decl., # 17 Exhibit J to Kunitsa Decl., # 18 Exhibit K to Kunitsa Decl., # 19 Exhibit L to Kunitsa Decl., # 20 Exhibit M to Kunitsa Decl., # 21 Exhibit N to Kunitsa Decl., # 22 Exhibit O to Kunitsa Decl., # 23 Exhibit P to Kunitsa Decl., # 24 Exhibit Q to Kunitsa Decl., # 25 Exhibit R to Kunitsa Decl., # 26 Exhibit S to Kunitsa Decl., # 27 Exhibit T to Kunitsa Decl., # 28 Exhibit U to Kunitsa Decl., # 29 Exhibit V to Kunitsa Decl., # 30 Exhibit W to Kunitsa Decl., # 31 Exhibit X to Kunitsa Decl., # 32 Exhibit Y to Kunitsa Decl., # 33 Exhibit Z to Kunitsa Decl., # 34 Declaration of Ronald Gene Clark, # 35 Exhibit A to Clark Decl., # 36 Exhibit B to Clark Decl., # 37 Exhibit C to Clark Decl., # 38 Exhibit D to Clark Decl., # 39 Exhibit E to Clark Decl., # 40 Exhibit F to Clark Decl., # 41 Exhibit G to Clark Decl., # 42 Exhibit H to Clark Decl., # 43 Exhibit I to Clark Decl., # 44 Exhibit J to Clark Decl., # 45 Exhibit K to Clark Decl., # 46 Exhibit L to Clark Decl., # 47 Exhibit M to Clark Decl., # 48 Exhibit N to Clark Decl., # 49 Exhibit O to Clark Decl., # 50 Exhibit P to Clark Decl., # 51 Exhibit Q to Clark Decl., # 52 Exhibit R to Clark Decl., # 53 Exhibit S to Clark Decl., # 54 Exhibit T to Clark Decl., # 55 Exhibit U to Clark Decl., # 56 Exhibit V to Clark Decl., # 57 Exhibit W to Clark Decl., # 58 Exhibit X to Clark Decl., # 59 Exhibit Y to Clark Decl., # 60 Exhibit Z to Clark Decl., # 61 Exhibit AA to Clark Decl., # 62 Exhibit BB to Clark Decl., # 63 Exhibit CC to Clark Decl., # 64 Exhibit DD to Clark Decl., # 65 Exhibit EE to Clark Decl., # 66 Exhibit FF to Clark Decl.)(Lamm, Carolyn) (Entered: 05/21/2022) |
| 06/15/2022 | 249 | Unopposed MOTION for Leave to File Excess Pages *In Reply Brief* by AGUDAS CHASIDEI CHABAD OF UNITED STATES. (Attachments: # 1 Text of Proposed Order)(Parker, Robert) (Entered: 06/15/2022) |
| 06/21/2022 | 250 | ORDER granting Motion 240 to Intervene by VEB.RF. Signed by Judge Royce C. Lamberth on 06/21/22. (lcrcl1) (Entered: 06/21/2022) |
| 06/21/2022 | 251 | ORDER granting Motion 243 for Leave to Appear Pro Hac Vice. **Counsel should** |

| | | |
|---|---|---|
| | | **register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. Signed by Judge Royce C. Lamberth on 06/21/22. (lcrcl1) (Entered: 06/21/2022) |
| 06/21/2022 | 252 | ORDER granting Unopposed Motion 249 for Leave to File Excess Pages. Signed by Judge Royce C. Lamberth on 06/21/22. (lcrcl1) (Entered: 06/21/2022) |
| 06/24/2022 | 253 | REPLY to opposition to motion re 235 MOTION Attach Property or, In The Alternative, To Register Judicial Liens filed by AGUDAS CHASIDEI CHABAD OF UNITED STATES. (Attachments: # 1 Declaration of R. Parker Second Declaration, # 2 Exhibit A − Excerpts of Joint Appendix, # 3 Exhibit B − Hearing Transcript, # 4 Exhibit C − Annual Transition Report, # 5 Exhibit D − Annual Activity Report)(Parker, Robert) (Entered: 06/24/2022) |
| 06/24/2022 | 254 | REPLY to opposition to motion re 235 MOTION Attach Property or, In The Alternative, To Register Judicial Liens filed by AGUDAS CHASIDEI CHABAD OF UNITED STATES. (Attachments: # 1 Declaration of R. Parker Second Declaration, # 2 Exhibit A − Excerpts of Joint Appendix, # 3 Exhibit B − Hearing Transcript, # 4 Exhibit C − Annual Transition Report, # 5 Exhibit D − Annual Activity Report)(Parker, Robert) (Entered: 06/24/2022) |
| 08/01/2022 | 255 | MOTION for Leave to File Sur−Reply to ECF 253 by TENEX−USA INCORPORATED. (Attachments: # 1 Exhibit Proposed Sur−Reply, # 2 Text of Proposed Order)(Lamm, Carolyn) (Entered: 08/01/2022) |
| 08/01/2022 | 256 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by TENEX−USA INCORPORATED (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order Granting Motion for Leave to File under Seal, # 2 Exhibit Motion for Leave to File Sur−Reply, # 3 Exhibit Proposed Sur−Reply, # 4 Exhibit Proposed Order Granting Motion for Leave to File Sur−Reply)(Lamm, Carolyn) (Entered: 08/01/2022) |
| 08/15/2022 | 257 | NOTICE of Change of Address by Robert P. Parker (Parker, Robert) (Entered: 08/15/2022) |
| 08/15/2022 | 258 | Memorandum in opposition to re 255 Motion for Leave to File Sur−Reply filed by AGUDAS CHASIDEI CHABAD OF UNITED STATES. (Attachments: # 1 Text of Proposed Order)(Parker, Robert) (Entered: 08/15/2022) |
| 08/22/2022 | 259 | REPLY to opposition to motion re 255 MOTION for Leave to File Sur−Reply to ECF 253 filed by TENEX−USA INCORPORATED. (Lamm, Carolyn) (Entered: 08/22/2022) |
| 12/15/2022 | 260 | MOTION for Protective Order by AGUDAS CHASIDEI CHABAD OF UNITED STATES. (Parker, Robert) (Entered: 12/15/2022) |
| 12/20/2022 | 261 | PROTECTIVE ORDER granting 260 Motion for Protective Order. See Order for details. Signed by Judge Royce C. Lamberth on 12/20/2022. (lcrcl2) (Entered: 12/20/2022) |
| 01/12/2023 | 262 | MOTION for Judgment Motion for Revised Interim Judgment of Accrued Sanctions by AGUDAS CHASIDEI CHABAD OF UNITED STATES. (Attachments: # 1 Text of Proposed Order Proposed Revised Interim Judgment)(Lieberman, Steven) (Entered: 01/12/2023) |
| 01/13/2023 | 263 | |

