

901 New York Avenue, N.W.
Suite 900 East
Washington, DC  20001

Telephone (202) 783-6040
Facsimile   (202) 783-6031
www.rothwellfigg.com
info@rothwellfigg.com

Offices in Washington, D.C. | New York | Boston

G. Franklin Rothwell
(1928-2011)

E. Anthony Figg
George R. Repper
Steven Lieberman
Joseph A. Hynds
Martin M. Zoltick
R. Danny Huntington
Joo Mee Kim
Brian S. Rosenbloom
Robert P. Parker
Richard Wydeven
Sharon L. Davis
Sharon E. Crane, Ph.D.
Jenny L. Colgate
Leo M. Loughlin
Michael V. Battaglia
Jennifer P. Nock
Michael H. Jones
Rachel M. Echols
Daniel L. Shores
Brett A. Postal
Aydin H. Harston, Ph.D.

Jennifer B. Maisel
Jess M. Collen
Jeffrey A. Lindenbaum*
Monica Chin Kitts
Mark T. Rawls
Nicole M. DeAbrantes
Davide F. Schiavetti
D. Lawson Allen
Patrick Moon
Vivian Y. Tian
Kristen J. Logan
Malissa S. Magiera
Sheena X. Wang
Gary J. Prato*
C. Mathis Brazeal
Paul S. Macri
An Nguyen
James T. Pawlowski
Bryan B. Thompson*
Melissa C. Santos

*Not a member of the D.C.
Bar. Practice limited to patent,
trademark and copyright matters
and cases in federal courts.

Of Counsel
Harry F. Manbeck, Jr.
Jane F. Collen
James R. Hastings*
Mitchell E. Radin*

FILED VIA ECF

May 4, 2023

Office of the Clerk
Attn: Angela D. Caesar
United States District Court for the District of Columbia
333 Constitution Avenue, N.W.
Washington, DC 20001

> Re:  Request for Service of Process on Defendants Russian Federation et al. in *Agudas Chasidei Chabad of United States v. Russian Federation et al.*, Civil Action No. 05-1548-RCL (D.D.C.)

Dear Clerk of Court:

Enclosed please find documents and instructions relating to service of process on the Defendants Russian Federation et al., in *Agudas Chasidei Chabad of United States v. Russian  Federation et al.*, No. 05-cv-1548-RCL (D.D.C.).  On behalf of the Plaintiff in the above-referenced matter, we are writing to request that you take all necessary steps, pursuant to the U.S. Foreign Sovereign Immunities Act ("F.S.I.A."), 28 U.S.C. § 1608(a)(4), to effect service on Defendants Russian Federation, et al., via the Ministry of Foreign Affairs of the Russian Federation.

**Background**

In 2004, Plaintiff Agudas Chasidei Chabad of United States ("Chabad" or "Plaintiff") sued Defendants Russian Federation et al. ("Russian Federation" or "Defendants") for the return of religious materials ("the Library" and "the Archive") in the possession of the Russian Federation. The Defendants appeared and moved to dismiss the complaint, alleging that they were immune from suit.  Though Congress has established a general rule depriving courts of subject-matter jurisdiction over lawsuits against foreign states—an instruction located in the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1604 *et seq.*—the statute provides an exception to that presumption when property is taken in violation of international law.  *Id.* § 1605(a)(3).  This Court held that, pursuant to Section 1605(a)(3), the Court maintained subject-matter jurisdiction over claims related to the Archive, but not claims related to the Library.  *Agudas Chasidei Chabad of U.S. v. Russian Fed'n*, 466 F. Supp. 2d 6, 31 (D.D.C. 2006).  This ruling was appealed



Office of the Clerk
Attn: Angela D. Caesar
May 4, 2023
Page 2

and the D.C. Circuit affirmed in part, vacated in part, and reversed in part, concluding that, under Section 1605(a)(3), this Court had subject-matter jurisdiction over Chabad's claims related to both the Archive and the Library. *Agudas Chasidei Chabad of U.S. v. Russian Fed'n*, 528 F.3d 934, 939, 955 (D.C. Cir. 2008).

