

1835 Market Street, Suite 1717
Philadelphia, PA 19103
Tel: +1 (215) 569-8901
Fax: +1 (215) 569-8912
www.Marks-Sokolov.com

PHILADELPHIA | MOSCOW

BRUCE S. MARKS, ESQUIRE
LICENSED IN PENNSYLVANIA,
NEW JERSEY AND S.D. NEW YORK

E-MAIL ADDRESS: MARKS@MSLEGAL.COM

November 24, 2023

**VIA ECF**
The Honorable Royce C. Lamberth, U.S.D.J.
United States District Court
for the District of Columbia
333 Constitution Ave. NW
Washington, DC 20001

**Re:** *Agudas Chasidei Chabad of United States v. Russian Federation et al,* **(1:05-cv-1548-RCL)**

Dear Judge Lamberth:

    Our firm was recently engaged by the Russian Federation and Russian Ministry of Culture and Mass Communication (collectively, "RF") and is in the process of obtaining and familiarizing itself with the extensive case files. We note that the February 27, 2023 Opinion at p. 21 (ECF 268) provided six weeks for Chabad to refile its motion after service of the "Default Sanctions Judgments" pursuant to FSIA, §1610(c) and 1608(a)(4). As Your Honor has noted in other opinions, the six weeks period provides a time for the foreign sovereign to respond. Within the period provided by the Court, the RF now informs the Court of its intention to respond, as set forth below.

    *First*, putting the propriety of service aside, which is discussed below, the RF intends to file motions to vacate the Default Judgment (ECF 80) and Default Sanctions Judgments (ECF 144, 201, and 263) under Rules 60(b)(4), (5), and (6) based on, *inter alia,* lack of subject matter and personal jurisdiction, because only the "First Commercial Activity Requirement" of FSIA, §1605(a)(3) permits jurisdiction over a foreign sovereign, as held by five D.C. Circuit Court decisions.[1] Here, it is undisputed the "Library" and "Archive" are located in Moscow, not the United States.

    Tenex USA and VEB appealed the February 27, 2023 Decision (ECF 268) denying their challenge to subject matter jurisdiction. The Circuit Court denied Appellee Chabad's motion to dismiss the appeal without prejudice to raising it in merits briefing. *See* August 10, 2023 Order (23-7036). The opening briefs were filed on or about October 4, 2023, Chabad's response was filed on

---

[1] *See Simon v. Republic of Hungary*, 812 F.3d 127 (D.C. Cir. 2016), *abrogated on other grounds by Fed. Republic of Germany v. Philipp*, 141 S. Ct. 703 (2021); *De Csepel v. Republic of Hungary*, 859 F.3d 1094 (D.C. Cir. 2017); *Schubarth v. Fed. Republic of Germany*, 891 F.3d 392 (D.C. Cir. 2018); *Philipp v. Fed. Republic of Germany*, 894 F.3d 406 (D.C. Cir. 2018), *vacated and remanded on other grounds*, 141 S. Ct. 703 (2021); *Helmerich & Payne Int'l Drilling Co. v. Bolivarian Republic of Venez.*, 743 Fed. App'x 442 (D.D.C. 2018).



The Honorable Royce C. Lamberth
November 24, 2023
Page 2

November 15, 2023, and the replies are due on December 15, 2023.

    Given the appeals, the RF respectfully submits that this Court lacks jurisdiction to hear its anticipated Rule 60(b) motions until the appeal is resolved, because the identical subject matter jurisdiction issue would be before both courts. It is "unquestionably true that filing an appeal divests a district court of jurisdiction over issues related to "those aspects of the case on appeal[.]" *Azima v. Rak. Inv. Auth.,* 2018 U.S. Dist. LEXIS 225192, *5-6 (D.D.C. November 5, 2018) (*quoting Princz v. Fed. Repub. of Germany*, 998 F.2d 1, 1 (D.C. Cir. 1993)). In essentially identical circumstances in *Azima,* now-Justice Ketanji Brown Jackson held that "because the pending appeal involves the threshold issue of foreign sovereign immunity, [defendant's] appeal has divested this Court of jurisdiction over the *entire* case." *Id.* at *5 (italics in original, *citing Princz*, 998 F.2d at 1). "By its plain language, the FSIA immunizes foreign states 'from the jurisdiction of the courts of the United States.' 28 U.S.C. § 1604. And if a foreign state is immune from suit under the FSIA, then the district court does not have subject matter jurisdiction to hear the plaintiff's claims.…" *Id.* at *6.

    ***Second***, as set forth in the Return of Service (ECF 285), the U.S. Department of State claims it delivered the Default Sanctions Judgments through diplomatic channels to the RF's Embassy in Washington, D.C. on October 11, 2023 (it was actually delivered on October 12). On November 15, 2023, the RF objected and returned the service documents to the U.S. Department of State on the grounds that service on its embassy contravened the means by which the RF agreed to accept service, including under paragraph IV of the RF's Declaration on the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters of 1965, through diplomatic channels by *notes verbale* of diplomatic missions of foreign states accredited in the RF on the Russian Ministry of Foreign Affairs in Moscow. The RF's position is that applicable treaties and customary international law do not permit service on an embassy, and, rather service must be effected on the Ministry. This letter should not be construed as acknowledging proper service by the U.S. Department of State on the RF's Washington DC embassy.

    ***In conclusion,*** the RF intends to file the Rule 60(b) Motions within 30 days of resolution of the Tenex USA and VEB appeals, unless the Circuit Court's opinion moots the need. We are available at the Court's convenience to address any concerns the Court may have.

                                               Sincerely,
                                               /s/ Bruce S. Marks
                              For:    Marks & Sokolov, LLC

CC:  Chabad counsel (on Pacer)