**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AGUDAS CHASIDEI CHABAD OF UNITED STATES,<br><br>*Plaintiff,*<br><br>v.<br><br>RUSSIAN FEDERATION; RUSSIAN MINISTRY OF CULTURE AND MASS COMMUNICATION; RUSSIAN STATE LIBRARY; and RUSSIAN STATE MILITARY ARCHIVE,<br><br>*Defendants.* | Case No. 1:05-cv-01548-RCL |

**PLAINTIFF AGUDAS CHASIDEI CHABAD OF UNITED STATES' REPLY MEMORANDUM IN SUPPORT OF ITS RENEWED MOTION TO ATTACH VEB.RF'S PROPERTY OR, IN THE ALTERNATIVE, TO REGISTER JUDICIAL LIENS (ECF 294, 298)**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........ ii

ARGUMENT ........ 1

I. VEB HAS WAIVED THE RIGHT TO OPPOSE CHABAD'S RENEWED MOTION ........ 1

II. INSOFAR AS VEB ADDRESSES THE SUBSTANCE OF CHABAD'S RENEWED MOTION, ITS ARGUMENTS ARE UNFOUNDED ........ 2

CONCLUSION ........ 5

# TABLE OF AUTHORITIES

**CASES**

*Agudas Chasidei Chabad of United States v. Russian Federation*,
915 F. Supp. 2d 148 (D.D.C. 2013) .......... 3

*Cf. Colbert v. F.B.I.*,
275 F.R.D. 30 (D.D.C. 2011) .......... 1

*Cohen v. Bd. of Trustees of the Univ. of D.C.*,
819 F.3d 476 (D.C. Cir. 2016) .......... 1

*Republic of Argentina v. Weltover, Inc.*,
504 U.S. 607 (1992) .......... 4

**STATUTES**

28 U.S.C. § 1603(d) .......... 4

28 U.S.C. § 1610(a)(3) .......... 4

Plaintiff Agudas Chasidei Chabad of United States ("Chabad") respectfully submits this reply in further support of its renewed motion to attach assets of the Russian Federation's State Development Bank, VEB.RF ("VEB"). As explained in Chabad's renewed motion (ECF 294, 298) ("Ren. Mot.") and below, VEB is "a glorified piggy-bank for the Kremlin." Chabad's motion to attach VEB's assets in the United States should be granted.

**ARGUMENT**

**I. VEB HAS WAIVED THE RIGHT TO OPPOSE CHABAD'S RENEWED MOTION**

VEB styles its opposition to Chabad's motion as "Placeholder," and purports to reserve the "right to re-brief or supplement this submission following the issuance of the D.C. Circuit opinion[.]" ECF 300, 301 ("Opp'n") at cover page and p. 2. However, this Court's local civil rules provide that if a party fails to file a memorandum opposing the motion, "the Court may treat the motion as conceded." LCvR 7(b). The rule does not allow a party to file a "placeholder", with the expectation that it will file another brief at a later time. *Cf. Colbert v. F.B.I.*, 275 F.R.D. 30, 32 (D.D.C. 2011) ("Furthermore, although Plaintiff apparently indicated to Defendants that he would oppose consolidation in this case, *see* Mot. at 1, he has not done so to date. The Court therefore considers the motion to consolidate conceded. *See* D.D.C. LCvR 7(b)."); *see also Cohen v. Bd. of Trustees of the Univ. of the Dist.of Columbia*, 819 F.3d 476, 480 (D.C. Cir. 2016) ("[W]e have yet to deem a straightforward application of Local Rule 7(b) an abuse of discretion." (citation and internal quotation marks omitted)).

This result is warranted in this case for two reasons. *First*, as VEB notes, Chabad's renewed motion essentially tracks its previous motion in all material respects. VEB could have refiled its opposition to the original motion, with whatever updates, edits, or reservations it wanted. It chose not to do so. *Second*, VEB claims that it is waiting for the decision in its

pending D.C. Circuit appeal, but that appeal has been pending for about a year. During that time, VEB never asked for a stay, or made any other request to this Court regarding management of this case. As with its pending motion to hold these proceedings in abeyance, VEB is, in effect, trying to grant itself a stay until the D.C. Circuit rules.