|  |  | ORDER granting 262 Motion for Revised Interim Judgment of Accrued Sanctions and denying as moot 239 Motion for Revised Interim Judgment of Accrued Sanctions. See Order for details. Signed by Judge Royce C. Lamberth on 1/13/2023. (lcrcl2) (Entered: 01/13/2023) |
| --- | --- | --- |
| 01/30/2023 | 264 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Richard A. Schwartz, Fee Status: No Fee Paid. by SIMON WIESENTHAL CENTER. (Attachments: # 1 Affidavit, # 2 Text of Proposed Order)(Cole, Thomas) Modified event on 1/30/2023 (znmw). (Entered: 01/30/2023) |
| 01/30/2023 |  | NOTICE OF ERROR regarding 264 Proposed MOTION for Leave to Appear Pro Hac Vice. The following error(s) need correction: Pro Hac Vice motion must be accompanied by a Certificate of Good Standing issued within the last 30 days (LCvR 83.2(c)(2)). Please file certificate as an Errata (znmw) (Entered: 01/30/2023) |
| 02/08/2023 |  | MINUTE ORDER: It is ORDERED that 264 Motion for Leave to Appear Pro Hac Vice is GRANTED. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. SO ORDERED by Judge Royce C. Lamberth on 2/8/2023. (lcrcl2) (Entered: 02/08/2023) |
| 02/22/2023 | 265 | Emergency MOTION for Issuance of Letters Rogatory by AGUDAS CHASIDEI CHABAD OF UNITED STATES. (Attachments: # 1 Exhibit A – Letter Rogatory, # 2 Exhibit B – Levine Declaration, # 3 Exhibit 1 to Levine Declaration – Webpage)(Lieberman, Steven) (Entered: 02/22/2023) |
| 02/24/2023 |  | MINUTE ORDER granting 265 Motion for Issuance of Letters Rogatory. Signed by Judge Royce C. Lamberth on 2/22/2023. (smc) (Entered: 02/24/2023) |
| 02/24/2023 | 266 | Letters Rogatory Issued. (smc) (Entered: 02/24/2023) |
| 02/27/2023 | 267 | ORDER denying without prejudice 235 Motion to Attach; granting 236 Sealed Motion for Leave to File Document Under Seal; granting 241 Sealed Motion for Leave to File Document Under Seal; granting 248 Sealed Motion for Leave to File Document Under Seal; granting 255 Motion for Leave to File; granting 256 Sealed Motion for Leave to File Document Under Seal. See Order for details. Signed by Judge Royce C. Lamberth on 2/27/2023. (lcrcl2) (Entered: 02/27/2023) |
| 02/27/2023 | 268 | MEMORANDUM OPINION re 267 . Signed by Judge Royce C. Lamberth on 2/27/2023. (lcrcl2) (Entered: 02/27/2023) |
| 02/27/2023 | 269 | SEALED MOTION to Attach Property or, in the Alternative, to Register Judicial Liens filed by AGUDAS CHASIDEI CHABAD OF UNITED STATES. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Declaration, # 2 Text of Proposed Order) (See Docket Entry 236 for exhibits A–T)(znmw) (Entered: 03/02/2023) |
| 02/27/2023 | 270 | SEALED OPPOSITION filed by STATE DEVELOPMENT CORPORATION VEB.RF re 269 Sealed Motion to Attach Property or, in the Alternative, to Register Judicial Liens. (Attachments: # 1 Declaration, # 2 Text of Proposed Order) (See Docket Entry 241 to view Exhibits A1–13)(znmw) (Entered: 03/02/2023) |
| 02/27/2023 | 271 | SEALED OPPOSITION filed by TENEX–USA INCORPORATED re 269 Sealed Motion to Attach Property or, in the Alternative, to Register Judicial Liens. (Attachments: # 1 Declaration, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Declaration, # 5 Text of Proposed Order) (See Docket Entry 248 to view exhibits A–FF)(znmw) (Entered: 03/02/2023) |

| 02/27/2023 | 272 | SEALED SURREPLY filed by TENEX–USA INCORPORATED re 269 Sealed Motion to Attach Property or, in the Alternative, to Register Judicial Liens. (This document is SEALED and only available to authorized persons.)(znmw) (Entered: 03/02/2023) |
| 02/27/2023 | 273 | SURREPLY (REDACTED) to re 269 SEALED MOTION to Attach Property or, in the Alternative, to Register Judicial Liens filed by TENEX–USA INCORPORATED. (This document is SEALED and only available to authorized persons.) (znmw) (Entered: 03/02/2023) |
| 03/27/2023 | 274 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 268 Memorandum & Opinion by TENEX–USA INCORPORATED. Filing fee $ 505, receipt number ADCDC–9955498. Fee Status: Fee Paid. Parties have been notified. (Lamm, Carolyn) (Entered: 03/27/2023) |
| 03/28/2023 | 275 | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals fee was paid re 274 Notice of Appeal to DC Circuit Court. (znmw) (Entered: 03/28/2023) |
| 03/28/2023 |  | USCA Case Number 23–7036 for 274 Notice of Appeal to DC Circuit Court filed by TENEX–USA INCORPORATED. (ztth) (Entered: 03/29/2023) |
| 03/29/2023 | 276 | NOTICE of Appearance by Wesley W. Whitmyer, Jr on behalf of STATE DEVELOPMENT CORPORATION VEB.RF (Whitmyer, Wesley) (Entered: 03/29/2023) |
| 03/29/2023 | 277 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 267 Order on Motion for Miscellaneous Relief,, Order on Sealed Motion for Leave to File Document Under Seal,,,,,, Order on Motion for Leave to File,,, 268 Memorandum & Opinion by STATE DEVELOPMENT CORPORATION VEB.RF. Filing fee $ 505, receipt number ADCDC–9961471. Fee Status: Fee Paid. Parties have been notified. (Whitmyer, Wesley) (Entered: 03/29/2023) |

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| AGUDAS CHASIDEI CHABAD OF UNITED STATES,<br><br>    Plaintiff,<br><br> v.<br><br>RUSSIAN FEDERATION; RUSSIAN MINISTRY OF CULTURE AND MASS COMMUNICATION; RUSSIAN STATE LIBRARY; and RUSSIAN STATE MILITARY ARCHIVE,<br><br>    Defendants. | Civil Action No. 1:05-cv-01548-RCL |

## <u>NON-PARTY VEB.RF'S NOTICE OF APPEAL</u>

Notice is hereby given this 29th day of March, 2023, that Non-Party VEB.RF ("VEB") hereby appeals to the United States Court of Appeals for the District of Columbia Circuit the portion of this Court's Order and Memorandum Opinion entered on February 27, 2023 denying VEB's jurisdictional immunity arguments under the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1605(a)(3), 1610(a)(3).  *See* ECF Nos. 267, 268.

Dated: March 29, 2023     Respectfully submitted,

            */s/ Wesley W. Whitmyer, Jr.*
            Wesley W. Whitmyer, Jr. (*pro hac vice*)
            WHITMYER IP GROUP LLC
            600 Summer Street
            Stamford, Connecticut 06901
            Telephone: (203) 703-0800
            Facsimile: (203) 703-0801
            Email: litigation@whipgroup.com

David C. Tobin
Tobin, O'Connor Concino P.C.
5335 Wisconsin Ave., N.W.
Suite 400
Washington, D.C. 20015
Telephone: (202) 362-5900
Facsimile: (202) 362-6579
Email: dctobin@tobinoconnor.com

*Counsel for Non-Party, VEB.RF*

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of March 2023, a true and correct copy of the foregoing was served by the Court's ECF system to all counsel of record.