After the D.C. Circuit remanded the case, Defendants withdrew from further participation in this action. Dkt. No. 71-1. This Court subsequently entered default judgment against all Defendants. *Agudas Chasidei Chabad of U.S. v. Russian Fed'n*, 729 F. Supp. 2d 141, 148 (D.D.C. 2010). In 2011, after determining that Russia had received adequate notice of the Court's default judgment, and "that plaintiff ha[d] demonstrated defendants' non-compliance to a reasonable certainty," this Court instructed Defendants to show cause why they should not be held in civil contempt. *Agudas Chasidei Chabad of U.S. v. Russian Fed'n*, 798 F. Supp. 2d 260, 273 (D.D.C. 2011) (internal quotation marks omitted). The Court then directed Chabad to serve copies of its motion for sanctions and the order to show cause on Defendants via mail using the addresses Defendants' former counsel provided, and gave Defendants the same 60 days they are generally entitled in responding to service of papers initiating suit under the F.S.I.A. *Id.* at 273–74.

In 2013, after Defendants failed to respond, Chabad moved for civil monetary contempt sanctions against Defendants. *Agudas Chasidei Chabad of U.S. v. Russian Fed'n*, 915 F. Supp. 2d 148, 149–51 (D.D.C. 2013). This request came after numerous meetings at the Russian Embassy in Washington, DC, during which the parties were unable to reach a settlement. *Id.* at 150–51. After determining that civil monetary sanctions were both within the Court's authority and appropriate for the situation, the Court issued sanctions in the amount of $50,000 per day until Defendants comply with the Court's 2010 order to return the materials. *Id.* at 154–55; Order, Dkt. 115. The materials have yet to be returned.

Following the imposition of sanctions, this Court has issued three interim judgments of accrued sanctions. Interim Judgment, Dkt. 144; Order and Judgment, Dkt. 201; Revised Interim Judgment, Dkt. 263. Chabad also subpoenaed various entities, including VEB.RF and Tenex-USA, to discover Russian Federation property that might satisfy the accrued sanctions debt. Following that discovery, Chabad moved to attach and execute to satisfy the sanctions debt, or alternatively to assert and record judicial liens. *See* Dkt. 235, 236. After the motion was fully briefed, this Court denied without prejudice Chabad's motion because Defendants had not yet been provided sufficient notice of the monetary sanctions judgments that Chabad seeks to enforce. *See* Memorandum Opinion, Dkt. 268. This Court ordered Chabad to serve Defendants, in compliance with the manner prescribed for service in 28 U.S.C. § 1608, with the Court's Sanctions Order, Dkt. 115; the Court Memorandum Opinion on Contempt Sanctions, Dkt. 116; the Interim Judgment, Dkt. 144; the Order and Judgment, Dkt. 201; and the Revised Interim Judgment, Dkt. 263. *See* Order, Dkt. 267.


Office of the Clerk
Attn: Angela D. Caesar
May 4, 2023
Page 3

**Request for Assistance with Service**

As mentioned above, on February 27, 2023, Judge Royce C. Lamberth issued an Order (Dkt. 276) and Memorandum Opinion (Dkt. 268) in the above-captioned matter denying Chabad's motion to attach and execute to satisfy the sanctions debt, or alternatively to assert and record judicial liens, because Defendants had not yet been provided sufficient notice of the monetary sanctions judgments that Chabad seeks to enforce.  The Order directed Chabad to provide service of the aforementioned sanctions judgments, orders and opinions on all Defendants, in compliance with the manner prescribed for service in the Foreign Sovereign Immunities Act, 28 U.S.C. § 1608.

**There is no special arrangement between the parties in this case for service on the Russian Federation, so service under 28 U.S.C. § 1608(a)(1) is not an option.  Service under 28 U.S.C. §§ 1608(a)(2) and 1608(a)(3) is also not an option because Russian does not cooperate with the United States with respect to the Hague Service Convention, there is currently no mail/courier service to Russia, and Russia has formally objected to service by mail.  Therefore, the only option available to Chabad for service of papers on the Russian Federation, as directed by this Court, is under 28 U.S.C. § 1608(a)(4).  Accordingly, we hereby request your assistance with service on the Ministry of Foreign Affairs of the Russian Federation pursuant to 28 U.S.C. § 1608(a)(4).**

Under this section of the F.S.I.A., service shall be made "by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services - and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted." 28 U.S.C. § 1608(a)(4).