In sum, VEB decided to file a "placeholder" brief with limited legal or factual arguments, and virtually no support for the arguments to which it alludes. In these circumstances, VEB has waived its right to oppose Chabad's motion, or at the very least, it has waived the right to oppose Chabad's motion with respect to any issue that VEB does not expressly challenge in its opposition.[1]

## II. INSOFAR AS VEB ADDRESSES THE SUBSTANCE OF CHABAD'S RENEWED MOTION, ITS ARGUMENTS ARE UNFOUNDED

VEB points out that Chabad's renewed motion raises four issues, paraphrased as follows:

1. The identification of specific property to be attached;
2. Whether ownership of the property is attributable to the Russian Federation;
3. Whether the property is located in the United States; and
4. Whether the property was taken in violation of international law.

Opp'n at 3. Chabad addressed each of these issues in its renewed motion. Ren. Mot. at 9-17.

To the extent VEB addresses any of these issues in its opposition, it focuses on the first – whether Chabad has identified specific property to be attached. *See, e.g.*, Opp'n at 3 ("Chabad has not identified property located in the U.S. for attachment"); *id.* at 4 (Chabad seeks "an open-ended license"); *id.* at 5 ("Tellingly, the Renewed Motion fails to identify any property for

[1] Chabad has not identified any publicly-available documents from the past year that would shed any additional light on VEB. The Kremlin's report of an August 30, 2023 meeting between President Putin and the Chairman of VEB indicates that VEB is no longer required to publish financial statements. *See* Second Declaration of Robert P. Parker, Ex. A. This may explain the lack of more recent information regarding VEB's activities.

attachment"); *id.* at 7 ("There is no property to attach."). Even with respect to this issue, VEB does not attempt to refute the documentary evidence on which Chabad relied. In fact, as VEB correctly concedes, its own declarant acknowledges that VEB has funds in bank accounts in the U.S. Opp'n at 7 (VEB "has limited funds in correspondent accounts to make payments to U.S. holders of debt instruments….") Chabad has sought to attach these accounts.[2]

With respect to the remaining issues, VEB is either silent, or its arguments are misplaced. Most importantly, VEB remains silent on the issue of whether VEB assets should be attributed to the Russian Federation – *i.e.*, whether this Court should pierce VEB's corporate veil. VEB refers to court decisions that purportedly "have confirmed that VEB is not the alter ego of the Russian Federation," Opp'n at 4, but it does not provide the names of those decisions, the courts that decided them, or when they were decided. VEB's opposition to Chabad's original motion (ECF 241, 242) also does not refer to cases involving VEB.

VEB also incorrectly states that the FSIA "does not provide for enforcement of civil contempt sanctions, much less enforcement against a third party like VEB." Opp'n at 3. VEB relies on this Court's sanctions decision in this case, *Agudas Chasidei Chabad of United States v. Russian Federation*, 915 F. Supp. 2d 148, 152 (D.D.C. 2013). In fact, VEB cites the very page of that decision where this Court discussed the fact that it *has* authority to impose contempt sanctions against the Russian Federation. *Id.* at 152 ("The [D.C. Circuit] squarely rejected the argument advanced by the United States in that case as Amicus Curiae that FSIA's carefully crafted execution scheme precluded these sanctions, finding not a smidgen of indication in the

[2] VEB says that the payments to bondholders do not belong to VEB, Opp'n at 7, but that is a different question from whether the funds in VEB's U.S. bank accounts belong to the Russian Federation. VEB does not deny that these are Russian Federation funds.

text [or legislative history] of the FSIA that Congress intended to limit a federal court's inherent contempt power.") (internal quotation marks and citation omitted).