/s/ Wesley W. Whitmyer, Jr.
Wesley W. Whitmyer, Jr. (*Pro Hac Vice*)

I further certify that on March 29, 2023, a true and correct copy of the foregoing **NON-PARTY VEB.RF'S NOTICE OF APPEAL** was served by First Class Mail on each of the following parties:

Ministry of Justice of the Russian Federation
Attn: Hon. Konstantin Chuychenko, Minister
14 Zhitnaya Street
GSP-1 Moscow, Russia 119991

Ministry of Culture of the Russian Federation
Attn: Hon. Olga Lyubimova, Minister
7/6, Bldg. 1, 2, Malyy Gnezdnikovskiy Pereulok
Moscow, Russia 125993

Russian State Military Archive
Attn: Vladimir N. Kyzelenkov, General Director
29 Admiral Makarov Street
Moscow, Russia 12512

Russian State Library
Attn: Vadim Valerievich Duda, General Director
3/5, Vozdvizhenka Street, 2nd Entrance
Moscow, Russia 119019

/s/ Wesley W. Whitmyer, Jr.
Wesley W. Whitmyer, Jr. (*Pro Hac Vice*)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**AGUDAS CHASIDEI CHABAD OF**
**UNITED STATES,**

> *Plaintiff,*

**v.**

**RUSSIAN FEDERATION; RUSSIAN**
**MINISTRY OF CULTURE AND MASS**
**COMMUNICATION; RUSSIAN STATE**
**LIBRARY; and RUSSIAN STATE**
**MILITARY ARCHIVE,**

> *Defendants.*

**No. 1:05-cv-1548-RCL**

### ORDER

For the reasons stated in the Court's memorandum opinion filed this same date, it is hereby **ORDERED** that plaintiff's [235] Motion to Attach Property or, in the Alternative, to Register Judicial Liens is **DENIED WITHOUT PREJUDCE**. The Court **DIRECTS** plaintiff to serve defendants, in compliance with the manner prescribed for service in 28 U.S.C. § 1608, with the Court's Sanctions Order, ECF No. 115; the Court Memorandum Opinion on Contempt Sanctions, ECF No. 116; the Interim Judgment, ECF No. 144; the Order and Judgment, ECF No. 201; and the Revised Interim Judgment, ECF No. 263.

It is **ORDERED** that the Sealed Motions for Leave to File Under Seal, ECF Nos. 236, 241, 248, and 256, be **GRANTED**. It is **ORDERED** that Tenex-USA's [255] Motion for Leave to File a Sur-Reply be **GRANTED**.

**IT IS SO ORDERED**

Signed on this _27__ day of February, 2023.

_____
ROYCE C. LAMBERTH
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **AGUDAS CHASIDEI CHABAD OF UNITED STATES**, | |
| *Plaintiff,* | |
| **v.** | |
| **RUSSIAN FEDERATION; RUSSIAN MINISTRY OF CULTURE AND MASS COMMUNICATION; RUSSIAN STATE LIBRARY; and RUSSIAN STATE MILITARY ARCHIVE**, | No. 1:05-cv-1548-RCL |
| *Defendants.* | |

## <u>MEMORANDUM OPINION</u>

During the 20th century, amid civil unrest, revolution, and then world war, a collection of invaluable religious books and manuscripts were seized in violation of international law.  Plaintiff Agudas Chasidei Chabad of the United States ("Chabad") is the rightful owner of those books and manuscripts.  Nearly two decades ago, it sued the Russian Federation ("Russia"), Russian Ministry of Culture and Mass Communication, Russian State Library, and Russian State Military Archive (together, "defendants") and requested that this Court order a return of that property.  In 2010, after determining that the materials were indeed expropriated, the Court entered a default judgment against defendants and ordered them to return the texts to Chabad.  After they failed to comply with that directive, the Court imposed monetary sanctions to coerce compliance.  Since that time, defendants have failed to satisfy the Court's order and the accrued sanctions now approach $200 million.  To make good on that debt, Chabad moves now to attach and execute on Russian property held or controlled by third parties VEB.RF ("VEB") and Tenex (whether it be Tenex-USA or its

1

corporate parent entity). Chabad alternatively seeks authorization to assert and record judicial liens.

Because the judgments that Chabad seeks to enforce were entered by default, and defendants have not received required notice, this Court will **DENY WITHOUT PREJUDICE** Chabad's motion.

## I.      BACKGROUND

The Court has comprehensively and repeatedly explained the factual and procedural history of this lawsuit, *see, e.g.*, *Agudas Chasidei Chabad of U.S. v. Russian Fed'n* ("*Stay Opinion*"), No. 1:05-cv-1548-RCL, 2020 WL 13611456, at *1–8 (D.D.C. Nov. 6, 2020), *aff'd, Agudas Chasidei Chabad of United States v. Russian Fed'n*, 19 F.4th 472 (D.C. Cir. 2021), and therefore the following will constitute a non-exhaustive summary of the pertinent information for the present motion.

The plaintiff here is Chabad, a non-profit corporation in New York representing the longstanding Chabad Chasidic movement of Judaism which started "in the mid-18th Century in and around the Russian Empire." *Id.* at *1 (internal quotation marks omitted). Over time, the organization "produced and curated a body of religious materials central to Chabad Chasidism." *Id.* At issue in this case are two sets of those materials: "the Library," which contains thousands of books and hundreds of manuscripts dating back to 1772, and "the Archive," which contains the "Chabad Rebbes' handwritten teachings, correspondence, and other records." *Id.* (internal quotation marks omitted).

In 2004, Chabad sued defendants, alleged that they possessed the Library and Archive, and asked this Court to issue an order directing defendants to return them. *Id.* at *1–2. The defendants appeared and moved to dismiss the complaint, alleging that they were immune from suit. *Id.* at *2.

Though Congress has established a general rule depriving courts of subject-matter jurisdiction over lawsuits against foreign states—an instruction located in the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1604 *et seq.*—the statute provides an exception to that presumption when property is taken in violation of international law. *Id.* § 1605(a)(3). This Court held that, pursuant to Section 1605(a)(3), the Court maintained subject-matter jurisdiction over claims related to the Archive, but not claims related to the Library. *Agudas Chasidei Chabad of U.S. v. Russian Fed'n* ("*Chabad I*"), 466 F. Supp. 2d 6, 31 (D.D.C. 2006). The D.C. Circuit then affirmed in part, vacated in part, and reversed in part, concluding that, under Section 1605(a)(3), this Court had subject-matter jurisdiction over Chabad's claims related to both the Archive and the Library. *Agudas Chasidei Chabad of U.S. v. Russian Fed'n* ("*Chabad II*"), 528 F.3d 934, 939, 955 (D.C. Cir. 2008).