Enclosed in the envelope are a proposed letter from the U.S. District Court for the District of Columbia to the U.S. Department of State, a cashier's check made payable to the U.S. Embassy Moscow in the amount of $2,275.00 to cover the State Department fee, and two (2) sets of the following documents:

  - Notice of Suit with attached copy of the U.S. Foreign Sovereign Immunities Act - Russian
  - Notice of Suit with attached copy of the U.S. Foreign Sovereign Immunities Act - English
  - Sanctions Order – Jan. 16, 2013 (Dkt. 115) - Russian
  - Sanctions Order – Jan. 16, 2013 (Dkt. 115) - English
  - Order Granting Chabad's Motion for Sanctions - Jan. 16, 2013 (Dkt. 116) - Russian
  - Order Granting Chabad's Motion for Sanctions - Jan. 16, 2013 (Dkt. 116) - English
  - Order – Sept. 10, 2015 (Dkt. 144) - Russian
  - Order – Sept. 10, 2015 (Dkt. 144) - English

Case 1:05-cv-01548-RCL   Document 280   Filed 05/04/23   Page 4 of 6



Office of the Clerk
Attn: Angela D. Caesar
May 4, 2023
Page 4

- Order Granting Motion for Additional Interim Judgment of Accrued Sanctions - Dec. 20, 2019 (Dkt. 201) - Russian
- Order Granting Motion for Additional Interim Judgment of Accrued Sanctions - Dec. 20, 2019 (Dkt. 201) - English
- Revised Interim Judgment - Jan. 13, 2023 (Dkt. 263) - Russian
- Revised Interim Judgment - Jan. 13, 2023 (Dkt. 263) - English
- Order - Feb. 27, 2023 (Dkt. 267) - Russian
- Order - Feb. 27, 2023 (Dkt. 267) - English
- Memorandum Opinion - Feb. 27, 2023 (Dkt. 268) - Russian
- Memorandum Opinion - Feb. 27, 2023 (Dkt. 268) - English
- Translation Certification for Dkt. 115, 116, 144, 201 & 263
- Translation Certification for Dkt. 267 & 268
- Translation Certification for the Notice of Suit
- Translation Certification for the Foreign Sovereign Immunities Act

Please take the necessary steps to send the envelope containing these materials, pursuant to 28 U.S.C. § 1608(a)(4), by certified United States mail, return receipt requested, to:

> U.S. Department of State
> CA/OCS/L, SA-17, 10th Floor
> 2201 C Street, NW
> Washington, DC 20522-1710
> Attn: Director of Special Consular Services

If you have any questions or require additional information, please contact my colleague, Erik van Leeuwen, at (202) 626-3521.

Thank you for your assistance in this matter.

Sincerely yours,

*/s/ Robert P. Parker*
Robert P. Parker (D.C. Bar No. 404066)
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Phone: (202) 783-6040
Facsimile: (202) 783-6031
Email: rparker@rfem.com

*Counsel for Agudas Chasidei Chabad of United States*

Enclosures

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of May, 2023, a true and correct copy of the foregoing **PLAINTIFF'S AFFIDAVIT REQUESTING FOREIGN MAILING** was served by electronic mail on the following counsel of record:

Benjamin Thomas Takemoto
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Ben Franklin Station
Washington, DC 20044
Email: benjamin.takemoto@usdoj.gov

*Counsel for the United States of America*


Carolyn Beth Lamm
Nicolle E. Kownacki
WHITE & CASE LLP
701 Thirteenth Street, N.W., 11th Floor
Washington, DC 20005
Emails: clamm@whitecase.com
nkownacki@whitecase.com

*Counsel for Tenex-USA, Inc.*


David C. Tobin
TOBIN, O'CONNOR & EWING
5335 Wisconsin Avenue, N.W., Suite 700
Washington, DC 20015
Email: dctobin@tobinoconnor.com

Wesley W. Whitmyer , Jr.
WHITMYER IP GROUP LLC
600 Summer Street
Stamford, CT 06901
Email: litigation@whipgroup.com

*Counsel for State Development Bank VEB.RF*

1

I further certify that on this 4th day of May, 2023, a true and correct copy of the foregoing **PLAINTIFF'S AFFIDAVIT REQUESTING FOREIGN MAILING** was served by First-Class International Mail, through the U.S. Postal Service, on the following parties:

Ministry of Justice of the Russian Federation
Attn: Hon. Konstantin Chuychenko, Minister
14 Zhitnaya Street
GSP-1 Moscow, Russia 119991

Ministry of Culture of the Russian Federation
Attn: Hon. Olga Lyubimova, Minister
7/6, Bldg. 1,2, Malyy Gnezdnikovskiy Pereulok
Moscow, Russia 125009

Russian State Military Archive
Attn: Vladimir N. Kyzelenkov, General Director
29 Admirala Makarova Street
Moscow, Russia 125212

Russian State Library
Attn: Vadim Valerievich Duda, General Director
3/5, Vozdvizhenka Street, 2nd Entrance
Moscow, Russia 119019

*/s/ Erik van Leeuwen*
Erik van Leeuwen
Litigation Operations Coordinator
ROTHWELL, FIGG, ERNST & MANBECK, P.C.