Finally, VEB says that Chabad's arguments regarding VEB are inconsistent. VEB points to one statement in which Chabad refers to VEB as a commercial enterprise engaged in commercial activities, and another statement in which Chabad says that VEB is not a commercial enterprise. Opp'n at 4 & n.6 (citing Ren. Mot. at 10 and 22). VEB misleadingly elides an important part of Chabad's statement, misreads the points Chabad was making, and ignores the context in which the statements were made. In the first statement, Chabad was discussing whether VEB is engaged in a "commercial activity" as the FSIA requires. 28 U.S.C. § 1610(a)(3). As Chabad explained, based on the statutory definition, 28 U.S.C. § 1603(d), and the Supreme Court's decision in *Republic of Argentina v. Weltover, Inc.*, 504 U.S. 607, 614 (1992), . Ren. Mot. at 11. The answer to that question is yes—a point that VEB does not dispute. In the second reference, Chabad addressed whether this Court should pierce the corporate veil and find VEB to be an alter ego or agent of the Russian Federation. In that context, Chabad stated:

> In sum, VEB is not a commercial enterprise that is operated for commercial purposes, but happens to be owned by the Russian government. VEB operates as an integral part of the Russian government's financial operation, subject to direct control and oversight of the most senior Russian government officials. VEB is an agent of the State, barely distinguishable from an executive department of the government, and should not be treated as an independent juridical entity.

Ren. Mot. at 23 (internal quotation marks and citation omitted). In other words, Chabad was explaining that VEB, although a commercial enterprise engaged in commercial activity for purposes of the FSIA, is a tool of the government of the Russian Federation—specifically, "a glorified piggy bank for the Kremlin". *See* Ren. Mot. at 17. As noted above, VEB does not even bother to address this point head-on in its opposition.

**CONCLUSION**

Given the minimal effort VEB put into its "placeholder" brief, VEB should be deemed to have waived its right to oppose Chabad's motion. If the Court examines what little argument VEB put forward, the Court should find that VEB's arguments have no merit. Either way, Chabad's renewed motion should be granted as against VEB.

Respectfully submitted,

Dated: March 11, 2024

By: */s/ Robert P. Parker*

Robert P. Parker (D.C. Bar No. 404066)
Steven Lieberman (D.C. Bar No. 439783)
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Phone: (202) 783-6040
Facsimile: (202) 783-6031
E-mails: rparker@rfem.com
slieberman@rfem.com

*Counsel for Agudas Chasidei Chabad of United States*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of March, 2024, a true and correct copy of the foregoing PLAINTIFF AGUDAS CHASIDEI CHABAD OF UNITED STATES' REPLY MEMORANDUM IN SUPPORT OF ITS RENEWED MOTION TO ATTACH VEB.RF'S PROPERTY OR, IN THE ALTERNATIVE, TO REGISTER JUDICIAL LIENS (ECF 294, 298) was served by electronic mail on the following counsel of record:

Bruce Samuel Marks
Thomas C. Sullivan
Maria Grechishkina
MARKS & SOKOLOV, LLC
1835 Market Street, Suite 1717
Philadelphia, PA 19103
Emails: marks@mslegal.com
tsullivan@mslegal.com
mgrechishkina@mslegal.com

*Counsel for Defendants Russian Federation, Russian Ministry of Culture and Mass Communication, Russian State Library, and Russian State Military Archive*

Benjamin Thomas Takemoto
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Ben Franklin Station
Washington, DC 20044
Email: benjamin.takemoto@usdoj.gov

*Counsel for the United States of America*

Carolyn Beth Lamm
Nicolle E. Kownacki
WHITE & CASE LLP
701 Thirteenth Street, N.W., 11th Floor
Washington, DC 20005
Emails: clamm@whitecase.com
nkownacki@whitecase.com

*Counsel for Tenex-USA, Inc.*

David C. Tobin
TOBIN, O'CONNOR & EWING
5335 Wisconsin Avenue, N.W., Suite 400
Washington, DC 20015
Email: dctobin@tobinoconnor.com

Wesley W. Whitmyer , Jr.
WHITMYER IP GROUP LLC
600 Summer Street
Stamford, CT 06901
Email: litigation@whipgroup.com

*Counsel for State Development Bank VEB.RF*

*/s/ Erik van Leeuwen*
Erik van Leeuwen
ROTHWELL, FIGG, ERNST & MANBECK, P.C.