After the D.C. Circuit remanded the case, defendants withdrew from further participation in this action. ECF No. 71-1. Russia explained that it took issue with the Circuit's ruling depriving it of immunity from suit and it would therefore no longer participate. *Id.* This Court subsequently entered default judgment against all defendants. *Agudas Chasidei Chabad of U.S. v. Russian Fed'n* ("*Chabad III*"), 729 F. Supp. 2d 141, 148 (D.D.C. 2010). It then ordered defendants to ensure a "prompt and safe" return of Chabad's religious materials. Order Granting Pl.'s Mot. for Entry of Default Judgment, ECF No. 80. Specifically, the Court directed defendants to "surrender to the United States Embassy in Moscow or to the duly appointed representatives of . . . Chabad . . . the complete collection." *Id.*

In 2011, after determining that Russia had received adequate notice of the Court's default judgment, and "that plaintiff ha[d] demonstrated defendants' non-compliance to a reasonable certainty," this Court instructed defendants to show cause why they should not be held in civil

contempt. *Agudas Chasidei Chabad of U.S. v. Russian Fed'n* ("*Chabad IV*"), 798 F. Supp. 2d 260, 273 (D.D.C. 2011) (internal quotation marks omitted).  The Court then "direct[ed] plaintiff to serve a copies of its motion for sanctions and t[he] order to show cause on defendants via mail using the addresses defendants' former counsel provided, and [] g[a]ve defendants the same 60 days they are generally entitled in responding to service of papers initiating suit under the FSIA." *Id.* at 273–74.

In 2013, after defendants failed to respond, Chabad moved for civil monetary contempt sanctions against defendants. *Chabad v. Russian Fed'n* ("*Sanctions Opinion*"), 915 F. Supp. 2d 148, 149–51 (D.D.C. 2013).  This request came after "multiple meetings at the Russian Embassy in Washington, D.C.," during which "the parties were unable to reach a settlement."  *Id.* at 150–51 (internal quotation marks and citation omitted).  After determining that civil monetary sanctions were both within the Court's authority and appropriate for the situation, the Court issued sanctions in the amount of $50,000 per day until defendants comply with the Court's 2010 order to return the materials.  *Id.* at 154–55; Order ("Sanctions Order"), ECF No. 115.  That day has yet to arrive.

Following the imposition of sanctions, this Court has thrice issued interim judgments of accrued sanctions.   Interim Judgment, ECF No. 144; Order and Judgment ("Second Interim Judgment"), ECF No. 201; Revised Interim Judgment, ECF No. 263.  Chabad also subpoenaed various entities, including VEB and Tenex-USA, to discover Russian property that might satisfy the accrued sanctions debt.  *See* Mem. Order 1 ("Motion to Quash Order"), ECF No. 198; *Stay Opinion*, 2020 WL 13611456 at *7.

Following that discovery, Chabad moved to attach and execute to satisfy the sanctions debt, or alternatively to assert and record judicial liens.  Pl.'s Mot., ECF No. 235.  Chabad also filed a sealed memorandum in support.  Pl.'s Mem., ECF No. 236-2.  VEB opposed, VEB's Opp'n, ECF

No. 241-1, and Chabad replied, Pl.'s Reply to VEB, ECF No. 254.  Tenex-USA also opposed, Tenex-USA's Opp'n, ECF No. 248-2, and Chabad replied, Pl.'s Reply to Tenex-USA, ECF No. 253.  Tenex-USA moved to file a sur-reply, Tenex-USA's Mot. Sur-Reply ECF No. 256-2, Chabad opposed, Pl.'s Opp'n to Sur-Reply, ECF No. 258, and Tenex-USA replied, Tenex-USA's Reply Sur-Reply, ECF No. 259.[1]

Upon consideration of the parties briefing, the applicable law, and the whole record, the Court will **DENY WITHOUT PREJUDICE** Chabad's motion because defendants have not been provided sufficient notice of the monetary sanctions judgments that Chabad seeks to enforce.

## II.    LEGAL STANDARDS

The FSIA provides the governing legal standards in this dispute.  Under that statute, "Congress established . . . a comprehensive framework for resolving any claim of sovereign immunity." *Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134, 141 (2014) (quoting *Republic of Austria v. Altmann*, 541 U.S. 677 (2004)).  "Thus, any sort of immunity defense made by a foreign sovereign in an American court must stand on the Act's text. Or it must fall." *Id.* at 141–42.  The framework includes two kinds of immunity: jurisdictional immunity and execution immunity.  *TIG Ins. Co. v. Republic of Argentina*, 967 F.3d 778, 781 (D.C. Cir. 2020).  "To enforce an award against a foreign state in the United States, a party must therefore establish both that the foreign state is not immune from suit and that the property to be attached or executed against is not immune." *Id.*  Because Chabad seeks attachment of Russia's property, both immunities must be defeated for it to succeed.

---

[1] The Court concludes that Tenex-USA's sur-reply is appropriate and grants its motion to file. *See Doe v. Exxon Mobil Corp.*, 69 F. Supp. 3d 75, 85–86 (D.D.C. 2014).  However, Tenex-USA's argument that there is a due process or service issue for Tenex, raised for the first time in its sur-reply despite being previously available to it, will not be considered. *See* Proposed Sur-Reply 4–5, ECF No. 256-3; *Connecticut v. Dep't of the Interior*, 344 F. Supp. 3d 279, 317 n.36 (D.D.C. 2018) ("[T]he Court declines to entertain an argument raised for the first time in a sur-reply.").

**A. Jurisdictional Immunity**

As this Court and the D.C. Circuit have already determined, an exception to the FSIA's default rule of sovereign immunity applies. That exception reads as follows:

> (a) A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case—
>
> (3) in which rights in property taken in violation of international law are in issue and that property or any property exchanged for such property is present in the United States in connection with a commercial activity carried on in the United States by the foreign state; or that property or any property exchanged for such property is owned or operated by an agency or instrumentality of the foreign state and that agency or instrumentality is engaged in a commercial activity in the United States.

*Id.* § 1605(a)(3). The Court will refer to Section 1605(a)(3) as the "expropriation jurisdiction exception."

When jurisdictional immunity has been overcome, the scope of the Court's power is broad. For "any claim for relief with respect to which a foreign state is not entitled to immunity . . . the foreign state shall be liable in the same manner and to the same extent as a private individual under like circumstances." *Id.* § 1606; *see Republic of Argentina*, 573 U.S. at 142.

**B. Attachment and Execution Immunity**

Attachment and execution immunity "is not itself jurisdictional." *TIG Ins. Co.*, 967 F.3d at 781. Instead, there is a default presumption against "attachment of a foreign sovereign's property." *Id.* Specifically, "the property in the United States of a foreign state shall be immune from attachment arrest and execution," 28 U.S.C. § 1609, unless the judgment creditor demonstrates the applicability of a statutory "[e]xception[] to the immunity from attachment or execution," *id.* § 1610. *See TIG Ins. Co.*, 967 F.3d at 781.

The attachment exception at issue in this case reads as follows:

6

> (a) The property in the United States of a foreign state, as defined in section 1603(a) of this chapter, used for a commercial activity in the United States, shall not be immune from attachment in aid of execution, or from execution, upon a judgment entered by a court of the United States or of a State after the effective date of this Act, if—
>
> (3) the execution relates to a judgment establishing rights in property which has been taken in violation of international law or which has been exchanged for property taken in violation of international law.

28 U.S.C. § 1610(a)(3).  The Court will refer to the requirements of (a) and (3) together as the "expropriation attachment exception."

As the statutory text lays out, the exception requires a judgment creditor to establish that "the execution relates to a judgment establishing rights in property" of the type described in the statute.  *Id.*  If that element is satisfied, the creditor "must satisfy the two general requirements outlined in the opening language of [Section 1610(a)]" which relates to the specific property that it seeks to attach or execute on.  *TIG Ins. Co.*, 967 F.3d at 781; *see Chabad IV*, 798 F. Supp. 2d at 271.

In sum, the judgment creditor must demonstrate first that "the execution relates to a judgment establishing rights in property which has been taken in violation of international law or which has been exchanged for property taken in violation of international law" and then identify (a) "property in the United States of a foreign state" that is (b) "used for a commercial activity in the United States."  28 U.S.C. § 1610(a)(3); *see TIG Ins. Co.*, 967 F.3d at 781.  For the latter requirement, a court must consider the property's use at the time of the filing of the lawsuit and do so under the totality of the circumstances.  *TIG Ins. Co.*, 967 F.3d at 782, 785.

Finally, before the Court orders attachment or execution, it must have "determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under [28 U.S.C. § 1608(e)]."  28 U.S.C. § 1610(c).  Section 1608(e) reads as follows:

<center>7</center>

> No <u>judgment by default</u> shall be entered by a court of the United States or of a State against a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state, unless the claimant establishes his claim or right to relief by evidence satisfactory to the court. <u>A copy of any such default judgment shall be sent to the foreign state or political subdivision in the manner prescribed for service in this section.</u>

*Id.* § 1608(e) (emphases added).

## III.   DISCUSSION

Chabad seeks to attach and execute on "the property of the Russian Federation held or controlled by" VEB and Tenex.  Chabad's Mot. 1.  VEB and Tenex-USA oppose on several grounds, including that (1) the Court does not have subject-matter jurisdiction; (2) attachment immunity applies to any Russian property because the relevant judgments do not satisfy the first element of the expropriation attachment exception; (3) defendants have not received proper notice of the monetary sanctions judgments that Chabad seeks to enforce; and (4) Chabad has not identified specific Russian property used for a commercial activity in the United States.[2]

The Court will take those arguments in the order identified, rejecting the first two but agreeing with the third.  Accordingly, this Court will dismiss Chabad's current motion without prejudice.  However, this is only a temporary reprieve.  Once defendants have proper notice, and the reasonable period of time following notice has passed, Chabad may again file for attachment and execution.  At that point the remaining question will simply be whether particular Russian property in the United States has been identified and whether the property was used for a commercial activity in the United States.

---

[2] The fourth argument raised by VEB and Tenex-USA is premised in part on the assertion that VEB and Tenex-USA are not Russian agencies or instrumentalities.  Relatedly, Tenex-USA argues that assets of its corporate parent cannot be attached.  Because the Court holds that defendants have not received proper notice of this Court's sanctions, it would be inappropriate to reach the merits of whether there is property that can be attached and executed on, or for which judicial liens may be recorded.

The Court will accordingly deny Chabad's motion without prejudice and direct plaintiff to provide proper notice of the sanctions judgments it seeks to enforce.

### A.  Subject-Matter Jurisdiction Over Russia is Appropriate Under the Expropriation Jurisdiction Exception

VEB and Tenex-USA first bring back the now oft-defeated argument that this Court does not have subject-matter jurisdiction.  VEB's Opp'n 13–14; Tenex-USA's Opp'n 9–12. Specifically, they contest the application of the expropriation jurisdiction exception to abrogate Russia's immunity to suit.  This Court and the Circuit have addressed the issue of jurisdiction under the expropriation jurisdiction exception five separate times.  *See Chabad I*, 466 F. Supp. 2d at 14–20; *Chabad II*, 528 F.3d at 939, 955; *Chabad III*, 729 F. Supp. 2d at 144–48; Mem. Order ("Interlocutory Appeal Order"), ECF No. 220 at 3–4; *Stay Opinion*, 2020 WL 13611456 at *11– 25.  Nevertheless, because VEB and Tenex-USA raise the argument now to oppose a motion that threatens assets held or controlled by them, rather than through an ancillary motion for interlocutory appeal or a motion for stay, the Court will briefly summarize why the argument against subject-matter jurisdiction fails again.

In 2006, this Court was first faced with the question of whether the expropriation jurisdiction exception applies in this case.  At that time, the Court held that the expropriation jurisdiction exception applied to claims regarding the taking of the Archive, but not to the taking of the Library.  *Chabad I*, 466 F. Supp. 2d at 14–20.  Because subject-matter jurisdiction does not lie over a foreign state without an FSIA exception, the Court held that it had subject-matter jurisdiction over Russia only for claims related to the Archive.  *Id.* at 31.

A panel of the D.C. Circuit, reviewing this Court's decision, "affirm[ed] the judgment of the district court finding jurisdiction over Agudas Chasidei Chabad's claims concerning the Archive; [while] revers[ing] its finding of Russia's immunity as to the Library claims."  *Chabad*

9

*II*, 528 F.3d at 955.   That is, the D.C. Circuit concluded that the Court had subject-matter jurisdiction over Russia for both of Chabad's claims.   *Id.* at 939–40, 942–50, 955.   The Circuit explained that a foreign state like Russia is not immune from suit when the two elements of the expropriation jurisdiction exception are met.   The first element can only be satisfied a single way, by establishing "[A] rights in property taken in violation of international law are in issue."   *Id.* at 946–47 (alteration in original) (quoting 28 U.S.C. § 1605(a)(3)).   The second element may be satisfied with either of two "alternative commercial activity requirements"—either "[B][1] that property or any property exchanged for such property is present in the United States in connection with a commercial activity *carried on* in the United States by the foreign state; or [2] that property or any property exchanged for such property is owned or operated by an agency or instrumentality of the foreign state and that agency or instrumentality is *engaged in* a commercial activity in the United States."   *Id.* (alterations and emphases in original) (quoting 28 U.S.C. § 1605(a)(3)).   In holding that subject-matter jurisdiction over Russia was proper, the panel explained that "§ 1605(a)(3)'s second alternative commercial activity requirement is plainly satisfied."   *Id.* at 948.

Over a decade later, after Tenex-USA was brought into the case as a third party, it raised the issue of subject-matter jurisdiction afresh.   Interlocutory Appeal Order 3–4.   It asserted that D.C. Circuit opinions in other cases, issued several years after the *Chabad II* panel's judgment, effectively ousted this Court of its previously established jurisdiction.   *Id.*   Tenex-USA brought this argument to bear through the procedural vehicle of seeking a certification of interlocutory appeal to the D.C. Circuit.   *Id.* at 1.   This Court rejected that argument and denied certification.   *Id.* at 3–4.   When Tenex-USA moved for a stay of this case pending appeal, this Court once again tackled the challenge to subject-matter jurisdiction under the expropriation jurisdiction exception

10

and explained in comprehensive fashion why the D.C. Circuit's latter cases fail to deprive this Court of jurisdiction. *Stay Opinion*, 2020 WL 13611456 at *11–25. Now VEB and Tenex-USA raise the issue again. VEB's Opp'n 13–14; Tenex-USA's Opp'n 9–12.

At the risk of belaboring the point, this Court still has subject-matter jurisdiction because a 2008 panel of the D.C. Circuit held as much in *Chabad II* and the Circuit has never overruled that holding. *See Stay Opinion*, 2020 WL 13611456 at *11–25 (explaining the Court's continuing subject-matter jurisdiction in detail). Tenex-USA was correct before, and is correct now, that several D.C. Circuit panel opinions, issued starting in 2016, conflict with the reasoning of the *Chabad II* panel. Specifically, the panel held that the second alternative commercial activity requirement contained in the expropriation jurisdiction exception did not distinguish between, and therefore equally abrogated the sovereign immunity of, foreign sovereigns and their agencies or instrumentalities. *Chabad II*, 528 F.3d at 955. Later panels held that the *second* alternative commercial activity requirement defeats immunity only for *agencies and instrumentalities*, while the *first* alternative commercial activity requirement must be satisfied when subject-matter jurisdiction is asserted over *foreign states*. *Simon v. Republic of Hungary*, 812 F.3d 127, 146 (D.C. Cir. 2016) (citing *Chabad II*, 528 F.3d at 947), *abrogated on other grounds by Fed. Republic of Germany v. Philipp*, 141 S. Ct. 703 (2021); *De Csepel v. Republic of Hungary*, 859 F.3d 1094 (D.C. Cir. 2017) (relying on *Simon*); *Schubarth v. Federal Republic of Germany*, 891 F.3d 392 (D.C. Cir. 2018) (same); *Philipp v. Fed. Republic of Germany*, 894 F.3d 406 (D.C. Cir. 2018) (same), *vacated and remanded on other grounds*, 141 S. Ct. 703 (2021).

Each later panel's interpretation of the second alternative commercial activity requirement "is irreconcilable with the D.C. Circuit's decision in *Chabad*." *Stay Opinion*, 2020 WL 13611456 at *11. Yet, under the law of the circuit doctrine, a prior panel's decision is binding on a latter

11

panel unless that opinion is overruled by the procedures of the D.C. Circuit or by the Supreme Court. *Maxwell v. Snow*, 409 F.3d 354, 358 (D.C. Cir. 2005). Under the D.C. Circuit's procedures, "the D.C. Circuit can overrule the earlier decision of one of its panels only through two specific actions: either through an *en banc* sitting or, more rarely, through a procedure called an *Irons* footnote." *Stay Opinion*, 2020 WL 13611456 at *12 (citing *Irons v. Diamond*, 670 F.2d 265, 268 n.11 (D.C. Cir. 1981)). *Irons* requires that a special footnote appear in the panel opinion explaining that the prior panel's decision has been overruled by consideration of the full D.C. Circuit. *Id.*

Here, none of the methods by which a prior panel opinion may be overruled have been undertaken. *Id.* at *11–25. There is no claim that the Supreme Court has overturned the relevant portion of the *Chabad II* panel's opinion. *Id.* No *en banc* sitting has concluded that the proper interpretation of the expropriation jurisdiction exception is the one endorsed by the *Simon* panel and its progeny, or alternatively that the *Chabad II* panel's reasoning was incorrect. *Id.* And no *Irons* footnote has been employed to overrule the decision. *Id.*

That puts this Court in an awkward position. It must choose a panel opinion to follow. The question is which.

The law of the case doctrine provides the answer. Under that doctrine, a decision on FSIA immunity made by a higher court "may be revisited [by the lower court] only if there is an intervening change in the law or if the previous decision was clearly erroneous and would work a manifest injustice." *Simon v. Republic of Hungary*, 443 F. Supp. 3d 88, 111 (D.D.C. 2020) (quoting *Kimberlin v. Quinlan*, 199 F.3d 496, 500 (D.C. Cir. 1999)) (internal quotation marks omitted)).[3] The exceptions do not apply here, so the Court must follow the panel opinion in this

---

[3] That means, for example, that a decision on immunity made prior to trial, but upset by the factual record developed later, need not be "calcif[ied]" by the law of the case doctrine. *Wye Oak Tech., Inc. v. Republic of Iraq*, 24 F.4th 686, 698–700 (D.C. Cir. 2022). But no new facts have emerged that undermine application of the expropriation jurisdiction exception here.

case.  As discussed above, the D.C. Circuit has not changed the law because it has not followed its procedure for doing so.  The previous decision was not clearly erroneous, nor would following it work a manifest injustice, both because it is binding under the law of the circuit doctrine and, if that were not enough, the interpretation appears correct on the merits.  *See Stay Opinion*, 2020 WL 13611456 at *11–25.

Unless and until the Court receives a mandate from the D.C. Circuit stating otherwise, or the Circuit overrules the *Chabad II* panel opinion through its procedures for doing so, this Court will continue to assert subject-matter jurisdiction in accordance with the 2008 mandate issued by the Circuit.  In short, of the panel opinions to choose from, the earliest one, directed at this Court for this very case, is most appropriate.

For those reasons, and the expansive explanation in its prior opinion, *id.*, the Court maintains subject-matter jurisdiction over Russia under the expropriation jurisdiction exception.

## B.  The "Relates To" Element of the Expropriation Attachment Exception is Satisfied

VEB and Tenex-USA next challenge whether the first element of the expropriation attachment exception applies here.  VEB's Opp'n 3–8; Tenex-USA's Opp'n 14–17.  As a reminder, that element requires that "the execution *relates to a judgment* establishing rights in property which has been taken in violation of international law or which has been exchanged for property taken in violation of international law."  28 U.S.C. § 1610(a)(3) (emphasis added).  The question then is whether the execution that Chabad seeks relates to a qualifying judgment.  When it previously authorized discovery, this Court suggested why the answer to that question is yes. Motion to Quash Order 7.  It now so holds for the purpose of Chabad's present motion.

Stepping back for a moment, it is important to recognize that nearly anytime a judgment creditor seeks to execute a judgment predicated on the expropriation jurisdiction exception, the creditor will also be able to satisfy this first element of the expropriation attachment exception.

13

That is inevitable because the language of the expropriation attachment exception closely mirrors the language of the expropriation jurisdiction exception. *Compare* 28 U.S.C. § 1605(a)(3) ("[I]n which rights in property taken in violation of international law are in issue."), *with* 28 U.S.C. § 1610(a)(3) ("[R]elates to a judgment establishing rights in property which has been taken in violation of international law."). It is difficult to imagine a situation where a plaintiff would be able to establish the applicability of the jurisdictional exception, and obtain a judgment based on that exception, but subsequently fail at the "relates to" portion of the attachment exception for that same judgment. Indeed, VEB and Tenex-USA do not point to any such case where that has occurred.[4]

This case does not break the mold. Here, the Court entered a default judgment in 2010 "clearly predicated on Chabad's rights to the stolen collection." Motion to Quash Order 7. Specifically, the Court concluded that "plaintiff has shown that rights in property are at issue" and "defendants expropriated both the Archive and Library from plaintiff in violation of international law." *Chabad III*, 729 F. Supp. 2d at 145–46. The result of those findings was "a judgment establishing rights in property which has been taken in violation of international law." *See* 28 U.S.C. § 1610(a)(3); Order Granting Pl.'s Mot. for Entry of Default Judgment.

Furthermore, the execution that Chabad seeks relates to that qualifying judgment. As the Court has previously explained, it "will read 'relates to' under its plain meaning." Motion to Quash Order 7. Generally, that phrase means "to connect (something) with (something else)" "to be connected with (someone or something)" or "to be about (someone or something)." *Relate to*, Merriam–Webster Dictionary Online, https://www.merriam-webster.com/dictionary/relate%20to (last visited Jan. 20, 2023); *see also Relate*, Webster's Third New Int'l Dictionary 1916 (1965)

---

[4] Of course, a judgment creditor could still fail at the second requirement, identifying "property in the United States of a foreign state used for a commercial activity in the United States." 28 U.S.C. § 1610(a).

14

(providing a similar definition).  For the expropriation attachment exception to apply, executing on property to satisfy the monetary sanctions must be connected with, or otherwise about, the 2010 default judgment establishing Chabad's rights in the collection.

The "relates to" requirement is plainly satisfied because the Court's sanctions order, and the associated interim judgments, are based entirely on the default judgment establishing Chabad's rights in the property.  Specifically, the monetary sanctions were "calibrated to coerce compliance with the 2010 [default judgment]."  *Sanctions Opinion*, 915 F. Supp. 2d at 154 (internal quotation marks omitted).  The Court "issue[d] civil contempt sanctions against defendants in the amount of $50,000 per day," not for their own sake, but rather to compel "defendants [to] comply with this Court's [default judgment and order to return the property]."  *Id.* at 154–55; Sanctions Order. Execution premised on the monetary sanctions is therefore directly connected with, and based on, the judgment establishing Chabad's rights in property taken in violation of international law. Accordingly, the sanctions judgments, calculating the total sanctions that have accrued by a given date thereby providing a specific sum to collect, "are clearly predicated on Chabad's rights to the stolen collection" and therefore satisfy the "relates to" element of the expropriation attachment exception.  *See* Motion to Quash Order 7.

## C.  Section 1610(c)'s Notice Requirement Has Not Been Satisfied

Despite fending off the first two arguments against attachment, Chabad stumbles when faced with the FSIA's notice requirement for a judgment by default.  The question here is novel: whether the sanctions judgments entered following the 2010 default judgment are themselves "judgment[s] by default" and therefore must be served in compliance with Sections 1608(e).  The Court concludes that the answer is yes.  Because the monetary sanctions Chabad seeks to enforce are based on judgments entered by default that have not been properly served on defendants, the Court is barred from ordering attachment and execution.

15

The relevant requirement states that "[n]o attachment or execution . . . shall be permitted until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e)." 28 U.S.C. § 1610(c).  Under the referenced Section 1608(e):

> No <u>judgment by default</u> shall be entered by a court of the United States or of a State against a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state, unless the claimant establishes his claim or right to relief by evidence satisfactory to the court. <u>A copy of any such default judgment shall be sent to the foreign state or political subdivision in the manner prescribed for service in this section</u>.

*Id.* § 1608(e) (emphases added).  The "manner prescribed for service" is detailed in Section 1608(a) for foreign states or political subdivisions and in Section 1608(b) for agencies or instrumentalities of a foreign state. *Chabad IV*, 798 F. Supp. 2d at 267–68.

This notice requirement is no mere technicality.  Rather, it is an "important procedural protection[] for foreign states and their instrumentalities built into the FSIA." *Haim v. Islamic Republic of Iran*, 902 F. Supp. 2d 71, 74 (D.D.C. 2012).  The notice portion was "designed [in part] to . . . preserve foreign property interests by insisting upon prompt notification of any entry of judgment that might put such interests at risk." *Murphy v. Islamic Republic of Iran*, 778 F. Supp. 2d 70, 72 (D.D.C. 2011).  In short, the requirement cannot be given short shrift.

When notice is mandated, service must be satisfied pursuant to the directives in Sections 1608(a) and Section 1608(b).  For service on foreign states or political subdivisions, a plaintiff must strictly comply with the four methods of service listed in Section 1608(a). *Chabad IV*, 798 F. Supp. 2d at 267.  Indeed, even "actual notice" is insufficient to bypass the requirement. *Barot v. Embassy of the Republic of Zambia*, 785 F.3d 26, 27 (D.C. Cir. 2015).  For agencies or instrumentalities, "[S]ection 1608(b) may be satisfied by technically faulty service that gives

16

adequate notice" and substantial compliance may be sufficient.  *Chabad IV*, 798 F. Supp. 2d at 268–69 (quoting *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 30 F.3d 148, 153 (D.C. Cir. 1994)).

Because Chabad seeks to rely on the sanctions judgments to attach and execute on property, Tenex-USA argues that defendants must receive the notice required for judgments by default. Tenex-USA's Opp'n 12–14.  Tenex-USA is correct only if (1) proper notice has not already been given by the 2010 default judgment; (2) the sanctions judgments are indeed entries of judgment; and (3) the judgments were "any such default judgment," meaning "judgment[s] by default."  After considering the text of the statute and the broader principles underlying notice in this context, the Court concludes that the notice requirement does apply and therefore the sanctions judgments must be served on defendants before attachment and execution premised on those judgments is ordered.

First, it is important to address why the previous notice for the 2010 default judgment, which was properly served, is not enough.  *See* Chabad's Reply to Tenex-USA 9; *Chabad IV*, 798 F. Supp. 2d at 270.  The answer is simple—defendants were served at that time with a judgment that said nothing about monetary sanctions, imposed no obligation on defendants to pay such sanctions, and granted Chabad no right to collect such sanctions.  *See* Order Granting Pl.'s Mot. for Entry of Default Judgment.  Indeed, when the Court first considered issuing sanctions in 2011, it noted that while "defendants ha[d] certainly received notice directing them to return the Library and Archive to plaintiff they ha[d] received no notice that failure to comply with that order may subject them to additional monetary penalties."  *Chabad IV*, 798 F. Supp. 2d at 273 (internal citation omitted).  It was a few years later that the Court adjudged and decreed that defendants were in civil contempt, ordered sanctions of $50,000 per day, and later still when the Court issued three interim judgments of accrued sanctions.  Sanctions Order; Interim Judgment; Second Interim

17

Judgment; Revised Interim Judgment.  And it is the sanctions judgments, not the 2010 default judgment, that Chabad seeks to enforce.  "A copy of any such default judgment" must be served under Section 1608(e) and therefore notice of the 2010 default judgment cannot also provide notice for the later judgments.

Second, the sanctions judgments are plainly judgments within the standard definition. Black's Law Dictionary defines judgment as "[a] court's final determination of the rights and obligations of the parties."  *Judgment*, Black's Law Dictionary (10th ed. 2014).  The Court did exactly that when it ordered and adjudged that Chabad may recover from defendants each sum certain.  The fact that Chabad seeks to act on those awards—representing final determinations of its right to monetary relief and defendants' corresponding final obligation to pay—makes the applicability of that definition even clearer.

Moreover, Chabad, when filing motions for interim sanctions judgments, and the Court, when granting them, understood the Court to have been entering judgment.  The first interim sanctions judgment stated that the "Motion for an Interim Judgment of Accrued Sanctions . . . is GRANTED" that "plaintiff requests the Court enter interim judgment in the amount of $43,700,000" and explained that "the Clerk of Court may, upon application of plaintiff, *enter an additional judgment* pursuant [to a schedule of amounts]."  Interim Judgment (emphasis added). The next interim judgment was titled "Order and Judgment" and it stated that "the Court hereby: ORDERS AND AJUDGES that plaintiff recover from defendants, jointly and severally, an additional $78,300,300."  Second Interim Judgment.  The latest interim judgment, from this year, was titled "Revised Interim Judgment" and stated that "the Court hereby . . . ORDERS AND ADJUDGES that Plaintiff recover from Defendants, jointly and severally, $178,800,000.00." Revised Interim Judgment.

18

This Court's understanding that entry of the accrued amount of sanctions against a defendant in the FSIA context is the entry of judgment comports with the actions of other courts, both inside and outside of this District. *See, e.g.*, *Sistem Muhendislik Insaat Sanayi Ve Ticaret, A.S. v. Kyrgyz Republic*, No. 12-cv-4502 (ALC), 2022 WL 5246422, at *1 (S.D.N.Y. Oct. 6, 2022) ("[Plaintiff] moved this court to enter a second interim judgment in the amount of total outstanding sanctions. . . . [T]he Court [will] grant [plaintiff's] motion and enter a second interim judgment against Defendant in the amount of $8,560,000."); *Micula v. Gov't of Romania*, No. 17-cv-02332 (APM), 2021 WL 5178852, at *3 (D.D.C. Nov. 8, 2021) ("The court will enter a judgment in the amount of $1,500,000, representing approximately 50% of the accrued sanctions."), *motion for relief from judgment denied,* 2022 WL 18356669 (D.D.C. Dec. 22, 2022).

Finally, each sanctions judgment is also a "judgment by default" and is accordingly "any such default judgment," therefore triggering the notice requirement. *See* 28 U.S.C. § 1608(e). That result flows from a plain reading of the statute and the overall principles of notice for default judgments under the FSIA.

First, the language "judgment by default" facially covers the sanctions judgments here. After all, defendants were undoubtably in default at the time of each judgment. The clerk's entry of default came in 2010 following the defendants' noisy withdrawal. *See* ECF No. 71-1; ECF No. 82. The order imposing monetary sanctions was after this entry. *Chabad IV*, 798 F. Supp. 2d at 274; *Sanctions Opinion*, 915 F. Supp. 2d at 149–51. And then each of the sanctions judgments were entered later, without the participation of defendants, who never reentered this lawsuit to defend themselves. Crucially, not every imposition of monetary contempt sanctions occurs without such participation. *See, e.g.*, *Micula v. Gov't of Romania*, No. 17-cv-02332 (APM), 2020 WL 6822695, at *5 (D.D.C. Nov. 20, 2020) (involving participation by Romania in contesting the

imposition of sanctions), *aff'd,* No. 20-7116, 2022 WL 2281645 (D.C. Cir. June 24, 2022).  But, in this novel situation, where sanctions judgments came after entry of default, and without participation or defense by defendants, those judgments are naturally "judgment[s] by default."

Second, the Court's plain reading is reinforced by the broader principles embedded in the notice requirement.  Preservation of foreign property interests and notice of any threats thereto are the core value at the heart of the postjudgment notice requirement.  *See Murphy*, 778 F. Supp. 2d at 72.  It is why a plaintiff is directed to serve the relevant judgment by default in compliance with the onerous requirements of foreign service and why courts are directed to wait until a reasonable period of time has elapsed before allowing attachment and execution based on such a judgment. *See id.*

The last time that defendants were given statutorily required notice of a judgment by default under Section 1610(c), they were directed to return the Library and the Archive.  Order Granting Pl.'s Mot. for Entry of Default Judgment; *see Chabad IV*, 798 F. Supp. 2d at 273.  Today, Chabad has the right to more than $178 million and defendants have a final corresponding obligation to pay that sanctions debt.  The 2010 default judgment "[gave] no notice that failure to comply with that order may subject them to additional monetary penalties."  *Id.*  The sanctions judgments threaten the absent defendants' property interests in a starkly different manner than the 2010 judgment ordering the return of the Library and the Archive.  The lack of notice as to those new final obligations reinforces this Court's conclusion that the FSIA's notice requirement applies.

Finally, Chabad's alternative contention that, even if notice is required, it was satisfied through regular mailing, is baseless.  *See* Chabad's Reply to Tenex-USA 10.  Chabad must strictly follow the requirements of Section 1608(a) for notice on a foreign state or political subdivision, and at least substantially comply with 1608(b) for Russian agencies or instrumentalities.  *Chabad*

*IV*, 798 F. Supp. 2d at 267–68.  Therefore, mailings sent by Chabad itself, as well as Tenex-USA's use of commercial mail service to send documents to Russia during the recent appeal to the D.C. Circuit, *see* ECF No. 254-2, were definitionally not in compliance with Section 1608(a).  For agencies or instrumentalities, Chabad would have to at least demonstrate substantial compliance with Section 1608(b) for the judgments that it seeks to rely on.  *Chabad IV*, 798 F. Supp. 2d at 268–69.  It has not presented such evidence.

Similarly, notice of the possibility of sanctions through the Court's original order to show cause served on defendants' former counsel, as well as evidence of actual notice on Russian representatives, cannot substitute for Chabad's notice obligations to serve the *judgments* in compliance with Section 1608.  *Id.* at 274; *Sanctions Opinion*, 915 F. Supp. 2d at 150–51; *Barot*, 785 F.3d at 27.

\*       \*       \*

In sum, because "judgment by default" naturally applies to these sanctions judgments, and given the broader principles embedded in the notice requirement, the Court concludes that the sanctions judgments must be served on defendants before attachment and execution can be ordered.  To conclude otherwise, allowing Chabad to rely on notice of a different judgment for a different kind of relief, would be to betray Section 1610(c)'s core premise.  And the Court will not undermine the "important procedural protection[] for foreign states and their instrumentalities" in such a manner.  *See Haim*, 902 F. Supp. 2d at 74.

The Court will therefore direct Chabad to serve each defendant in compliance with the manner prescribed for service in Section 1608.  *See Chabad IV*, 798 F. Supp. 2d at 267–68; *Murphy*, 778 F. Supp. 2d at 72.  After a reasonable period of time has elapsed—six weeks would be sufficient—Chabad may file its motion again.  *See Chabad IV*, 798 F. Supp. 2d at 270 (citing *Ned Chartering & Trading, Inc. v. Republic of Pak.*, 130 F. Supp. 2d 64, 67 (D.D.C. 2001)).

21

Indeed, Chabad suggests that a direction by this Court to provide defendants such notice can be done "without significant delay." Pl.'s Reply to Tenex-USA 11 n.3.

For now, then, the Court does not resolve whether Chabad has identified particular Russian property in the United States used for a commercial activity in the United States. And in the meantime, it is possible, however unlikely, that notice to defendants will spur a final reversal of Russia's shameful withholding of Chabad's treasured texts. It is feasible that Russia will now comply with this Court's decade-old order and Chabad will be reunited with what it has lost. If not, Russia's sanctions debt will keep accruing. And if Russia fails to act, Chabad will soon have the opportunity and authority to collect upon a renewed motion.

## IV.    CONCLUSION

For the above-stated reasons, Chabad's motion will be **DENIED WITHOUT PREJUDICE**. The Court will **DIRECT** Chabad to provide service on all defendants of the sanctions judgments. For purposes of completeness, the Court will also direct service of the sanctions order and accompanying opinion. A separate Order consistent with this Memorandum Opinion shall issue this date.

Signed on this _2ⁿᵈ_ day of February, 2023.


ROYCE C. LAMBERTH
UNITED STATES DISTRICT JUDGE

22